Steven N. Kurtz, Esq. [SBN 125972]
Scott H. Siegel, Esq. [SBN 101356]
Casey Z. Donoyan, Esq. [SBN 224945]
**LEVINSON ARSHONSKY KURTZ & KOMSKY, LLP**
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403
Telephone: (818) 382-3434
Facsimile: (818) 382-3433
E-Mail: skurtz@lakklawyers.com
ssiegel@lakklawyers.com
cdonoyan@lakklawyers.com

Attorneys for Secured Creditor
Pre-Banc Business Credit, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>ERIC SCOTT CUNNINGHAM,<br><br>Debtor. | CASE NO: 8:21-bk-12194-SC<br><br>Chapter 7<br><br>**STIPULATION BETWEEN TRUSTEE AND PRE-BANC BUSINESS CREDIT, INC. TO RESOLVE DISPUTE OVER PRIORITY OF ESTATE PROPERTY** |

1

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE:**

David K. Gottlieb, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Eric Scott Cunningham (the "Debtor"), on the one hand, and Secured Creditor Pre-Banc Business Credit, Inc. ("Pre-Banc"), on the other hand, through their respective counsel, hereby enter into this stipulation (the "Stipulation") based on the following:

## RECITALS

A.    On September 8, 2021 (the "Petition Date") Eric Scott Cunningham (the "Debtor") commenced the above-captioned case by filing a Voluntary Petition under chapter 7 of the Bankruptcy Code (the "Case").

B.    Thereafter, the Trustee was appointed as the chapter 7 trustee for the Debtor's bankruptcy estate (the "Estate").

C.    The Trustee is informed that prior to the Petition Date, on May 14, 2019, Pre-Banc entered into an Accounts Financing, Loan and Security Agreement (the "AFLSA") with Products for Recovery Management Group, LLC dba Ocean View Coastline View Treatment Center, First Choice Detox and We Care (collectively "PRMG"), a limited liability company owned and operated by the Debtor.

D.    The Trustee is further informed that in exchange for Pre-Banc's agreement to advance funds and purchase accounts, PRMG granted Pre-Banc a general lien and security interest in certain collateral (the "Collateral"), and that Pre-Banc perfected its security interest in the Collateral by recording UCC-1 Financing Statement filed against PRMG with the California Secretary of State on April 27, 2018 as filing number 18-7646148358, that was continued on October 31, 2022.

E.    The Trustee is further informed that as further consideration to induce Pre-Banc to entering into the AFLSA, the Debtor executed and delivered a Continuing Guaranty dated May 14, 2019 (the "Guaranty"), whereby the Debtor guaranteed repayment of any loans or advances made to PRMG.

F.    The Trustee is further informed that PRMG had entered into a settlement agreement with an entity known as Turning Point Treatment Center, Inc. ("Turning Point") on or about April

1  27, 2020 to resolve disputes between them, which was later supplemented by another agreement to
2  address the balance still due under the original agreement, whereby Turning Point agreed to make
3  one payment of $50,000 to the Debtor within 21 days of executing said agreement (the "Settlement
4  Funds").

5      G.    On April 28, 2022, a payment of $50,000 was wired by Miramar Health, LLC to a
6  Chase bank account in the name of Cunningham Business Solutions, another entity owned and
7  operated by the Debtor. The wire transfer was described as "settlement payment TPLC."

8      H.    On June 25, 2022, the Debtor listed "Cunningham Business Solutions Corp (value in
9  loan due from Turning Point LLC)" as an asset in his amended Schedule A/B, with a value of
10  $49,429.00.

11      I.    Meanwhile, the Trustee is informed that PRMG defaulted on its obligations under the
12  AFLSA and despite demand on the Debtor, as guarantor of PRMG's obligations thereunder, the
13  Debtor failed and refused to honor his obligations under the Guaranty by failing to repay Pre-Banc
14  all sums of money then due and owing from PRMG.

15      J.    Consequently, on September 14, 2022, Pre-Banc filed a proof of claim [Claim No. 8]
16  in the Case in the amount of $694,048.37 (the "Pre-Banc POC"), which sum represents the balance
17  then due and owing from the Debtor to Pre-Banc on account of the Guaranty

18      K.    During a 2004 examination taken on February 15, 2023, the Debtor admitted and
19  acknowledged having received the Settlement Funds.

20      L.    The Trustee subsequently demanded that the Debtor turn over the Settlement Funds to
21  the Estate.

22      M.    On April 11, 2023, the Trustee filed his Motion of Chapter 7 Trustee for Order
23  Compelling Turnover of Personal Property, which Settlement Funds to the estate (the "Turnover
24  Motion") [Doc. No. 149].

25      N.    Prior to the hearing on the Turnover Motion, the Debtor agreed to turn over the
26  Settlement Funds by making monthly payments in the amount of $5,000 until the full balance was
27  turned over to the Trustee.

28      O.    The terms of the agreement between the Trustee and the Debtor regarding the

3199-014/1367509

Settlement Funds were documented in the Stipulation Regarding Chapter 7 Trustee's Motion for Order Compelling Turnover of Personal Property (the "Turnover Stipulation") [Doc. No. 151] and upon entry of an order approving the Turnover Stipulation, the Turnover Motion was taken off calendar.

P.   On April 26, 2023, the Court entered an Order Approving Stipulation Regarding Chapter 7 Trustee's Motion for Order Compelling Turnover of Personal Property (the "Turnover Order [Doc No. 153].

Q.   The Debtor complied with the terms of the Turnover Stipulation and the entire balance of the Settlement Funds was paid to the Estate. A dispute has arisen between the Trustee and Pre-Banc as to rights, title and interest in the Settlement Funds. Pre-Banc contends that the Settlement Funds constitute its Collateral pledged as security by PRMG in connection with the AFLSA and thus not an asset or property of the Estate (the "Dispute").

R.   Rather than engaging in protracted and costly litigation, the Trustee and Pre-Banc (hereinafter the "Parties") wish to resolve the Dispute by way of this herein Stipulation.

**STIPULATION**

**NOW, THEREFORE**, in consideration of the foregoing, the Parties stipulate as follows:

1. The Settlement Funds should be allocated amongst the Parties as follows:

    a.   $33,500 to Pre-Banc (the "Pre-Banc Payment"); and

    b.   $16,500 to the Estate.

2. Upon entry of an order approving the Stipulation by the Court, and upon expiration of any stay applicable to such order, the Trustee is authorized and directed to issue payment to Pre-Banc for the amount listed in Paragraph 1(a) above.

3. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original agreement when counterparts containing signatures of all of the Parties hereto, by and through their respective counsel, have been attached.

4. Electronically mailed signatures or facsimile signatures shall be deemed valid and enforceable as if they were the original signatures.

3199-014/1367509

Dated: July 29, 2025

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: */s/ Carmela T. Pagay*
RON BENDER
CARMELA T. PAGAY
Attorneys for Chapter 7 Trustee,
David K. Gottlieb

Dated: July 29, 2025

LEVINSON ARSHONSKY KURTZ & KOMSKY, LLP

By: */s/ Casey Z. Donoyan*
STEVEN N. KURTZ
SCOTT H. SIEGEL
CASEY Z. DONOYAN
Attorneys for Secured Creditor,
Pre-Banc Business Credit, Inc.

3199-014/1367509