1 | Bert Briones (SBN 237594)
2 | **RED HILL LAW GROUP**
15615 Alton Parkway, Suite 210
3 | Irvine, California 92618
Tel: (714) 733-4455
4 | Fax: (714) 733-4450
Email: bb@redhilllawgroup.com
5 |
6 | Attorneys for Debtor Eric Scott Cunningham
7 |
8 | **UNITED STATES BANKRUPTCY COURT**
9 | **CENTRAL DISTRICT OF CALIFORNIA (SANTA ANA)**
10 |

| In re: | Case No. 8:21-bk-12194-SC |
|---|---|
| ERIC SCOTT CUNNINGHAM, | Chapter 7 |
| Debtor. | **MOTION TO COMPEL THE CHAPTER 7 TRUSTEE TO ABANDON REAL PROPERTY LOCATED AT 417 SILICA LANE, OLDTOWN, IDAHO 83822** |
| | **Hearing:** Date: March 3, 2026 Time: 11:00 a.m. Ctrm: Zoom.Gov; 5C |

## I. INTRODUCTION

Debtor Eric Scott Cunningham ("Debtor") moves the Court to compel the Chapter 7 Trustee, David Gottlieb ("Trustee"), to abandon his real property located 417 Silica Lane, Oldtown, Idaho 83822 ("Idaho Property"). Debtor owns the Idaho Property 50-50 with co-owner Christine Thrun.

## II. FACTS[1]

Debtor filed a voluntary case under Chapter 7 on September 8, 2021. He identified the Idaho Property in his original Schedules and claimed it as his homestead in Schedule C. (Exhibit

---

[1] The Facts are based on the declaration of Eric Cunningham unless otherwise stated.

1.) Debtor and Ms. Thrun acquired the Idaho Property by warranty deed in 1998.  The Idaho Property is owned 50-50 by Debtor and Ms. Thrun, although they each claim that they are entitled to reimbursement of certain expenses from the proceeds of the sale before the proceeds are divided.

The Idaho Property has been professionally valued four times in the past six years.  In 2020, Debtor obtained a broker's price opinion at $300,000.  In 2025, the Idaho Property was valued by local Idaho real estate agent at $375,000 and $475,000.  (Exhibit 2.)  Based on the latest appraisal, Debtor's 50% ownership, and Debtor's $175,000 homestead exemption, in July 2025, Debtor and the Chapter 7 Trustee agreed to sell to Debtor the Estate's 50% interest in the Idaho Property for $10,000.  A copy of the unsigned agreement between the Chapter 7 Trustee and Debtor is attached as Exhibit 3.  The Chapter 7 Trustee was obligated under the terms of the settlement agreement to obtain court approval pursuant to Federal Rule of Bankruptcy Procedure 9019.  After months of delay and silence from the Chapter 7 Trustee, the trustee's attorney finally responded to Debtor's counsel that they had received another appraisal of the Idaho Property from the co-owner that valued it at $1.7 million.  (Declaration of Bert Briones, Ex. 4; *see also* Ex. 5, Letter from Co-Owner's counsel attaching over $1.7 million appraisal for two parcels included in the property.)  The Chapter 7 Trustee reneged on the settlement agreement with Debtor.  (*Id.*)

Understanding that a sale at $1.5 million, if realistic, was in the best interest of all parties involved, Debtor accepted return of the $10,000 that he had paid to purchase the Estate's interest in the Idaho Property and agreed that the trustee should attempt to sell.  On November 14, 2025, the Chapter 7 Trustee and Debtor entered an email agreement with the following terms:

-   The Idaho Property shall be listed for sale by the Chapter 7 Trustee;

-   The Chapter 7 Trustee will have until June 30, 2026 to obtain a buyer of the Idaho Property at a price of at least $1.5 million and must enter escrow by that date;

(Declaration of Martina A. Slocomb, Ex. 6.)

On December 18, 2025, Debtor's counsel inquired when the trustee planned to move to employ a real estate broker.  The Chapter 7 Trustee's counsel responded that she was in communications with the co-owner.  (*Id.*, Ex. 7.)

MOTION TO COMPEL ABANDONMENT

On January 13, 2026, Ms. Thrun's counsel emailed the trustee's counsel and asked for an update on the sale stating that his "client is very hopeful that the property can be listed for sale immediately." (Exhibit 8.)  The trustee's attorney promised a response by close of business the next day.  The trustee's attorney responded again the following day stating simply that the trustee was "agreeable to the broker" proposed by Ms. Thrun and would work with the broker to get a listing agreement.  After another inquiry by Debtor's counsel, the trustee's attorney promised to work an application to employ the broker "this week," which would have been the week of January 19 to 23.  (Exhibit 9.)  It is now February 3, 2026 and there is no application to employ the broker.

The Chapter 7 Trustee had more than two and a half months since the co-owners and trustee agreed to move forward with a sale to take any steps toward listing the Idaho Property but has not done so.  Debtor's case has been pending for more than *five years*.  He entered an agreement with the Chapter 7 Trustee in which the trustee committed to seek Court approval to sell the equity in the Idaho Property to him for $10,000 based on a licensed appraisal.  The trustee backed out of the agreement, and Debtor still agreed to cooperate to get the Idaho Property sold for the highest possible price.  The Trustee cannot continue to delay to the detriment of Debtor, the co-owner, and the creditors of the estate, all of whom are waiting for this case to be administered.

The Idaho Property is a unique piece of land with a small home on it located on a lake in rural Idaho.  There are no true comparable sales for valuing the Idaho Property as it is the only property of its size, type and location anywhere in the area.  Perhaps Ms. Thrun's valuation at $1.7 million is grossly exaggerated.  Perhaps the Idaho Property is worth $300,000 as the earlier appraisal declared.  What a buyer would pay is uncertain because the Chapter 7 Trustee has chosen to delay and do nothing.

## III.    LEGAL ANALYSIS

Pursuant to Section 554(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6007(b), a court may order a trustee to abandon property of the estate:

1

2

3

On request of a party in interest and after notice and a hearing, the court may

order the trustee to abandon any property of the estate that is burdensome to the

estate or that is of inconsequential value and benefit to the estate.

4

5

6

11 U.S.C. § 554(b); *see also* FRBP 6007(b) ("A party in interest may file and serve a motion

requiring the trustee . . . to abandon property of the estate."); *In re Rolland*, 317 B.R. 402 (Bankr.

C.D. Cal. 2004).

7

8

9

10

11

A Chapter 7 trustee has a "duty under section 704(1) 'to collect and reduce to money the

property of the estate' and to 'close [the] estate as expeditiously as is compatible with the best

interests of parties in interest.'" *In re Rolland*, at n.11 (citing 11 U.S.C. § 704(1)). "[A] motion

to compel an abandonment may be an appropriate remedy for debtors who believe they are being

prejudiced by a trustee's undue delay in administering estate assets." *Id.* (citing *Hyman v. Plotkin

(In re Hyman)*, 967 F.2d 1316, 1321 n. 11 (9th Cir.1992).

12

13

14

15

16

17

18

19

20

Based on the 2025 $395,000 appraisal conducted by a local qualified agent, the Idaho

Property is of no value or benefit to the bankruptcy estate and its creditors. The Vogel Appraisal

at $1.7 million was conducted by an appraiser outside the area. Nonetheless, because the Idaho

Property is unlike any other property in the area and a potential sale price is difficult to predict,

Debtor cooperated to give the Chapter 7 Trustee an opportunity to try to sell the Idaho Property

at the higher price point. Instead of diligently moving to employ a broker and list the Idaho

Property, the Chapter 7 Trustee delayed. Debtor, the co-owner, and creditors of this estate

deserve better—they are entitled to expeditious administration of the estate. Accordingly, the

Court should compel the Chapter 7 Trustee to abandon the Idaho Property.

21

22

23

24

25

In the alternative, if the Court believes that the $1.7 million has potential merit (which

Debtor disputes), Debtor requests that the Court enter an order setting June 30, 2026 as the

deadline for the Chapter 7 Trustee to close a sale. A June 30, 2026 deadline gives the Chapter 7

Trustee five months to test the market to see the true price buyers are willing to pay and close a

sale.

26

27

28

///

MOTION TO COMPEL ABANDONMENT

**IV.    CONCLUSION**

Debtor respectfully requests that the Court enter an order compelling abandonment of the Idaho Property.  In the alternative, Debtor requests a court order that the Chapter 7 trustee must close a sale of the Idaho Property at a price of $1.5 million on or before June 30, 2026 or it will be abandoned as of that date.

Dated: 2/9/2026_____-                    RED HILL LAW GROUP

                                                 /s/ *Martina A. Slocomb*
                                                 MARTINA A. SLOCOMB, attorneys for
                                                 Debtor Eric Cunningham

MOTION TO COMPEL ABANDONMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DECLARATION OF ERIC CUNNINGHAM

I, Eric Cunningham, declare:

1.    I am an individual over the age of 18 years.  I know the following facts to be true of my own personal knowledge unless otherwise stated.

2.    I filed a voluntary case under Chapter 7 on September 8, 2021.  I identified the Idaho Property in my original Schedules and claimed it as my homestead in Schedule C.  A true and correct copy of my Schedules is attached as Exhibit 1.

3.    Christine Thrun (my former girlfriend) and I acquired the Idaho Property by warranty deed in 1998.  The Idaho Property is owned 50-50 by Ms. Thrun and me, although we each claim that we are entitled to reimbursement of certain expenses from the proceeds of the sale before the proceeds are divided.  Ms. Thrun has had access to the Idaho Property since we purchased it, although she does not reside there and has not stayed there in many years.

4.    The Idaho Property has been professionally valued four times in the past 6 years.  In 2020, I obtained a BPO at $325,000.  In 2025, the Idaho Property was valued by a local Idaho real estate agent at $375,000 and then at $475,000.  The $475,000 valuation and explanation is attached as Exhibit 2

5.    Based on this appraisal, my 50% interest and my homestead exemption in my 50% interest, in July 2025, the Chapter 7 Trustee and I entered a agreement to sell me the Estate's 50% interest in the Idaho Property for $10,000.  A copy of the agreement between the Chapter 7 Trustee and me is attached as Exhibit 3.

6.    After months of delay and silence from the Chapter 7 Trustee, I am informed that the trustee's attorney finally responded to my counsel that the trustee had received another appraisal of the Idaho Property from the co-owner that valued it at $1.7 million.  The Chapter 7 Trustee reneged on the settlement agreement with me.

7.    Understanding that a sale at $1.5 million, if realistic, was in the best interest of all parties involved, I accepted return of the $10,000 that I had paid to purchase the Estate's 50% interest in the Idaho Property and agreed that the trustee should attempt to sell.  On November 14, 2025, the Chapter 7 Trustee and I (through my attorney) entered an email agreement with the

1  following terms: (1) The Idaho Property shall be listed for sale by the Chapter 7 Trustee;  (2) The

2  Chapter 7 Trustee will have until June 30, 2026 to obtain a buyer of the Idaho Property at a price

3  of at least $1.5 million and must enter escrow by that date;

4      8.    The Idaho Property is a unique piece of land with a small home on it located on a

5  lake in rural Idaho.  There are no true comparable sales for valuing the Idaho Property as it is the

6  only property of its size, type and location anywhere in the area.  I believe that Ms. Thrun's

7  valuation at $1.7 million is grossly exaggerated and the Idaho Property will not sell for such a

8  high price.  I believe that the Idaho Property is worth closer to $300,000 as the earlier appraisal

9  declared.  No one knows what a buyer would pay because the Chapter 7 Trustee has chosen to

10  delay and do nothing.

11      I declare under penalty of perjury under the laws of the United States of America that the

12  foregoing is true and correct.

13      Executed on February 9, 2026, at ___OLDTOWN___ , Idaho.

14

15                Eric Cunningham

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

MOTION TO COMPEL ABANDONMENT

Scanned with
CamScanner

**DECLARATION OF BERT BRIONES**

I, Bert Briones, declare:

1.    I am an individual over the age of 18 years. I know the following facts to be true of my own personal knowledge unless otherwise stated. I am one of the attorneys of Red Hill Law Group representing the Debtor in his Chapter 7 bankruptcy case.

2.    I negotiated the settlement agreement attached as Exhibit 3 on behalf of the Debtor. The Debtor and the Chapter 7 Trustee verbally agreed to its terms. The Chapter 7 Trustee was obligated under the terms of the settlement agreement to obtain court approval pursuant to Federal Rule of Bankruptcy Procedure 9019. After months of delay and silence from the Chapter 7 Trustee, the trustee's attorney, Carmela Pagay, finally responded to me that they had received another appraisal of the Idaho Property from the co-owner that valued it at $1.5 million. A true and correct copy of my email to Ms. Pagay in response is attached as Exhibit 4. A copy of the letter from the co-owner's counsel attaching the $1.7 million appraisal, which I received from Ms. Pagay, is attached as Exhibit 5.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 9, 2026, at Irvine, California.

Bert Briones

- 9 -

MOTION TO COMPEL ABANDONMENT

## DECLARATION OF MARTINA A. SLOCOMB

I, Martina A. Slocomb, declare:

1.      I am an individual over the age of 18 years.  I know the following facts to be true of my own personal knowledge unless otherwise stated.  I am one of the attorneys of Red Hill Law Group representing the Debtor in his Chapter 7 bankruptcy case.

2.      Attached as Exhibit 6 is a November 14, 2025 email agreement between the Chapter 7 Trustee's attorney and me on Eric Cunningham's behalf.

3.      On December 18, 2025, I emailed Carmela Pagay, the Chapter 7 Trustee's counsel, and inquired when the trustee planned to move to employ a real estate broker.  The Chapter 7 Trustee's counsel responded.  True and correct copies of the emails are attached as Exhibit 7.

4.      On January 13, 2026, Ms. Thrun's counsel emailed the trustee's counsel and asked for an update on the sale.  The trustee's attorney responded that she would work on a listing agreement.  A true and correct copy of these emails that I was copied on are attached as Exhibit 8.

5.      After another email inquiry by me, the trustee's attorney promised to work on an application to employ the broker "this week," which would have been the week of January 19 to 23.  A true and correct copy of this email is attached as Exhibit 9.  It is now February 9, 2026 and there is no application to employ the broker.


        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        Executed on February 9, 2026, at Littleton, Colorado.


                        /s/ *Martina A. Slocomb*
                        Martina A. Slocomb

MOTION TO COMPEL ABANDONMENT

EXHIBIT 1

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1. A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**Eric Scott Cunningham Case Number 92-03321,**
**Chapter 7 filed in California Southern Bankruptcy Court on 03/19/1992.**

2. (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

3. (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**Black Oak Group, LLC - 8:21-bk-12190-ES**
**Case type: bk Chapter: 11 Asset: Yes Vol: v Judge: Erithe A. Smith**
**Date filed: 09/07/2021**

**1001 South Mountvale Court, Anaheim California**

4. (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

**None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at **Irvine** , California.

Date: **September 20, 2021**

**Eric Scott Cunningham**
Signature of Debtor 1

_____
Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2018                    Page 1                    **F 1015-2.1.STMT.RELATED.CASES**

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric Scott Cunningham** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **8:21-bk-12194-MW** |
| (if known) | |

☐ Check if this is an
   amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:    Summarize Your Assets**

| | | **Your assets**<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B............................................ | $    3,175,000.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B................................. | $    475,261.00 |
| | 1c. Copy line 63, Total of all property on Schedule A/B......................................... | $    3,650,261.00 |

**Part 2:    Summarize Your Liabilities**

| | | **Your liabilities**<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $    2,230,931.00 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy  the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $    30,000.00 |
| | 3b. Copy  the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............................ | $    139,774.00 |
| | **Your total liabilities** | $    2,400,705.00 |

**Part 3:    Summarize Your Income and Expenses**

| | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*.............................. | $    4,521.66 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*....................................... | $    4,467.00 |

**Part 4:    Answer These Questions for Administrative and Statistical Records**

6.  **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7.  **What kind of debt do you have?**

   ☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ■ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum    Summary of Your Assets and Liabilities and Certain Statistical Information    page 1 of 2

Debtor 1    **Eric Scott Cunningham**                                    Case number *(if known)*    **8:21-bk-12194-MW**

8.    **From the** *Statement of Your Current Monthly Income:* Copy your total current monthly income from Official Form
      122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

                                                                                        $ _____

9.    **Copy the following special categories of claims from Part 4, line 6 of** *Schedule E/F:*

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ |
| 9d. Student loans. (Copy line 6f.) | $ _____ |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Fill in this information to identify your case and this filing: | |
|---|---|

| Debtor 1 | **Eric Scott Cunningham** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | 8:21-bk-12194-MW | | |

☐ Check if this is an
amended filing

## Official Form 106A/B
# Schedule A/B: Property

**12/15**

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

☑ Yes. Where is the property?

| | | |
|---|---|---|
| **1.1** | | |
| **1001 S. Mountvale Court** | **What is the property?** Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Street address, if available, or other description | ☑ Single-family home | |
| | ☐ Duplex or multi-unit building | |
| | ☐ Condominium or cooperative | |
| **Anaheim        CA        92808** | ☐ Manufactured or mobile home | **Current value of the entire property?**   **Current value of the portion you own?** |
| City        State        ZIP Code | ☐ Land | **$1,450,000.00**        **$1,450,000.00** |
| | ☐ Investment property | |
| | ☐ Timeshare | **Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.** |
| | ☐ Other | |
| **County** | **Who has an interest in the property?** Check one | |
| | ☐ Debtor 1 only | |
| | ☐ Debtor 2 only | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ **Check if this is community property** (see instructions) |
| | ☑ At least one of the debtors and another | |
| | **Other information you wish to add about this item, such as local property identification number:** | |
| | **August 23, 2021 appraisal report is the basis for scheduled value.** | |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Debtor 1    **Eric Scott Cunningham**                                                   Case number *(if known)*    **8:21-bk-12194-MW**

**If you own or have more than one, list here:**

1.2

**1005 S. Mountvale Court**
Street address, if available, or other description

**Anaheim Hills**    **CA**    **92808**
City                       State      ZIP Code

County

| What is the property? Check all that apply | |
| --- | --- |
| ■ | Single-family home |
| ☐ | Duplex or multi-unit building |
| ☐ | Condominium or cooperative |
| ☐ | Manufactured or mobile home |
| ☐ | Land |
| ☐ | Investment property |
| ☐ | Timeshare |
| ☐ | Other |

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Drive by BPO dated August 11, 2021 is the basis of scheduled value.**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
**$1,550,000.00**

**Current value of the portion you own?**
**$1,550,000.00**

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

☐ **Check if this is community property**
(see instructions)

---

**If you own or have more than one, list here:**

1.3

**417 Silica Lane**
Street address, if available, or other description

**Oldtown**    **ID**    **83822-0000**
City                State    ZIP Code

County

| What is the property? Check all that apply | |
| --- | --- |
| ■ | Single-family home |
| ☐ | Duplex or multi-unit building |
| ☐ | Condominium or cooperative |
| ☐ | Manufactured or mobile home |
| ☐ | Land |
| ☐ | Investment property |
| ☐ | Timeshare |
| ☐ | Other |

**Who has an interest in the property?** Check one
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

**Single Family Residence - last valuation BPO in early 2020 was $325,000 debtor reports minimal market activity.**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**
**$350,000.00**

**Current value of the portion you own?**
**$175,000.00**

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

☐ **Check if this is community property**
(see instructions)

---

2.  **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here..........................................................................=>**

| **$3,175,000.00** |

---

| **Part 2:** | **Describe Your Vehicles** |

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

---

Official Form 106A/B                              Schedule A/B: Property                                          page 2

| Debtor 1 | Eric Scott Cunningham | Case number *(if known)* | 8:21-bk-12194-MW |
|---|---|---|---|

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☑ Yes

---

**3.1** Make: **Harley Davidson**

Model: **Road King**

Year: **2005**

Approximate mileage: **40000**

Other information:

Vehicle:

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $4,500.00 | $4,500.00 |

---

**3.2** Make: **Toyota**

Model: **Tundra**

Year: **2015**

Approximate mileage: **120000**

Other information:

Vehicle:

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $15,000.00 | $15,000.00 |

---

**3.3** Make: **Subaru**

Model: **Forrester**

Year: **2019**

Approximate mileage: **30000**

Other information:

Vehicle:

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $25,000.00 | $25,000.00 |

---

**3.4** Make: **Dodge**

Model: **Viper**

Year: **1995**

Approximate mileage: **65000**

Other information:

Vehicle:

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $17,000.00 | $17,000.00 |

---

**3.5** Make: **Dodge**

Model: **Grand Caravan**

Year: **2009**

Approximate mileage: **85000**

Other information:

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☑ Check if this is community property
(see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $3,000.00 | $3,000.00 |

---

Debtor 1    **Eric Scott Cunningham**                                    Case number *(if known)*    **8:21-bk-12194-MW**

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ☑ No
   ☐ Yes

---

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
   pages you have attached for Part 2. Write that number here..........................................................=>    | $64,500.00 |

---

| **Part 3:** | Describe Your Personal and Household Items |
| --- | --- |

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
| --- | --- |

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ☑ Yes. Describe.....

   | Miscellaneous Household Goods and Furnishings No single item is valued at any greater than six hundred and fifty dollars. | $10,000.00 |
   | --- | --- |

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ☑ Yes. Describe.....

   | Electronics: TV's | $2,000.00 |
   | --- | --- |

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☐ No
   ☑ Yes. Describe.....

   | Miscellaneous Books and collectables No single item is valued at any greater than six hundred and fifty dollars. | $500.00 |
   | --- | --- |

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☑ No
   ☐ Yes. Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ☐ No
    ☑ Yes. Describe.....

    | Firearms: Rifle | $500.00 |
    | --- | --- |

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ☑ Yes. Describe.....

---

Official Form 106A/B                          Schedule A/B: Property                          page 4

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

| Debtor 1 | **Eric Scott Cunningham** | Case number *(if known)* | **8:21-bk-12194-MW** |
|---|---|---|---|

| Misc. wearing apparel for both work and casual<br>No single item is valued at any greater than six hundred and fifty dollars. | $1,250.00 |
|---|---|

**12. Jewelry**
 *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
 ☐ No
 ■ Yes.  Describe.....

| Jewelry: Wedding rings, earrings | $2,000.00 |
|---|---|

**13. Non-farm animals**
 *Examples:* Dogs, cats, birds, horses
 ☐ No
 ■ Yes.  Describe.....

| Animals: Dog (mixed breed) value NIL | $0.00 |
|---|---|

**14. Any other personal and household items you did not already list, including any health aids you did not list**
 ■ No
 ☐ Yes.  Give specific information.....

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ............................................................................

| $16,250.00 |
|---|

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
 *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
 ☐ No
 ■ Yes.............................................................................

| | Cash:<br>emergency | $500.00 |
|---|---|---|

**17. Deposits of money**
 *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
 ☐ No
 ■ Yes........................

| | | Institution name: | |
|---|---|---|---|
| 17.1. | Checking | Checking Account: Bank of America (Account ending in xxx4070) | $804.00 |
| 17.2. | | Checking Account: STCU | $2,500.00 |
| 17.3. | | Savings Account: california bank & trust | $8,000.00 |
| 17.4. | | Bank of America (Account ending in 8264) | $482.00 |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | Eric Scott Cunningham | Case number *(if known)* | 8:21-bk-12194-MW |
|---|---|---|---|

| | 17.5. | **Checking** | Bank of America (Account ending in 0724) | $2,654.00 |
|---|---|---|---|---|

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
- ■ No
- ☐ Yes.................. Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
- ■ No
- ☐ Yes. Give specific information about them...................
  Name of entity:                                          % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
- ■ No
- ☐ Yes. Give specific information about them
  Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
- ☐ No
- ■ Yes. List each account separately.

| Type of account: | Institution name: | |
|---|---|---|
| **Pension** | **TD Ameritrade - Pension Plan**<br>**(Listed for disclosure purposes only. Debtor contends that account is an ERISA qualified retirement plan and is not property of the bankruptcy estate. See Patterson v. Shumate.)** | $235,143.00 |
| | **Retirement: 401K** | $75,000.00 |

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
- ■ No
- ☐ Yes. ..................... Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
- ■ No
- ☐ Yes............. Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
- ■ No
- ☐ Yes............. Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
- ■ No
- ☐ Yes. Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
- ■ No
- ☐ Yes. Give specific information about them...

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1   Eric Scott Cunningham

Case number *(if known)*   **8:21-bk-12194-MW**

---

27.  **Licenses, franchises, and other general intangibles**
     *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
     ■ No
     ☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

28.  **Tax refunds owed to you**
     ■ No
     ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29.  **Family support**
     *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
     ■ No
     ☐ Yes. Give specific information......

30.  **Other amounts someone owes you**
     *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
                benefits; unpaid loans you made to someone else
     ☐ No
     ■ Yes.  Give specific information..

| Loan Due from Turning Point LLC To Cunningham Business Solutions | $49,428.00 |
|---|---|

31.  **Interests in insurance policies**
     *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
     ☐ No
     ■ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| **Insurance: Life Insurance** | | $20,000.00 |

32.  **Any interest in property that is due you from someone who has died**
     If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because
     someone has died.
     ■ No
     ☐ Yes.  Give specific information..

33.  **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
     *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
     ■ No
     ☐ Yes.  Describe each claim.........

34.  **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
     ■ No
     ☐ Yes.  Describe each claim.........

35.  **Any financial assets you did not already list**
     ■ No
     ☐ Yes.  Give specific information..

36.  **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
     for Part 4. Write that number here**...................................................................................................................

| $394,511.00 |
|---|

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Debtor 1    **Eric Scott Cunningham**    Case number *(if known)*    **8:21-bk-12194-MW**

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

37.  **Do you own or have any legal or equitable interest in any business-related property?**

☑ No. Go to Part 6.

☐ Yes.  Go to line 38.

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

46.  **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes.  Go to line 47.

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

53.  **Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☑ No

☐ Yes. Give specific information.........

54.  **Add the dollar value of all of your entries from Part 7. Write that number here  ....................................**  | **$0.00** |

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

55.  **Part 1: Total real estate, line 2** ........................................................................................................  | **$3,175,000.00** |

56.  **Part 2: Total vehicles, line 5**  | **$64,500.00** |

57.  **Part 3: Total personal and household items, line 15**  | **$16,250.00** |

58.  **Part 4: Total financial assets, line 36**  | **$394,511.00** |

59.  **Part 5: Total business-related property, line 45**  | **$0.00** |

60.  **Part 6: Total farm- and fishing-related property, line 52**  | **$0.00** |

61.  **Part 7: Total other property not listed, line 54**  +  | **$0.00** |

62.  **Total personal property.** Add lines 56 through 61...  | **$475,261.00** |  Copy personal property total  | **$475,261.00** |

63.  **Total of all property on Schedule A/B.** Add line 55 + line 62  | **$3,650,261.00** |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric Scott Cunningham** |
| | First Name / Middle Name / Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **8:21-bk-12194-MW** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt
**4/19**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **417 Silica Lane Oldtown, ID 83822 Single Family Residence - last valuation BPO in early 2020 was $325,000 debtor reports minimal market activity.**<br>Line from *Schedule A/B*: **1.3** | $175,000.00 | ☑ $175,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Idaho Code § 55-1003 |
| **Miscellaneous Household Goods and Furnishings**<br>**No single item is valued at any greater than six hundred and fifty dollars.**<br>Line from *Schedule A/B*: **6.1** | $10,000.00 | ☑ $10,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Idaho Code § 11-605(1)(a) |
| **Electronics: TV's**<br>Line from *Schedule A/B*: **7.1** | $2,000.00 | ☑ $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Idaho Code § 11-605(1)(a) |
| **Miscellaneous Books and collectables**<br>**No single item is valued at any greater than six hundred and fifty dollars.**<br>Line from *Schedule A/B*: **8.1** | $500.00 | ☑ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Idaho Code § 11-605(1)(b) |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | **Eric Scott Cunningham** | | Case number (if known) | 8:21-bk-12194-MW |
|---|---|---|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own <br> Copy the value from *Schedule A/B* | Amount of the exemption you claim <br> *Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| **Firearms: Rifle** <br> Line from *Schedule A/B*: **10.1** | $500.00 | ■ | $500.00 | Idaho Code § 11-605(8) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Misc. wearing apparel for both work and casual** <br> **No single item is valued at any greater than six hundred and fifty dollars.** <br> Line from *Schedule A/B*: **11.1** | $1,250.00 | ■ | $1,250.00 | Idaho Code § 11-605(1)(b) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Jewelry: Wedding rings, earrings** <br> Line from *Schedule A/B*: **12.1** | $2,000.00 | ■ | $2,000.00 | Idaho Code § 11-605(2) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Cash: emergency** <br> Line from *Schedule A/B*: **16.1** | $500.00 | ■ | $500.00 | Idaho Code § 11-605(10) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Checking: Checking Account: Bank of America (Account ending in xxx4070)** <br> Line from *Schedule A/B*: **17.1** | $804.00 | ■ | $804.00 | Idaho Code § 11-207 |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Checking Account: STCU** <br> Line from *Schedule A/B*: **17.2** | $2,500.00 | ■ | $2,500.00 | Idaho Code § 11-207 |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Savings Account: california bank & trust** <br> Line from *Schedule A/B*: **17.3** | $8,000.00 | ■ | $2,500.00 | Idaho Code § 11-605(10) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Savings Account: california bank & trust** <br> Line from *Schedule A/B*: **17.3** | $8,000.00 | ■ | $5,500.00 | Idaho Code § 11-207 |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Pension: TD Ameritrade - Pension Plan** <br> **(Listed for disclosure purposes only. Debtor contends that account is an ERISA qualified retirement plan and is not property of the bankruptcy estate. See Patterson v. Shumate.)** <br> Line from *Schedule A/B*: **21.1** | $235,143.00 | ■ | $235,143.00 | Idaho Code § 11-604A |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Insurance: Life Insurance** <br> Line from *Schedule A/B*: **31.1** | $20,000.00 | ■ | $20,000.00 | Idaho Code § 11-605(9) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | **Eric Scott Cunningham** | Case number (if known) | **8:21-bk-12194-MW** |
|---|---|---|---|

3.  **Are you claiming a homestead exemption of more than $170,350?**
    (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

    ☐    No

    ■    Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ■    No

    ☐    Yes

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric Scott Cunningham** |
| | First Name _____ Middle Name _____ Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name _____ Middle Name _____ Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | 8:21-bk-12194-MW |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106D
# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

| | Column A | Column B | Column C |
|---|---|---|---|
| **2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name. | **Amount of claim**<br>Do not deduct the value of collateral. | **Value of collateral that supports this claim** | **Unsecured portion**<br>If any |

| 2.1  **Carmax Auto Finance** | **Describe the property that secures the claim:** | $3,647.00 | $3,000.00 | $647.00 |
|---|---|---|---|---|
| Creditor's Name | **2009 Dodge Grand Caravan 85000 miles** | | | |

225 Chastain Meadows
Court
Kennesaw, GA 30144

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

| | **Opened 4/02/18 Last Active** | | |
|---|---|---|---|
| Date debt was incurred | **08/21** | Last 4 digits of account number | **3392** |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

| Debtor 1 | **Eric Scott Cunningham** | | | Case number *(if known)* | **8:21-bk-12194-MW** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

| 2.2 | **Fay Servicing Llc** | Describe the property that secures the claim: | $666,784.00 | $1,550,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**1005 S. Mountvale Court Anaheim Hills, CA 92808 Drive by BPO dated August 11, 2021 is the basis of scheduled value.**

**1601 Lbj Freeway Farmers Branch, TX 75234**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

| Date debt was incurred | **Opened 11/09  Last Active 08/21** | Last 4 digits of account number | **7270** |
|---|---|---|---|

---

| 2.3 | **Georgia Murphy** | Describe the property that secures the claim: | $235,000.00 | $1,550,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**1005 S. Mountvale Court Anaheim Hills, CA 92808 Drive by BPO dated August 11, 2021 is the basis of scheduled value.**

**2792 Gateway Road Carlsbad, CA 92009**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

| Date debt was incurred | **07/10/2018** | Last 4 digits of account number | **Cunningham** |
|---|---|---|---|

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Debtor 1    **Eric Scott Cunningham**

| First Name | Middle Name | Last Name |

Case number (if known)    **8:21-bk-12194-MW**

| 2.4 | **Malba Investments** | Describe the property that secures the claim: | $209,000.00 | $1,450,000.00 | $0.00 |

Creditor's Name

**1001 S. Mountvale Court Anaheim, CA 92808**
**August 23, 2021 appraisal report is the basis for scheduled value.**

**620 Vallombrosa**
**Pasadena, CA 91107**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

**Date debt was incurred**    **Last 4 digits of account number**    **9185**

| 2.5 | **Note Servicing Center** | Describe the property that secures the claim: | $709,500.00 | $1,450,000.00 | $0.00 |

Creditor's Name

**1001 S. Mountvale Court Anaheim, CA 92808**
**August 23, 2021 appraisal report is the basis for scheduled value.**

**3275 E Robertson Blvd # B**
**Chowchilla, CA 93610**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

**Date debt was incurred**    **Last 4 digits of account number**    **0705**

Official Form 106D    Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**    page 3 of 5

Debtor 1    **Eric Scott Cunningham**
　　　First Name　　　Middle Name　　　Last Name

Case number (if known)　　**8:21-bk-12194-MW**

| 2.6 | **Orange County Tax Collector** | | $32,000.00 | $1,450,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

**1001 S. Mountvale Court Anaheim, CA 92808
August 23, 2021 appraisal report is the basis for scheduled value.**

**PO BOX 1438
Santa Ana, CA 92702**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred  **04/10/2019**　　Last 4 digits of account number  **1001**

| 2.7 | **Pre-Banc Business Credit, Inc.** | | $350,000.00 | $1,550,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

**1005 S. Mountvale Court Anaheim Hills, CA 92808
Drive by BPO dated August 11, 2021 is the basis of scheduled value.**

**18818 Teller Ave #101
Irvine, CA 92612**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred  **05/15/2019**　　Last 4 digits of account number  **Cunningham**

| 2.8 | **Subaru Finance** | | $25,000.00 | $25,000.00 | $0.00 |

Creditor's Name

Describe the property that secures the claim:

**2019 Subaru Forrester 30000 miles Vehicle:**

**PO Box 78232
Phoenix, AZ 85062**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred  **08/1/2020**　　Last 4 digits of account number  **1700**

Official Form 106D    Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**    page 4 of 5

| Debtor 1 | **Eric Scott Cunningham** | | | Case number (if known) | **8:21-bk-12194-MW** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| Add the dollar value of your entries in Column A on this page. Write that number here: | | **$2,230,931.00** |
|---|---|---|
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | | **$2,230,931.00** |

**Part 2:**    **List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

[ ]    Name, Number, Street, City, State & Zip Code
**Galuppo Law**
**7792 Gateway Road, Suite 10**
**Carlsbad, CA 92009**

On which line in Part 1 did you enter the creditor?    **2.3**

Last 4 digits of account number ___

[ ]    Name, Number, Street, City, State & Zip Code
**PLM Loan Management Services, Inc.**
**5446 Thornwood Drive**
**2nd Floor**
**San Jose   95123**

On which line in Part 1 did you enter the creditor?    **2.4**

Last 4 digits of account number ___

[ ]    Name, Number, Street, City, State & Zip Code
**Scott H. Siegel**
**Levinson Arshonsky & Kurtz**
**15303 Ventura Blvd., Suite 1650**
**Sherman Oaks, CA 91403**

On which line in Part 1 did you enter the creditor?    **2.7**

Last 4 digits of account number ___

Official Form 106D       Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**       page 5 of 5

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric Scott Cunningham** |
| | First Name / Middle Name / Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name / Middle Name / Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **8:21-bk-12194-MW** |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims
12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

| Part 1: | List All of Your PRIORITY Unsecured Claims |
|---|---|

1. **Do any creditors have priority unsecured claims against you?**

    ☐ No. Go to Part 2.

    ☐ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

    (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|---|
| 2.1 | **Internal Revenue Service** | Last 4 digits of account number ___ ___ ___ ___ | **$30,000.00** | **$0.00** | **$30,000.00** |
| | Priority Creditor's Name | | | | |
| | **P.O. Box 7346** | When was the debt incurred?  06/10/2019 | | | |
| | **Philadelphia, PA 19101-7346** | | | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | | | |
| | **Who incurred the debt?** Check one. | | | | |
| | | ☐ Contingent | | | |
| | ■ Debtor 1 only | | | | |
| | ☐ Debtor 2 only | ☐ Unliquidated | | | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ Disputed | | | |
| | ☐ At least one of the debtors and another | **Type of PRIORITY unsecured claim:** | | | |
| | ☐ **Check if this claim is for a community debt** | ☐ Domestic support obligations | | | |
| | **Is the claim subject to offset?** | ■ Taxes and certain other debts you owe the government | | | |
| | ■ No | ☐ Claims for death or personal injury while you were intoxicated | | | |
| | ☐ Yes | ☐ Other. Specify _____ from audit | | | |

| Part 2: | List All of Your NONPRIORITY Unsecured Claims |
|---|---|

3. **Do any creditors have nonpriority unsecured claims against you?**

    ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

    ■ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim

| Debtor 1 | Eric Scott Cunningham | | Case number (if known) | 8:21-bk-12194-MW |
|---|---|---|---|---|

---

| 4.1 | **American Express** | Last 4 digits of account number | | $11,000.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

**PO BOX 981535**
**El Paso, TX 79998**

When was the debt incurred?    **Date Opened: 04/10/2015 Last Used: 12/15/2019**

Number Street City State Zip Code

**Who incurred the debt?** Check one.    As of the date you file, the claim is: Check all that apply

■ Debtor 1 only    ☐ Contingent

☐ Debtor 2 only    ☐ Unliquidated

☐ Debtor 1 and Debtor 2 only    ☐ Disputed

☐ At least one of the debtors and another    **Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**    ☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

**Is the claim subject to offset?**

■ No    ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes    ■ Other. Specify _____

---

| 4.2 | **Bank of America** | Last 4 digits of account number | 8608 | $6,313.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

**P.O. Box 982284**
**El Paso, TX 79998-2238**

When was the debt incurred?

Number Street City State Zip Code

**Who incurred the debt?** Check one.    As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only    ☐ Contingent

☐ Debtor 2 only    ☐ Unliquidated

☐ Debtor 1 and Debtor 2 only    ☐ Disputed

■ At least one of the debtors and another    **Type of NONPRIORITY unsecured claim:**

■ **Check if this claim is for a community debt**    ☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

**Is the claim subject to offset?**

■ No    ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes    ■ Other. Specify    **Credit card**

---

| 4.3 | **Bizfund.com** | Last 4 digits of account number | Eric | $25,000.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

**2371 McDonald**
**Brooklyn, NY 11223**

When was the debt incurred?    **10/17/2019**

Number Street City State Zip Code

**Who incurred the debt?** Check one.    As of the date you file, the claim is: Check all that apply

■ Debtor 1 only    ☐ Contingent

☐ Debtor 2 only    ☐ Unliquidated

☐ Debtor 1 and Debtor 2 only    ☐ Disputed

☐ At least one of the debtors and another    **Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**    ☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

**Is the claim subject to offset?**

■ No    ☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes    ■ Other. Specify    **borrowed for company operating expenses**

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Debtor 1    **Eric Scott Cunningham**                                                        Case number (if known)    **8:21-bk-12194-MW**

---

| 4.4 | **Bluevine** | Last 4 digits of account number | **Eric** | $36,000.00 |

Nonpriority Creditor's Name

**401 Warren St**
**Redwood City, CA 94063**

When was the debt incurred? **08/12/2019**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Contingent

■ Debtor 1 only

☐ Unliquidated

☐ Debtor 2 only

☐ Disputed

☐ Debtor 1 and Debtor 2 only

**Type of NONPRIORITY unsecured claim:**

☐ At least one of the debtors and another

☐ Student loans

☐ **Check if this claim is for a community debt**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

**Is the claim subject to offset?**

☐ Debts to pension or profit-sharing plans, and other similar debts

■ No

☐ Yes

■ Other. Specify    **Borrowed money to keep company afloat**

---

| 4.5 | **Chase Bank USA N.A.** | Last 4 digits of account number | **3355** | $2,623.00 |

Nonpriority Creditor's Name

**Bankruptcy Department**
**Po Box 15298**
**Wilmington, DE 19850**

When was the debt incurred?

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only

☐ Contingent

☐ Debtor 2 only

☐ Unliquidated

☐ Debtor 1 and Debtor 2 only

☐ Disputed

■ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

■ **Check if this claim is for a community debt**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify    **Credit card purchases**

---

| 4.6 | **Credit Management Lp** | Last 4 digits of account number | **8062** | $300.00 |

Nonpriority Creditor's Name

**6080 Tennyson Parkway**
**Plano, TX 75024**

When was the debt incurred?    **Opened 06/21  Last Active 10/19**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Contingent

☐ Debtor 2 only

☐ Unliquidated

☐ Debtor 1 and Debtor 2 only

☐ Disputed

☐ At least one of the debtors and another

**Type of NONPRIORITY unsecured claim:**

☐ **Check if this claim is for a community debt**

☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify    **Collection Attorney Cox Communications**

---

Debtor 1   **Eric Scott Cunningham**                                     Case number *(if known)*   **8:21-bk-12194-MW**

| 4.7 | **Fdcmgtinc** | Last 4 digits of account number | **2113** | $268.00 |

Nonpriority Creditor's Name

**14241 Ne Woodinville-Duvall Rd**
**Woodinville, WA 98072**

Number Street City State Zip Code

When was the debt incurred?   **Opened 5/13/19 Last Active 1/04/20**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

■ No
☐ Yes

■ Other. Specify   **Rental Agreement**

| 4.8 | **Morten & Fairchild, P.C.** | Last 4 digits of account number | | $15,000.00 |

Nonpriority Creditor's Name

**19200 Von Karman Ave**
**Ste 880**
**Irvine, CA 92612**

Number Street City State Zip Code

When was the debt incurred?

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

■ No
☐ Yes

■ Other. Specify   **Legal services**

| 4.9 | **Tek Collect** | Last 4 digits of account number | **1445** | $270.00 |

Nonpriority Creditor's Name

**Pob 1269**
**Columbus, OH 43216**

Number Street City State Zip Code

When was the debt incurred?   **Opened 8/23/21**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

■ No
☐ Yes

■ Other. Specify   **10 Moulton Niguel Water District**

Debtor 1    **Eric Scott Cunningham**                                            Case number (if known)    **8:21-bk-12194-MW**

| 4.10 | **Visa** | | Last 4 digits of account number | **1111** | | $8,000.00 |
|---|---|

Nonpriority Creditor's Name

**PO BOX 84930**
**Sioux Falls, SD 57118**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

**When was the debt incurred?**    **Date Opened: 06/10/2012 Last Used: 05/1/2021**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify _____

---

| 4.11 | **WCH Law Group** | | Last 4 digits of account number | | | $35,000.00 |
|---|---|

Nonpriority Creditor's Name

**625 The City Drive**
**Orange, CA 92868**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

**When was the debt incurred?**    **09/15/2019**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify    **Legal Services**

---

| **Part 3:** | **List Others to Be Notified About a Debt That You Already Listed** |
|---|---|

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**American Express Centurion Bank**
**4315 South 2700 West**
**Mail Code 02-01-66**
**Salt Lake City, UT 84184**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.1** of (Check one):    ☐ Part 1: Creditors with Priority Unsecured Claims
☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

Name and Address
**American Express Company**
**c/o CT Corporation System**
**330 N Brand Blvd, Suite 700**
**Glendale, CA 91203**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.1** of (Check one):    ☐ Part 1: Creditors with Priority Unsecured Claims
☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

Name and Address
**Biz Fund**
**762 N. Orange Street**
**Wilmington, DE 19801**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.3** of (Check one):    ☐ Part 1: Creditors with Priority Unsecured Claims
☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

Name and Address
**Commercial Collections of America**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.4** of (Check one):

| Debtor 1 | **Eric Scott Cunningham** | Case number (if known) | **8:21-bk-12194-MW** |

**2180 W. Grant Line Rd**
**Tracy, CA 95377**

☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ____ **4094**

---

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6. **Total the amounts of certain types of unsecured claims.** This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  |  |  |  | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 30,000.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 30,000.00 |

|  |  |  |  | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 139,774.00 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 139,774.00 |

---

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric Scott Cunningham** |
| | First Name · Middle Name · Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name · Middle Name · Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | 8:21-bk-12194-MW |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106G

## Schedule G: Executory Contracts and Unexpired Leases                              12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1 **La Plata Transitional Living LLC**<br>**22681 Oak Grove Unit 123**<br>**Aliso Viejo, CA 92656** | **Debtor is the lessor to a Commercial Lease agreement, dated May 3, 2021, on two real properties: 1001 and 1005 S. Mountvale Court, Anaheim CA 92808** |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric Scott Cunningham** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **8:21-bk-12194-MW** |
| (if known) | |

☐ Check if this is an
   amended filing

## Official Form 106H
## Schedule H: Your Codebtors                                        12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
■ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories include* Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

   ☐ No
   ■ Yes.

   In which community state or territory did you live?    __-NONE-__ . Fill in the name and current address of that person.

   _____
   Name of your spouse, former spouse, or legal equivalent
   Number, Street, City, State & Zip Code

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| Column 1: **Your codebtor** Name, Number, Street, City, State and ZIP Code | Column 2: **The creditor to whom you owe the debt** Check all schedules that apply: |
|---|---|
| 3.1  **Kathleen Ann Cunningham** PO Box 1205 Newport, WA 99156 last four of SSN 0483 (Non-Filing) | ■ Schedule D, line __2.4__ ☐ Schedule E/F, line _____ ☐ Schedule G _____ **Malba Investments** |
| 3.2  **Kathleen Ann Cunningham** last four of SSN 0483 (Non-Filing) | ■ Schedule D, line __2.5__ ☐ Schedule E/F, line _____ ☐ Schedule G _____ **Note Servicing Center** |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | **Eric Scott Cunningham** | Case number *(if known)* | **8:21-bk-12194-MW** |
|---|---|---|---|

| | **Additional Page to List More Codebtors** | |
|---|---|---|
| | Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt**<br>Check all schedules that apply: |

| 3.3 | **Kathleen Ann Cunningham**<br><br>**last four of SSN 0483 (Non-Filing)** | ■ Schedule D, line **2.7**<br>☐ Schedule E/F, line _____<br>☐ Schedule G _____<br>**Pre-Banc Business Credit, Inc.** |
|---|---|---|
| 3.4 | **Kathleen Ann Cunningham**<br><br>**last four of SSN 0483 (Non-Filing)** | ■ Schedule D, line **2.8**<br>☐ Schedule E/F, line _____<br>☐ Schedule G _____<br>**Subaru Finance** |
| 3.5 | **Kathleen Ann Cunningham**<br><br>**Non-filing spouse** | ☐ Schedule D, line _____<br>■ Schedule E/F, line **4.10**<br>☐ Schedule G _____<br>**Visa** |

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Eric Scott Cunningham** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | **8:21-bk-12194-MW** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income          12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:          Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| | Occupation | **Consultant/Realtor** | **Chef** |
| | Employer's name | | |
| | Employer's address | | |
| | How long employed there? | **6 yrs** | **0.3 yr.** |

### Part 2:          Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $          **0.00** | $          **2,838.33** |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$          **0.00** | +$          **0.00** |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $          **0.00** | $          **2,838.33** |

| Debtor 1 | **Eric Scott Cunningham** | Case number (*if known*) | **8:21-bk-12194-MW** |
|---|---|---|---|

|  |  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| **Copy line 4 here** | | 4. | $ 0.00 | $ 2,838.33 |

**5. List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | $ 710.67 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 0.00 |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. | **Insurance** | 5e. | $ 0.00 | $ 0.00 |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. | **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. | **Other deductions.** Specify: | 5h.+ | $ 0.00 | + $ 0.00 |
| **6.** | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 0.00 | $ 710.67 |
| **7.** | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 0.00 | $ 2,127.66 |

**8. List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 2,250.00 | $ 0.00 |
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. | **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify:  **VA Disability** | 8f. | $ 144.00 | $ 0.00 |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. | **Other monthly income.** Specify: | 8h.+ | $ 0.00 | + $ 0.00 |
| **9.** | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 2,394.00 | $ 0.00 |
| **10.** | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 2,394.00 + $ 2,127.66 = | $ 4,521.66 |

**11. State all other regular contributions to the expenses that you list in *Schedule J.***
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:                                                                                                            11. + $ 0.00

**12. Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies                                                           12.  $ 4,521.66

**Combined monthly income**

**13. Do you expect an increase or decrease within the year after you file this form?**
☑ No.
☐ Yes. Explain:

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Eric Scott Cunningham** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number (If known) | **8:21-bk-12194-MW** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses
**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1.    **Is this a joint case?**

☐ No. Go to line 2.

☐ Yes. **Does Debtor 2 live in a separate household?**

☐ No

☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.    **Do you have dependents?**    ■ No

Do not list Debtor 1 and Debtor 2.

☐ Yes. Fill out this information for each dependent..............

Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

3.    **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | **Your expenses** |
|---|---|---|

4.    **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $ _____ 0.00

**If not included in line 4:**

| | | | |
|---|---|---|---|
| 4a. | Real estate taxes | 4a. $ | 850.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 187.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 200.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ | 0.00 |

Official Form 106J    **Schedule J: Your Expenses**    page 1

Debtor 1    **Eric Scott Cunningham**                                  Case number *(if known)*    **8:21-bk-12194-MW**

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. | $ **110.00** |
| | 6b. | Water, sewer, garbage collection | 6b. | $ **0.00** |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ **100.00** |
| | 6d. | Other. Specify: **Propane** | 6d. | $ **125.00** |
| | | **Septic** | | $ **40.00** |
| 7. | **Food and housekeeping supplies** | | 7. | $ **900.00** |
| 8. | **Childcare and children's education costs** | | 8. | $ **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. | $ **200.00** |
| 10. | **Personal care products and services** | | 10. | $ **120.00** |
| 11. | **Medical and dental expenses** | | 11. | $ **100.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. | $ **500.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. | $ **0.00** |
| 14. | **Charitable contributions and religious donations** | | 14. | $ **50.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. | $ **0.00** |
| | 15b. | Health insurance | 15b. | $ **275.00** |
| | 15c. | Vehicle insurance | 15c. | $ **211.00** |
| | 15d. | Other insurance. Specify: | 15d. | $ **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. | $ **0.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. | $ **499.00** |
| | 17b. | Car payments for Vehicle 2 | 17b. | $ **0.00** |
| | 17c. | Other. Specify: | 17c. | $ **0.00** |
| | 17d. | Other. Specify: | 17d. | $ **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. | $ **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. | $ |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. | Mortgages on other property | 20a. | $ **0.00** |
| | 20b. | Real estate taxes | 20b. | $ **0.00** |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. | $ **0.00** |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. | $ **0.00** |
| | 20e. | Homeowner's association or condominium dues | 20e. | $ **0.00** |
| 21. | **Other:** Specify: | | 21. | +$ **0.00** |

| | | | |
|---|---|---|---|
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | $ | **4,467.00** |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | $ | **4,467.00** |

| | | | |
|---|---|---|---|
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ **4,521.66** |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ **4,467.00** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ **54.66** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes.    | Explain here: |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric Scott Cunningham** |
| | First Name       Middle Name       Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name       Middle Name       Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **8:21-bk-12194-MW** |
| (if known) | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Sign Below**

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes. Name of person _____ Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X _____    X _____
 **Eric Scott Cunningham**          Signature of Debtor 2
 Signature of Debtor 1

 Date  **September 20, 2021**       Date _____

Official Form 106Dec          **Declaration About an Individual Debtor's Schedules**

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Eric Scott Cunningham** |
| | First Name　　　　Middle Name　　　　Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name　　　　Middle Name　　　　Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | 8:21-bk-12194-MW |
| (if known) | |

☐ Check if this is an
amended filing

# Official Form 107
# Statement of Financial Affairs for Individuals Filing for Bankruptcy 4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Give Details About Your Marital Status and Where You Lived Before

**1.　What is your current marital status?**

　■ Married
　☐ Not married

**2.　During the last 3 years, have you lived anywhere other than where you live now?**

　☐ No
　■ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| **5 Spoon**<br>**Coto De Caza, CA 92679** | From-To:<br>**4/2019 - 4/2021** | ☐ Same as Debtor 1 | ☐ Same as Debtor 1<br>From-To: |
| **15 Sharon Lane**<br>**Coto De Caza, CA 92679** | From-To:<br>**4/2015 - 4/2019** | ☐ Same as Debtor 1 | ☐ Same as Debtor 1<br>From-To: |

**3.　Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

　☐ No
　■ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

## Part 2 Explain the Sources of Your Income

**4.　Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

　☐ No
　■ Yes. Fill in the details.

| Debtor 1 | | Debtor 2 | |
|---|---|---|---|
| Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com　　　Best Case Bankruptcy

Debtor 1    **Eric Scott Cunningham**    Case number *(if known)*    **8:21-bk-12194-MW**

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ☐ Wages, commissions, bonuses, tips<br><br>■ Operating a business | $63,337.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |
| | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | $0.00 | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | $40,000.00 |
| **For last calendar year:**<br>**(January 1 to December 31, 2020 )** | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | $0.00 | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | $66,150.00 |
| | ☐ Wages, commissions, bonuses, tips<br><br>■ Operating a business | $90,000.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |
| **For the calendar year before that:**<br>**(January 1 to December 31, 2019 )** | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | $581,199.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |
| | ☐ Wages, commissions, bonuses, tips<br><br>■ Operating a business | $0.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |
| | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | $68,500.00 | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | |

5.  **Did you receive any other income during this year or the two previous calendar years?**
    Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

    List each source and the gross income from each source separately. Do not include income that you listed in line 4.

    ☐ No
    ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | Rental Income | $60,000.00 | | |
| | Title 38 Military Veteran Disabilty | $1,153.00 | | |

Debtor 1    **Eric Scott Cunningham**                                    Case number *(if known)*    **8:21-bk-12194-MW**

|  | Debtor 1 Sources of income Describe below. | Gross income from each source (before deductions and exclusions) | Debtor 2 Sources of income Describe below. | Gross income (before deductions and exclusions) |
|---|---|---|---|---|
| **For last calendar year:** (January 1 to December 31, 2020 ) | Title 38 Military Veteran Disabilty | $1,692.00 | | |
| **For the calendar year before that:** (January 1 to December 31, 2019 ) | Title 38 Military Veteran Disabilty | $1,656.00 | | |

### Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy

6.    **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

■ No.    Neither Debtor 1 nor Debtor 2 has primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?

☐ No.    Go to line 7.

■ Yes    List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
* Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

☐ Yes.    **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐ No.    Go to line 7.

☐ Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| **Subaru Finance** PO Box 78232 Phoenix, AZ 85062 | **1st of month** | **$1,500.00** | **$25,000.00** | ☐ Mortgage ■ Car ☐ Credit Card ☐ Loan Repayment ☐ Suppliers or vendors ☐ Other___ |
| **American Express** PO BOX 981535 El Paso, TX 79998 | **15th of each month** | **$2,350.00** | **$11,000.00** | ☐ Mortgage ☐ Car ■ Credit Card ☐ Loan Repayment ☐ Suppliers or vendors ☐ Other___ |
| **Invictus** 1201 Puerta del Sol San Clemente, CA 92673 | **15th** | **$3,000.00** | **$11,000.00** | ☐ Mortgage ☐ Car ☐ Credit Card ■ Loan Repayment ☐ Suppliers or vendors ☐ Other___ |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Debtor 1    **Eric Scott Cunningham**                                    Case number *(if known)*    **8:21-bk-12194-MW**

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| **Bluevine**<br>**401 Warren St**<br>**Redwood City, CA 94063** | **20th of each month** | **$1,500.00** | **$36,000.00** | ☐ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| **Pre-Banc Business Credit**<br>**18818 Teller Ave**<br>**Irvine, CA 92612** | **15th of month (June, July, August)** | **$205,000.00** | **$350,000.00** | ■ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| **Georgia Murphy**<br>**2792 Gateway Road**<br>**Carlsbad, CA 92009** | **5th of each month** | **$1,500.00** | **$235,000.00** | ☐ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| **Bizfund.com**<br>**2371 McDonald Avenue**<br>**Brooklyn, NY 11223** | **06/30/2021** | **$35,000.00** | **$25,000.00** | ☐ Mortgage<br>☐ Car<br>☐ Credit Card<br>■ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
    *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

    ■ No
    ☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
    Include payments on debts guaranteed or cosigned by an insider.

    ■ No
    ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

| Debtor 1 | Eric Scott Cunningham | Case number *(if known)* | 8:21-bk-12194-MW |
|---|---|---|---|

---

| Part 4: | Identify Legal Actions, Repossessions, and Foreclosures |
|---|---|

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

   ■ No
   ☐ Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

   ■ No. Go to line 11.
   ☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**
   ☐ No
   ■ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| **bizfund**<br>**Broadway St**<br>**New York, NY 10001** | **250,000 loan**<br>Last 4 digits of account number:  __Eric__ | 06/30/2021 | $35,000.00 |

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**
   ■ No
   ☐ Yes

| Part 5: | List Certain Gifts and Contributions |
|---|---|

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**
   ■ No
   ☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**
   ■ No
   ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | **Eric Scott Cunningham** | Case number *(if known)* | **8:21-bk-12194-MW** |
|---|---|---|---|

---

| **Part 6:** | **List Certain Losses** |
|---|---|

**15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

| **Part 7:** | **List Certain Payments or Transfers** |
|---|---|

**16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| **Red Hill Law Group/Bert Briones**<br>**15615 Alton Parkway**<br>**Suite 210**<br>**Irvine, CA 92618**<br>**bb@redhilllawgroup.com** | **Attorney Fees** | **09/08/21** | **$1,000.00** |

**17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

**18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☐ No
■ Yes. Fill in the details.

| Person Who Received Transfer<br>Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| **Buyer**<br>**15 Sharon Lane**<br>**Coto De Caza, CA 92679**<br><br>**buyer/seller** | **Single Family Residence** | **Paid $187,000 to Prebanc\|Value: 1750000** | **07/18/2021** |

---

Debtor 1    **Eric Scott Cunningham**    Case number *(if known)*    **8:21-bk-12194-MW**

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:**    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

**Part 9:**    Identify Property You Hold or Control for Someone Else

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ No
☐ Yes. Fill in the details.

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

**Part 10:**    Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

Debtor 1   **Eric Scott Cunningham**

Case number *(if known)*   **8:21-bk-12194-MW**

24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

■ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

25. Have you notified any governmental unit of any release of hazardous material?

■ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

■ No
☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|
| | | | |

**Part 11:    Give Details About Your Business or Connections to Any Business**

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

■ An officer, director, or managing executive of a corporation

■ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies.  Go to Part 12.

■ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| **Cunningham Business Solutions Corp**<br>PO Box 1205<br>Newport, WA 99156 | **Consultant**<br><br>Jon M. Jackson, CPA | EIN:    471277098<br><br>From-To   2015 to present |

28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

■ No
☐ Yes. Fill in the details below.

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| | |

**Statement of Financial Affairs for Individuals Filing for Bankruptcy**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Debtor 1    **Eric Scott Cunningham**    Case number *(if known)*    **8:21-bk-12194-MW**

---

| **Part 12:** | **Sign Below** |
| --- | --- |

**I have read the answers on this** *Statement of Financial Affairs* **and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.**
**18 U.S.C. §§ 152, 1341, 1519, and 3571.**

_____    _____
**Eric Scott Cunningham**    **Signature of Debtor 2**
<mark>**Signature of Debtor 1**</mark>

Date    **September 20, 2021**    Date    _____

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* **(Official Form 107)?**
■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

| | |
|---|---|
| Debtor 1 | **Eric Scott Cunningham** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
| Case number | **8:21-bk-12194-MW** |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 108
## Statement of Intention for Individuals Filing Under Chapter 7          12/15

If you are an individual filing under chapter 7, you must fill out this form if:

■ creditors have claims secured by your property, or

■ you have leased personal property and the lease has not expired.

You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet. On the top of any additional pages, write your name and case number (if known).

<table>
<tr><td><strong>Part 1:</strong></td><td><strong>List Your Creditors Who Have Secured Claims</strong></td></tr>
</table>

1. **For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **Carmax Auto Finance**<br><br>Description of property securing debt: **2009 Dodge Grand Caravan 85000 miles** | ☐ Surrender the property.<br>■ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]:<br>_____ | ■ No<br><br>☐ Yes |
| Creditor's name: **Subaru Finance**<br><br>Description of property securing debt: **2019 Subaru Forrester 30000 miles Vehicle:** | ☐ Surrender the property.<br>■ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]:<br>_____ | ☐ No<br><br>■ Yes |

<table>
<tr><td><strong>Part 2:</strong></td><td><strong>List Your Unexpired Personal Property Leases</strong></td></tr>
</table>

For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|

Official Form 108          Statement of Intention for Individuals Filing Under Chapter 7          page 1

Debtor 1    **Eric Scott Cunningham**                                      Case number *(if known)*    **8:21-bk-12194-MW**

Lessor's name:                                                         ☐ No
Description of leased
Property:                                                              ☐ Yes

Lessor's name:                                                         ☐ No
Description of leased
Property:                                                              ☐ Yes

Lessor's name:                                                         ☐ No
Description of leased
Property:                                                              ☐ Yes

Lessor's name:                                                         ☐ No
Description of leased
Property:                                                              ☐ Yes

Lessor's name:                                                         ☐ No
Description of leased
Property:                                                              ☐ Yes

Lessor's name:                                                         ☐ No
Description of leased
Property:                                                              ☐ Yes

Lessor's name:                                                         ☐ No
Description of leased
Property:                                                              ☐ Yes

| Part 3: | **Sign Below** |

**Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.**

X _____     X _____
**Eric Scott Cunningham**                                             Signature of Debtor 2
Signature of Debtor 1

Date    **September 20, 2021**                                         Date _____

Official Form 108              **Statement of Intention for Individuals Filing Under Chapter 7**              page 2

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Fill in this information to identify your case: | | Check one box only as directed in this form and in Form 122A-1Supp: |
|---|---|---|
| Debtor 1 | **Eric Scott Cunningham** | ☐ 1. There is no presumption of abuse |
| Debtor 2 (Spouse, if filing) | | ■ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2). |
| United States Bankruptcy Court for the: | Central District of California | ☐ 3. The Means Test does not apply now because of qualified military service but it could apply later. |
| Case number (if known) | **8:21-bk-12194-MW** | ☐ Check if this is an amended filing |

## Official Form 122A - 1
## Chapter 7 Statement of Your Current Monthly Income
04/20

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

### Part 1:    Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married**. Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ■ **Married and your spouse is NOT filing with you.** You and your spouse are:

      ■ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

      ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C § 707(b)(7)(B).

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 0.00 | $ 5,265.83 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ 0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ 0.00 |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 9,722.83 | | | |
| Ordinary and necessary operating expenses | -$ 9,878.67 | | | |
| Net monthly income from a business, profession, or farm | $ 0.00 | Copy here -> $ 0.00 | $ 0.00 | |

6. **Net income from rental and other real property**

| | Debtor 1 | | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 10,000.00 | | | |
| Ordinary and necessary operating expenses | -$ 7,566.67 | | | |
| Net monthly income from rental or other real property | $ 2,433.33 | Copy here -> $ 2,433.33 | $ 0.00 | |

| 7. | **Interest, dividends, and royalties** | $ 0.00 | $ 0.00 |
|---|---|---|---|

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

| Debtor 1 | Eric Scott Cunningham | Case number *(if known)* | 8:21-bk-12194-MW |
|---|---|---|---|

|  |  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|

8. **Unemployment compensation** — $ 0.00 / $ 0.00

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

For you .......................... $ 0.00

For your spouse ............. $ 0.00

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title. — $ 0.00 / $ 0.00

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments made under the Federal law relating to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the coronavirus disease 2019 (COVID-19); payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below..

. — $ 0.00 / $ 0.00

— $ 0.00 / $ 0.00

Total amounts from separate pages, if any. + $ 0.00 / $ 0.00

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ 2,433.33 + $ 5,265.83 = $ 7,699.16

**Total current monthly income**

| **Part 2:** | **Determine Whether the Means Test Applies to You** |
|---|---|

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11 ................ Copy line 11 here=> $ 7,699.16

Multiply by 12 (the number of months in a year) **x 12**

12b. The result is your annual income for this part of the form — 12b. $ 92,389.92

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live. **ID**

Fill in the number of people in your household. **2**

Fill in the median family income for your state and size of household. — 13. $ 65,730.00

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

14a. ☐ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
Go to Part 3. Do NOT fill out or file Official Form 122A-2.

14b. ☑ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.*
Go to Part 3 and fill out Form 122A–2.

| **Part 3:** | **Sign Below** |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X _____
**Eric Scott Cunningham**

Official Form 122A-1      Chapter 7 Statement of Your Current Monthly Income      page 2

| Debtor 1 | **Eric Scott Cunningham** | Case number (*if known*) | **8:21-bk-12194-MW** |

Signature of Debtor 1

Date **September 21, 2021**
_____
MM / DD  / YYYY

If you checked line 14a, do NOT fill out or file Form 122A-2.

If you checked line 14b, fill out Form 122A-2 and file it with this form.

Fill in this information to identify your case:

Debtor 1 **Eric Scott Cunningham**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Central District of California

Case number **8:21-bk-12194-MW**
(if known)

Check the appropriate box as directed in lines 40 or 42:

According to the calculations required by this Statement:

■ 1. There is no presumption of abuse.

☐ 2. There is a presumption of abuse.

☐ Check if this is an amended filing

# Official Form 122A - 2
# Chapter 7 Means Test Calculation

04/19

To fill out this form, you will need your completed copy of *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form, Include the line number to which additional information applies. On the top any additional pages, write your name and case number (if known).

**Part 1:**     Determine Your Adjusted Income

1. **Copy your total current monthly income.** .................. Copy line 11 from Official Form 122A-1 here=>........  $     **7,699.16**

2. **Did you fill out Column B in Part 1 of Form 122A-1?**
   ☐ No.    Fill in $0 for the total on line 3.
   ■ Yes.   Is your spouse Filing with you?
       ■ No.       Go to line 3.
       ☐ Yes.      Fill in $0 for the total on line 3.

3. **Adjust your current monthly income by subtracting any part of your spouse's income not used to pay for the household expenses of you or your dependents.** Follow these steps:

   On line 11, Column B of Form 122A–1, was any amount of the income you reported for your spouse NOT regularly used for the household expenses of you or your dependents?

   ■ No.    Fill in 0 for the total on line 3.
   ☐ Yes.   Fill in the information below:

   | State each purpose for which the income was used<br>For example, the income is used to pay your spouse's tax debt or to support other than you or your dependents. | Fill in the amount you are subtracting from your spouse's income |
   |---|---|
   | _____ | $ _____ |
   | _____ | $ _____ |
   | _____ | $ _____ |
   | **Total.** | $    0.00 |

                        Copy total here=>...   - $    0.00

4. **Adjust your current monthly income.** Subtract line 3 from line 1.        $    **7,699.16**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com           Best Case Bankruptcy

| Debtor 1 | Eric Scott Cunningham | Case number (*if known*) | 8:21-bk-12194-MW |
|---|---|---|---|

| Part 2: | Calculate Your Deductions from Your Income |
|---|---|

**The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.**

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not deduct any amounts that you subtracted fro your spouse's income in line 3 and do not deduct any operating expenses that you subtracted from in income in lines 5 and 6 of form 122A-1.

If your expenses differ from month to month, enter the average expense.

Whenever this part of the from refers to *you*, it means both you and your spouse if Column B of Form 122A-1 is filled in.

5. **The number of people used in determining your deductions from income**

Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

> 2

| National Standards | You must use the IRS National Standards to answer the questions in lines 6-7. |
|---|---|

6. **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.    $ **1,292.00**

7. **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories--people who are under 65 and people who are 65 or older--because older people have a higher IRS allowance for health care costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

**People who are under 65 years of age**

| | | | | |
|---|---|---|---|---|
| 7a. | Out-of-pocket health care allowance per person | $ **68.00** | | |
| 7b. | Number of people who are under 65 | X **2** | | |
| 7c. | **Subtotal.** Multiply line 7a by line 7b. | $ **136.00** | Copy here=> | $ **136.00** |

**People who are 65 years of age or older**

| | | | | |
|---|---|---|---|---|
| 7d. | Out-of-pocket health care allowance per person | $ **142.00** | | |
| 7e. | Number of people who are 65 or older | X **0** | | |
| 7f. | **Subtotal.** Multiply line 7d by line 7e. | $ **0.00** | Copy here=> | +$ **0.00** |
| 7g. | **Total.** Add line 7c and line 7f. | $ **136.00** | Copy total here=> | $ **136.00** |

| Debtor 1 | **Eric Scott Cunningham** | Case number *(if known)* | **8:21-bk-12194-MW** |

| **Local Standards** | You must use the IRS Local Standards to answer the questions in lines 8-15. |

**Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:**

■ **Housing and utilities - Insurance and operating expenses**

■ **Housing and utilities - Mortgage or rent expenses**

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart.**

To find the chart, go online using the link specified in the separate instructions for this form.
This chart may also be available at the bankruptcy clerk's office.

8. **Housing and utilities - Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses. ........................................... $ **594.00**

9. **Housing and utilities - Mortgage or rent expenses:**

   9a. Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses..................................... $ **1,045.00**

   9b. Total average monthly payment for all mortgages and other debts secured by your home.

   To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of the creditor | Average monthly payment |
|---|---|
| **-NONE-** | $ |

|  | Total average monthly payment | $ | **0.00** | Copy here=> | -$ | **0.00** | Repeat this amount on line 33a. |

   9c. Net mortgage or rent expense.

   Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this amount is less than $0, enter $0. ........................ $ **1,045.00**  Copy here=> $ **1,045.00**

10. **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.** $ **0.00**

    Explain why:

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

    ☐ 0. Go to line 14.

    ☐ 1. Go to line 12.

    ■ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area. $ **684.00**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Debtor 1 | **Eric Scott Cunningham** | Case number (*if known*) | **8:21-bk-12194-MW** |
|---|---|---|---|

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

| Vehicle 1 | Describe Vehicle 1: | **2015 Toyota Tundra 120000 miles Vehicle:** |
|---|---|---|

13a. Ownership or leasing costs using IRS Local Standard.......................................... $     **0.00**

13b. Average monthly payment for all debts secured by Vehicle 1.

Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you filed for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| **-NONE-** | $ |

Total Average Monthly Payment    $   **0.00**    Copy here =>   -$   **0.00**    Repeat this amount on line 33b.

13c. Net Vehicle 1 ownership or lease expense
Subtract line 13b from line 13a. if this amount is less than $0, enter $0.     $   **0.00**    Copy net Vehicle 1 expense here => $   **0.00**

| Vehicle 2 | Describe Vehicle 2: | **2019 Subaru Forrester 30000 miles Vehicle:** |
|---|---|---|

13d. Ownership or leasing costs using IRS Local Standard.................................................. $     **0.00**

13e. Average monthly payment for all debts secured by Vehicle 2. Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| **Subaru Finance** | $   **499.00** |

Total Average Monthly Payment    $   **499.00**    Copy here =>   -$   **499.00**    Repeat this amount on line 33c.

13f. Net Vehicle 2 ownership or lease expense
Subtract line 13e from line 13d. if this amount is less than $0, enter $0. ....................... $   **0.00**    Copy net Vehicle 2 expense here => $   **0.00**

14. **Public transportation expense:** If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation.    $   **0.00**

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation.*    $   **0.00**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor 1    **Eric Scott Cunningham**    Case number (*if known*)    **8:21-bk-12194-MW**

| Other Necessary Expenses | In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories. |
|---|---|

16. **Taxes:** The total monthly amount that you will actually owe for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.

Do not include real estate, sales, or use taxes.    $ _____3,000.00_

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.

Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.    $ _____0.00_

18. **Life Insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance. Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.    $ _____83.00_

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.

Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.    $ _____0.00_

20. **Education:** The total monthly amount that you pay for education that is either required:
   ■ as a condition for your job, or
   ■ for your physically or mentally challenged dependent child if no public education is available for similar services.    $ _____0.00_

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.

Do not include payments for any elementary or secondary school education.    $ _____0.00_

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.

Payments for health insurance or health savings accounts should be listed only in line 25.    $ _____0.00_

23. **Optional telephone and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.

Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122A-1, or any amount you previously deducted.    +$ _____0.00_

24. **Add all of the expenses allowed under the IRS expense allowances.**
   Add lines 6 through 23.    $ _____6,834.00_

| Debtor 1 | Eric Scott Cunningham | Case number (*if known*) | 8:21-bk-12194-MW |
|---|---|---|---|

| **Additional Expense Deductions** | These are additional deductions allowed by the Means Test. |
|---|---|
| | *Note*: Do not include any expense allowances listed in lines 6-24. |

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

| Health insurance | $ | 0.00 | | |
|---|---|---|---|---|
| Disability insurance | $ | 0.00 | | |
| Health savings account | + $ | 0.00 | | |
| Total | $ | 0.00 | Copy total here=> | $ | 0.00 |

Do you actually spend this total amount?

☐ No. How much do you actually spend?

■ Yes    $ _____

26. **Continued contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C.§ 529A(b).

$ _____ 0.00

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.

By law, the court must keep the nature of these expenses confidential.

$ _____ 0.00

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.

If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs.

You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.

$ _____ 0.00

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $170.83* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.

You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

* Subject to adjustment on 4/01/22, and every 3 years after that for cases begun on or after the date of adjustment.

$ _____ 0.00

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.

To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

You must show that the additional amount claimed is reasonable and necessary.

$ _____ 0.00

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 26 U.S.C. § 170(c)(1)-(2).

+ $ _____ 0.00

32. **Add all of the additional expense deductions.**
Add lines 25 through 31.

$ _____ 0.00

| Debtor 1 | Eric Scott Cunningham | | Case number (*if known*) | **8:21-bk-12194-MW** |
|---|---|---|---|---|

---

**Deductions for Debt Payment**

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

   To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| | | | Average monthly payment |
|---|---|---|---|
| | **Mortgages on your home:** | | |
| 33a. | Copy line 9b here | => | $ 0.00 |
| | **Loans on your first two vehicles:** | | |
| 33b. | Copy line 13b here | => | $ 0.00 |
| 33c. | Copy line 13e here | => | $ 499.00 |

33d. List other secured debts:

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| **Fay Servicing Llc** | **1005 S. Mountvale Court Anaheim Hills, CA 92808 Drive by BPO dated August 11, 2021 is the basis of scheduled value.** | ☐ No ■ Yes | $ 5,256.96 |
| | | ☐ No ☐ Yes | $ |
| | | ☐ No ☐ Yes | +$ |

| | | | | | |
|---|---|---|---|---|---|
| 33e. | Total average monthly payment. Add lines 33a through 33d | | $ 5,755.96 | Copy total here=> | $ 5,755.96 |

34. **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

   ■ No.   Go to line 35.
   ☐ Yes.   State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
|---|---|---|---|---|
| -NONE- | | $ | ÷ 60 = | $ |
| | | Total $ 0.00 | Copy total here=> | $ 0.00 |

35. **Do you owe any priority claims such as a priority tax, child support, or alimony - that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

   ■ No.   Go to line 36.
   ☐ Yes.   Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

| | | | |
|---|---|---|---|
| Total amount of all past-due priority claims | $ 0.00 | ÷ 60 = | $ 0.00 |

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

| Debtor 1 | Eric Scott Cunningham | | Case number *(if known)* | 8:21-bk-12194-MW |
|---|---|---|---|---|

**36. Are you eligible to file a case under Chapter 13?** 11 U.S.C. § 109(e).
For more information, go online using the link for *Bankruptcy Basics* specified in the separate
instructions for this form. *Bankruptcy Basics* may also be available at the bankruptcy clerk's office.

■ No.    Go to line 37.
☐ Yes.    Fill in the following information.

Projected monthly plan payment if you were filing under Chapter 13    $ _____

Current multiplier for your district as stated on the list issued by the
Administrative Office of the United States Courts (for districts in Alabama
and North Carolina) or by the Executive Office for United States Trustees
(for all other districts).    X _____

To find a list of district multipliers that includes your district, go online using
the link specified in the separate instructions for this form. This list may also
be available at the bankruptcy clerk's office.

Average monthly administrative expense if you were filing under Chapter 13    $ _____

Copy total
here=>  $ _____

**37. Add all of the deductions for debt payment.**
Add lines 33e through 36.

$    **5,755.96**

## Total Deductions from Income

**38. Add all of the allowed deductions.**

| | | |
|---|---|---|
| Copy line 24, *All of the expenses allowed under IRS expense allowances* | $ | **6,834.00** |
| Copy line 32, *All of the additional expense deductions* | $ | **0.00** |
| Copy line 37, *All of the deductions for debt payment* | +$ | **5,755.96** |

Total deductions    $    **12,589.96**    Copy total here...........=>    $    **12,589.96**

## Part 3:    Determine Whether There is a Presumption of Abuse

**39. Calculate monthly disposable income for 60 months**

| | | |
|---|---|---|
| 39a. Copy line 4, *adjusted current monthly income* | $ | **7,699.16** |
| 39b. Copy line 38, *Total deductions* | - $ | **12,589.96** |

39c. Monthly disposable income. 11 U.S.C. § 707(b)(2).
Subtract line 39b from line 39a.    $    **-4,890.80**    Copy here=>$    **-4,890.80**

For the next 60 months (5 years)    x 60

39d. **Total.** Multiply line 39c by 60    39d.    $    **-293,448.00**    Copy here=>    $    **-293,448.00**

**40. Find out whether there is a presumption of abuse.** Check the box that applies:

■ **The line 39d is less than $8,175\*.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.* Go to Part 5.

☐ **The line 39d is more than $13,650\*.** On the top of page 1 of this form, check box 2, *There is a presumption of abuse.* You may fill out Part 4 if you claim special circumstances. Go to Part 5.

☐ **The line 39d is at least $8,175\*, but not more than $13,650\*.** Go to line 41.

\*Subject to adjustment on 4/01/22, and every 3 years after that for cases filed on or after the date of adjustment.

Debtor 1    Eric Scott Cunningham    Case number (if known)    8:21-bk-12194-MW

41. 41a. **Fill in the amount of your total nonpriority unsecured debt.** If you filled out
*A Summary of Your Assets and Liabilities and Certain Statistical Information
Schedules* (Official Form 106Sum), you may refer to line 3b on that form.

$ _____

x    .25

41b. **25% or your total nonpriority unsecured debt.** 11 U.S.C. § 707(b)(2)(A)(i)(I)

Multiply line 41a by 0.25.................................................................

$ _____    Copy here=>    $ _____

42. **Determine whether the income you have left over after subtracting all allowed deductions is enough to pay
25% of your unsecured, nonpriority debt.**
Check the box that applies:

☐ **Line 39d is less than line 41b.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.*
Go to Part 5.

☐ **Line 39d is equal to or more than line 41b.** On the top of page 1 of this form, check box 2, *There is a
presumption of abuse.* You may fill out Part 4 if you claim special circumstances. Then go to Part 5.

| Part 4: | Give Details About Special Circumstances |
|---|---|

43. **Do you have any special circumstances that justify additional expenses or adjustments of current monthly income for which there is no
reasonable alternative?** 11 U.S.C. § 707(b)(2)(B).

■ No. Go to Part 5.

☐ Yes. Fill in the following information. All figures should reflect your average monthly expense or income adjustment for each
item. You may include expenses you listed in line 25.

You must give a detailed explanation of the special circumstances that make the expenses or income adjustments
necessary and reasonable. You must also give your case trustee documentation of your actual expenses or income
adjustments.

| Give a detailed explanation of the special circumstances | Average monthly expense or income adjustment |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

| Part 5: | Sign Below |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X _____

**Eric Scott Cunningham**
Signature of Debtor 1

Date **September 20, 2021**
MM / DD / YYYY

| Debtor 1 | **Eric Scott Cunningham** | | Case number (*if known*) | **8:21-bk-12194-MW** |

# Current Monthly Income Details for the Debtor

**Debtor Income Details:**

Income for the Period **03/01/2021** to **08/31/2021**.

**Line 5 - Income from operation of a business, profession, or farm**

Source of Income: **Cunningham Business Solutions**

Income/Expense/Net by Month:

| | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | **03/2021** | **$2,309.00** | **$5,253.00** | **$-2,944.00** |
| 5 Months Ago: | **04/2021** | **$8,266.00** | **$5,904.00** | **$2,362.00** |
| 4 Months Ago: | **05/2021** | **$2,995.00** | **$4,408.00** | **$-1,413.00** |
| 3 Months Ago: | **06/2021** | **$7,572.00** | **$2,076.00** | **$5,496.00** |
| 2 Months Ago: | **07/2021** | **$19,277.00** | **$23,664.00** | **$-4,387.00** |
| Last Month: | **08/2021** | **$17,918.00** | **$17,967.00** | **$-49.00** |
| | Average per month: | **$9,722.83** | **$9,878.67** | |
| | | | Average Monthly NET Income: | **$-155.83** |

**Line 6 - Rent and other real property income**

Source of Income: **1001-1005 Mountvale Ct, Anaheim**

Income/Expense/Net by Month:

| | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | **03/2021** | **$0.00** | **$8,400.00** | **$-8,400.00** |
| 5 Months Ago: | **04/2021** | **$0.00** | **$8,400.00** | **$-8,400.00** |
| 4 Months Ago: | **05/2021** | **$30,000.00** | **$3,400.00** | **$26,600.00** |
| 3 Months Ago: | **06/2021** | **$0.00** | **$8,400.00** | **$-8,400.00** |
| 2 Months Ago: | **07/2021** | **$15,000.00** | **$8,400.00** | **$6,600.00** |
| Last Month: | **08/2021** | **$15,000.00** | **$8,400.00** | **$6,600.00** |
| | Average per month: | **$10,000.00** | **$7,566.67** | |
| | | | Average Monthly NET Income: | **$2,433.33** |

**Non-CMI - VA Income**

Source of Income: **Disabity**

Income by Month:

| | Date | Income |
|---|---|---|
| 6 Months Ago: | **03/2021** | **$144.00** |
| 5 Months Ago: | **04/2021** | **$144.00** |
| 4 Months Ago: | **05/2021** | **$144.00** |
| 3 Months Ago: | **06/2021** | **$144.00** |
| 2 Months Ago: | **07/2021** | **$144.00** |
| Last Month: | **08/2021** | **$144.00** |
| | Average per month: | **$144.00** |

Debtor 1    **Eric Scott Cunningham**                                    Case number *(if known)*    **8:21-bk-12194-MW**

## Current Monthly Income Details for the Debtor's Spouse

**Spouse Income Details**:
Income for the Period **03/01/2021** to **08/31/2021**.

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **7 4 Main Public House**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **03/2021** | **$0.00** |
| 5 Months Ago: | **04/2021** | **$0.00** |
| 4 Months Ago: | **05/2021** | **$0.00** |
| 3 Months Ago: | **06/2021** | **$0.00** |
| 2 Months Ago: | **07/2021** | **$285.00** |
| Last Month: | **08/2021** | **$1,310.00** |
| | Average per month: | **$265.83** |

**Line 2 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **St Margarets School**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **03/2021** | **$5,000.00** |
| 5 Months Ago: | **04/2021** | **$5,000.00** |
| 4 Months Ago: | **05/2021** | **$5,000.00** |
| 3 Months Ago: | **06/2021** | **$5,000.00** |
| 2 Months Ago: | **07/2021** | **$5,000.00** |
| Last Month: | **08/2021** | **$5,000.00** |
| | Average per month: | **$5,000.00** |

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Bert Briones**<br>**15615 Alton Parkway**<br>**Suite 210**<br>**Irvine, CA 92618**<br>**714-733-4455 Fax: 714-733-4450**<br>California State Bar Number: **237594 CA**<br>bb@redhilllawgroup.com | |

☐ *Debtor(s) appearing without an attorney*

■ *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>**Eric Scott Cunningham** | CASE NO.: **8:21-bk-12194-MW**<br>CHAPTER: **7** |
|---|---|
| | **VERIFICATION OF MASTER<br>MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |
| Debtor(s). | |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __4__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: **September 20, 2021**

==Signature of Debtor 1==

Date: _____

Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: **September 20, 2021**

/s/ Bert Briones

Signature of Attorney for Debtor (if applicable)

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Eric Scott Cunningham
PO Box 1205
Newport, WA 99156


Bert Briones
Red Hill Law Group
15615 Alton Parkway
Suite 210
Irvine, CA 92618


American Express
PO BOX 981535
El Paso, TX 79998


American Express Centurion Bank
4315 South 2700 West
Mail Code 02-01-66
Salt Lake City, UT 84184


American Express Company
c/o CT Corporation System
330 N Brand Blvd, Suite 700
Glendale, CA 91203


Bank of America
P.O. Box 982284
El Paso, TX 79998-2238


Biz Fund
762 N. Orange Street
Wilmington, DE 19801


Bizfund.com
2371 McDonald
Brooklyn, NY 11223

Bluevine
401 Warren St
Redwood City, CA 94063


Carmax Auto Finance
225 Chastain Meadows Court
Kennesaw, GA 30144


Chase Bank USA N.A.
Bankruptcy Department
Po Box 15298
Wilmington, DE 19850


Commercial Collections of America
2180 W. Grant Line Rd
Tracy, CA 95377


Credit Management Lp
6080 Tennyson Parkway
Plano, TX 75024


Fay Servicing Llc
1601 Lbj Freeway
Farmers Branch, TX 75234


Fdcmgtinc
14241 Ne Woodinville-Duvall Rd
Woodinville, WA 98072


Galuppo Law
7792 Gateway Road, Suite 10
Carlsbad, CA 92009

Georgia Murphy
2792 Gateway Road
Carlsbad, CA 92009


Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346


Kathleen Ann Cunningham
PO Box 1205
Newport, WA 99156


La Plata Transitional Living LLC
22681 Oak Grove Unit 123
Aliso Viejo, CA 92656


Malba Investments
620 Vallombrosa
Pasadena, CA 91107


Morten & Fairchild, P.C.
19200 Von Karman Ave
Ste 880
Irvine, CA 92612


Note Servicing Center
3275 E Robertson Blvd # B
Chowchilla, CA 93610


Orange County Tax Collector
PO BOX 1438
Santa Ana, CA 92702

PLM Loan Management Services, Inc.
5446 Thornwood Drive
2nd Floor
San Jose 95123


Pre-Banc Business Credit, Inc.
18818 Teller Ave #101
Irvine, CA 92612


Scott H. Siegel
Levinson Arshonsky & Kurtz
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403


Subaru Finance
PO Box 78232
Phoenix, AZ 85062


Tek Collect
Pob 1269
Columbus, OH 43216


Visa
PO BOX 84930
Sioux Falls, SD 57118


WCH Law Group
625 The City Drive
Orange, CA 92868

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Bert Briones**<br>**15615 Alton Parkway**<br>**Suite 210**<br>**Irvine, CA 92618**<br>**714-733-4455 Fax: 714-733-4450**<br>**237594 CA**<br>**bb@redhilllawgroup.com** | |

☐ *Debtor(s) appearing without an attorney*
☑ *Attorney for Debtor(s)*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

**Eric Scott Cunningham**

CASE NO.: **8:21-bk-12194-MW**

CHAPTER: 7

### DECLARATION BY DEBTOR(S)
### AS TO WHETHER INCOME WAS RECEIVED
### FROM AN EMPLOYER WITHIN 60 DAYS OF
### THE PETITION DATE
[11 U.S.C. § 521(a)(1)(B)(iv)]

Debtor(s).

[No hearing Required]

Debtor(s) provides the following declaration(s) as to whether income was received from an employer within 60 days of the Debtor(s) filing this bankruptcy case (Petition Date), as required by 11 U.S.C. § 521(a)(1)(B)(iv):

Declaration of Debtor 1

1. ☑ I am Debtor 1 in this case, and I declare under penalty of perjury that the following information is true and correct:

**During the 60-day period before the Petition Date** (Check only ONE box below):

☐ **I was paid by an employer.** Attached are copies of all statements of earnings, pay stubs, or other proof of employment income I received from my employer during this 60-day period. (If the Debtor's social security number or bank account is on a pay stub or other proof of income, the Debtor must cross out (redact) the number(s) before filing this declaration.)

☑ **I was not paid by an employer** because I was either self-employed only, or not employed.

Date: September 21, 2021

**Eric Scott Cunningham**
Printed name of Debtor 1

Signature of Debtor 1

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 1    **F 1002-1.EMP.INCOME.DEC**

EXHIBIT 2

## Re: FW: 417 Silica Ln Oldtown Idaho

1 message

**Isaac Carey** <isaacmyidrealtor@gmail.com>                                    Thu, Jun 19, 2025 at 1:35 PM
To: Bill Friedman <bl_fried@earthlink.net>

Afternoon Bill, per your request I checked the county records and the 2 parcels associated with 417 Silica Ln Oldtown ID 83822 total 91.01 acres.
RP56N06W120600A, which has the home on it, is 60 acres and RP56N06W120600A is 31.01 acres according to the county records.

As for values, the market has been cooling off considerably and I foresee it to continue this cooling cycle unless something considerable changes.
This is no crash, just a correction from the strong sellers market we have seen over the last 3 years.

Given this cooling pattern, but also taking into note that this property is more protected from the market than most due to the waterfront, I believe it has lost $20,000 in value in the last three months and should now be listed at $375,000.

That being said, in its current state the additional 31.01 acre parcel adds little to no value to the main 60 acres due to topography, access and next to no timber value, but to the right buyer if marketed separately I believe we could still list the 60 acres and the home for $350,000 and the additional 31.01 acres separately for $125,000.
This would bring the total value, only if marketed correctly and in this way, to +/- $475,000 which would be completely unobtainable and absolutely unreasonable if marketed as one property with one listing.

P.S. I did see the airBnB listing claiming this property to be 125 acres. I believe they are adding the 35.25 acres of state land that includes the lake which is adjacent to this property into the advertised acreage as that would be a total of 126.26 acres. misleading advertising, but to a guest it wouldn't make much of a difference so I understand why they would advertise it as such.

- Isaac Carey
Cell: 208-661-1389
"Working to find your piece of God's country."
License #SP53544



On Thu, Jun 19, 2025 at 1:02 PM Bill Friedman <bl_fried@earthlink.net> wrote:

Isaac, here is your email.

Thank you,

Bill Friedman

213 200 2500

Exhibit 3

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made by and between Eric Scott Cunningham (the "Debtor") and David K. Gottlieb, the chapter 7 trustee for the Debtor's bankruptcy estate (the "Trustee").

1.     <u>RECITALS</u>: This Agreement is made with reference to the following facts:

    a.     On September 8, 2021 (the "Petition Date"), the Debtor filed a Voluntary Petition under chapter 7 of the Bankruptcy Code. The Trustee was then appointed as the chapter 7 trustee of the Debtor's bankruptcy estate.

    b.     The case is pending before the United States Bankruptcy Court for the Central District of California ("Court") and is titled <u>In re Eric Scott Cunningham</u>, Case No. 8:21-bk-12194-SC (the "Case").

    c.     The Debtor's amended Schedule A/B filed on June 25, 2022 listed in Part 1 the real property located at 417 Silica Lane, Oldtown, Idaho 83822 (the "Property"). The Property is co-owned by the Debtor and another non-debtor individual.

    d.     In lieu of a sale of the Property by the Trustee, the Debtor has offered to purchase the estate's 50% interest in the Property.

2.     <u>PAYMENT</u>:

    a.     Concurrently with the execution of this Agreement, which shall take place no later than July 7, 2025, the Debtor shall pay the sum of Ten Thousand Dollars (the "Settlement Amount") to the Trustee for all of the estate's right, title and interest in the Property.

    b.     The Settlement Amount shall be paid made by cashier's check issued to "David K. Gottlieb, Chapter 7 Trustee" and mailed to the following address:

David K. Gottlieb
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

3.     <u>APPROVAL BY THE COURT</u>: The effectiveness of this Agreement is subject to the Court's approval by entry of an order authorizing this Agreement. The Trustee shall file a motion for an order approving this Agreement with the Court. If the Court should deny the motion due to no fault of the parties herein, the Trustee shall return the Settlement Amount to the Debtor within 10 court days of such denial.

4.     <u>TRANSFER OF ESTATE'S INTEREST</u>: Upon receipt of the Settlement Amount, the Trustee shall deliver to the Debtor a quitclaim deed transferring the estate's right, title, and interest in the Property to him in recordable form. It will be the responsibility of the Debtor to pay for and record the quitclaim deed with the appropriate county recorder's office.

1

5.     WAIVER OF EXEMPTION RELATED TO PROPERTY OR SETTLEMENT AMOUNT:   In conjunction with this Agreement, the Debtor hereby expressly waives any claim of exemption in the Property or in the Settlement Amount and agrees to not assert any such claim of exemption at any time prior to the closing of the Case.

6.     REPRESENTATIONS AND WARRANTIES: Each of the parties to this Agreement represents, warrants, and agrees as to itself as follows:

   a.     No party (nor any officer, agent, employee, representative, or attorney of or for any party) has made any statement or representation to any other party regarding any fact relied upon in entering into this Agreement, and each party does not rely upon any statement, representation or promise of any other party (or of any officer, agent, employee, representative, or attorney for the other party), in executing this Agreement, or in making the settlement provided for herein, except as expressly stated in this Agreement.

   b.     Each party to this Agreement has made such investigation of facts pertaining to this settlement and this Agreement and of all the matters pertaining thereto as it deems necessary.

   c.     Each party has read this Agreement and understands the contents hereof.

   d.     Each party has not heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, and cause or causes of action disposed of by this Agreement.

   e.     The parties will execute all such further and additional documents as shall be reasonable, convenient, necessary or desirable to carry out the provisions of this Agreement, including any documents that may be required for a refinance of the Property.

7.     SETTLEMENT: This Agreement affects the settlement of claims which are denied and contested and nothing contained herein shall be construed as an admission by any party hereto of any liability of any kind to any other party.  Each of the parties hereto denies any liability in connection with any claim and intends merely to avoid litigation and buy its peace.

8.     MISCELLANEOUS

   a.     This Agreement shall be deemed to have been executed and delivered within the State of California, and the rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and governed by, the laws of the State of California.

   b.     This Agreement is the entire Agreement between the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions.  This Agreement may be amended only by an agreement in writing.

2

c.  Each party has cooperated in the drafting and preparation of this Agreement. Hence, in any construction to be made of this Agreement, the same shall not be construed against any party.

d.  Each party shall be responsible for, and may not seek reimbursement from its adverse party for, the costs, expenses, and attorneys' fees that it incurred in connection with the settlement and negotiation of this Agreement.

e.  The parties hereto agree that the United States Bankruptcy Court for the Central District of California shall have sole and exclusive jurisdiction, sitting without a jury, to hear and determine any disputes that arise under or on account of this Agreement.

f.  If any of the provisions of this Agreement are held by the court of competent jurisdiction to be invalid, void or otherwise unenforceable, the remaining provisions shall nonetheless continue in full force and effect without being impaired or invalidated in any way.

g.  In the event of litigation relating to this Agreement, the prevailing party shall be entitled to attorneys' fees. Should the Trustee be deemed the prevailing party, the Trustee may offset any awarded fees and costs against the Debtor's claimed exemption on the Property.

h.  This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart (including facsimile signatures) shall be deemed an original, and when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties.

This Agreement, consisting of 4 pages, is made and entered into on and as of July ___, 2025, in Los Angeles County, State of California.

_____
DAVID K. GOTTLIEB
Chapter 7 Trustee


_____
ERIC SCOTT CUNNINGHAM
Debtor

Exhibit 4

 Gmail

Martina Slocomb <martina@redhilllawgroup.com>

---

**Re: Cunningham - Idaho Property - motion to abandon**
1 message

**Attorney Bert Briones** <bb@redhilllawgroup.com>
To: Martina Slocomb <martina@redhilllawgroup.com>

Here is an email I sent to Carmela on September 19, 2025:

**Attorney Bert Briones** <bb@redhilllawgroup.com>
to Carmela

Ms. Pagay,

I have spoken to my client here is his position:

1. He will allow the trustee to  file the motion for court approval of the attached motion drafted by your office.  This is subject to a deadline of noon on September 25, 2025.

If this is not done he hereby demands return of the $10,000 he paid pursuant to the settlement agreement.  You may send the funds to Red Hill Law Group at the address below to be deposited
returned in a timely manner (mailed by September 30, 2025).

2. He has instructed me to proceed after September 25, 2025 with a motion to compel abandonment of the subject property or in the alternative to enforce the settlement.

3. He informs me that the valuations on the property this year were $375,000 and $395,000 with the most recent in May 2025. You should have this information as your chosen broker inspect
parties.

4. He maintains this agreement was fully executed pending court approval.

In short, the debtor remains committed to the agreement and expects the trustee to honor the agreement as well.  However, you must file the motion by September 25, 2025 at 12:00 pm, or th
court.

As for me, I must admit to being highly disappointed and shocked that a chapter 7 trustee would renege on a settlement agreement.  I have never experienced even the suggestion of such an
a motion to be filed, not for a renegotiation.

Thanking you in advance for your prompt attention to this matter.



--
Bert Briones
Legal Specialist in Bankruptcy Law
The State Bar of California
California Board of Legal Specialization
949-527-3555 Direct Office Phone
**Book an appointment here:** Appointment Scheduler

---

**2 attachments**

 **Settlement Agreement re Idaho RP (1).doc**
44K

 **CunninghamDunbarLtr.attached_20Appraisal.pdf**
6334K

Exhibit 5

# Holt
# Law
# Office PLLC

Kevin P. Holt
KHolt@HoltLawOffice.com

**Nichole Foreman**
Paralegal
Nichole@HoltLawOffice.com

**Michelle A. Holt**
Paralegal
Michelle@HoltLawOffice.com

**WWW.HOLTLAWOFFICE.NET**
Fax | 1-888-870-1747

*Licensed Idaho, Alaska

September 9, 2025

Alison M. Dunbar                                    Via Email: alison@adunbarlaw.com
Dunbar Law PLLC
420 N. 2nd Ave., Ste. 112
Sandpoint, ID 83864

Re: Thrun v. Cunningham – Freeman Lake Property Access and Appraisal

Dear Ms. Dunbar:

Please see the attached appraisals for the Freeman Lake properties. Based on these reports, the total combined appraised value of the properties is $1,525,000. You previously indicated that your client claims a prior appraisal placed the value at $395,000. We do not understand why your client would undervalue the property so substantially in light of the attached reports.

Please provide us with a copy of your client's appraisal for our review. If your client still insists that the total value is $395,000, then our client is prepared to offer half that amount to buy out your client's interest.

That said, we believe the most reasonable course is to proceed with the sale process. We propose using Karen Battenschlag from Sotheby's Realty as the listing agent. We would like to list the property initially at $1,500,000. If there is an offer for $1,395,000 or more, the parties agree to



**Wasilla, Alaska**
1075 S. Check Street, Suite 214A - 99654
Office | 907-606-0023
Fax | 1-888-870-1747

**Coeur d'Alene, Idaho**
212 S. 11th Street, Suite 5 RM D - 83814
Office | 208-664-5011
Mailing Address: PO Box 959 Hayden, ID 83835

Letter to Dunbar
9/9/25
Page - 2
---------------------------

accept that offer, complete the closing, and deposit the sale proceeds into Holt Law Office's trust account, pending resolution (or litigation) of any offsets beyond an equal 50/50 division.

Please advise whether your client agrees so that we may proceed without unnecessary delay.

Sincerely,

HOLT LAW OFFICE, P.L.L.C.

Kevin P. Holt

cc: client

# VOGEL APPRAISAL

PO Box 1728, Sandpoint, Idaho, 83864 • 208-255-2424



## APPRAISAL OF REAL PROPERTY

**LOCATED AT:**
417 Silica Ln
Oldtown, ID  83822
12-56N-6W SW NE & E2 NW NE 1990 FLEETWOOD 10 X 52 MH

**FOR:**
Christine Thrun
PO Box 959
Hayden, ID, 83835

**AS OF:**
07/15/2025

**BY:**
Cary Vogel
Vogel Appraisal
P.O Box 1728,
Sandpoint, ID 83864

# RESIDENTIAL APPRAISAL REPORT

File No.: **25227fpt**

## SUBJECT

| | |
|---|---|
| Property Address: **417 Silica Ln** | City: **Oldtown** State: **ID** Zip Code: **83822** |
| County: **Bonner** | Legal Description: **12-56N-6W SW NE & E2 NW NE 1990 FLEETWOOD 10 X 52 MH** |
| | Assessor's Parcel #: **RP56N06W10600A** |
| Tax Year: **2024** R.E. Taxes: $ **1,247** Special Assessments: $ **0** | Borrower (if applicable): **Client-Christine Thrun** |
| Current Owner of Record: **Eric E Cunningham and Christine Thrun** | Occupant: ☒ Owner ☐ Tenant ☐ Vacant ☒ Manufactured Housing |
| Project Type: ☐ PUD ☐ Condominium ☐ Cooperative ☒ Other (describe) **Single family** | HOA: $ **0** ☐ per year ☐ per month |
| Market Area Name: **West Bonner County** | Map Reference: **41760** Census Tract: **9505.00** |

## ASSIGNMENT

The purpose of this appraisal is to develop an opinion of: ☒ Market Value (as defined), or ☐ other type of value (describe)

This report reflects the following value (if not Current, see comments): ☒ Current (the Inspection Date is the Effective Date) ☐ Retrospective ☐ Prospective

Approaches developed for this appraisal: ☒ Sales Comparison Approach ☒ Cost Approach ☐ Income Approach    (See Reconciliation Comments and Scope of Work)

Property Rights Appraised: ☒ Fee Simple ☐ Leasehold ☐ Leased Fee ☐ Other (describe)

Intended Use: **The function of this appraisal is for the EXCLUSIVE USE of Christine Thrun for settlement purposes.**

Intended User(s) (by name or type): **Christine Thrun**

Client: **Christine Thrun**    Address: **PO Box 959, Hayden, ID 83835**

Appraiser: **Cary Vogel**    Address: **P.O Box 1728, Sandpoint, ID 83864**

## MARKET AREA DESCRIPTION

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Location: | ☐ Urban | ☒ Suburban | ☐ Rural | **Predominant Occupancy** | **One-Unit Housing** | **Present Land Use** | **Change in Land Use** |
| Built up: | ☒ Over 75% | ☐ 25-75% | ☐ Under 25% | | PRICE  AGE | One-Unit **65** % | ☒ Not Likely |
| Growth rate: | ☐ Rapid | ☒ Stable | ☐ Slow | ☒ Owner | $(000)  (yrs) | 2-4 Unit **5** % | ☐ Likely * ☐ In Process * |
| Property values: | ☐ Increasing | ☒ Stable | ☐ Declining | ☐ Tenant | **100** Low **0** | Multi-Unit **5** % | * To: **Single Family** |
| Demand/supply: | ☐ Shortage | ☒ In Balance | ☐ Over Supply | ☒ Vacant (0-5%) | **2,000** High **60** | Comm'l **5** % | |
| Marketing time: | ☐ Under 3 Mos. | ☒ 3-6 Mos. | ☐ Over 6 Mos. | ☐ Vacant (>5%) | **500** Pred **30** | Agriculture **20** % | |

Market Area Boundaries, Description, and Market Conditions (including support for the above characteristics and trends): **The subject market area is the area of Old Town, Western Bonner County in the larger neighborhood of Priest River. See attached addendum for full description the market area and market conditions.**

## SITE DESCRIPTION

| | |
|---|---|
| Dimensions: **Irregular** | Site Area: **60.00 ac** |
| Zoning Classification: **Rural-10** | Description: **Single Family Residential on 10 acres** |

Zoning Compliance: ☒ Legal ☐ Legal nonconforming (grandfathered) ☐ Illegal ☐ No zoning

Are CC&Rs applicable? ☐ Yes ☒ No ☐ Unknown   Have the documents been reviewed? ☐ Yes ☒ No   Ground Rent (if applicable) $ ____ / ____

Highest & Best Use as improved: ☒ Present use, or ☐ Other use (explain)

Actual Use as of Effective Date: **Single family residential**   Use as appraised in this report: **Single family residential**

Summary of Highest & Best Use: **The subject meets the four test for a Highest and Best use as a single family home.**

| Utilities | Public | Other | Provider/Description | Off-site Improvements | Type | Public | Private | Topography | **Level pad to Steep terrain** |
|---|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | ☐ | **Property** | Street | **Gravel** | ☐ | ☒ | Size | **Larger than typical** |
| Gas | ☒ | ☐ | **Propane LP** | Curb/Gutter | **None-Typical** | ☐ | ☐ | Shape | **Irregular** |
| Water | ☐ | ☒ | **Well, comments** | Sidewalk | **None-Typical** | ☐ | ☐ | Drainage | **Appears Adequate** |
| Sanitary Sewer | ☐ | ☒ | **Septic** | Street Lights | **None-Typical** | ☐ | ☐ | View | **Freedom Lake** |
| Storm Sewer | ☐ | ☐ | **None** | Alley | **None Typical** | ☐ | ☐ | | |

Other site elements: ☐ Inside Lot ☐ Corner Lot ☐ Cul de Sac ☐ Underground Utilities ☒ Other (describe) **Waterfront**

FEMA Spec'l Flood Hazard Area ☐ Yes ☒ No FEMA Flood Zone **X**   FEMA Map # **16017C0850E**   FEMA Map Date **11/18/2009**

Site Comments: **The subject is combination of a level building pad and level terrain near the lake, otherwise steep wooded terrain, see the attached maps and photos. The property is north of Freedom Lake Road and north of Highway 2 between Oldtown and Priest River, near the Idaho-Washington stateline more than 30 miles west of Sandpoint, the County seat.**

## DESCRIPTION OF THE IMPROVEMENTS

| General Description | | Exterior Description | | Foundation | | Basement ☒ None | Heating | |
|---|---|---|---|---|---|---|---|---|
| # of Units | **2** ☒ Acc.Unit | Foundation | **Conc/Avg** | Slab | **None** | Area Sq. Ft. ____ | Type | **FA** |
| # of Stories | **1** | Exterior Walls | **Vinyl/Avg** | Crawl Space | **Under Manuf** | % Finished ____ | Fuel | **Propane LP** |
| Type ☒ Det. ☐ Att. | ☐ | Roof Surface | **Metal/Avg** | Basement | **None** | Ceiling ____ | | |
| Design (Style) | **Manuf+addition** | Gutters & Dwnspts. | **None** | Sump Pump | **N/A** | Walls ____ | Cooling | **Split** |
| ☒ Existing ☐ Proposed ☐ Und.Cons. | | Window Type | **Vinyl/Good** | Dampness | **N/A** | Floor ____ | Central ____ | |
| Actual Age (Yrs.) | **27** | Storm/Screens | **Good** | Settlement | **some** | Outside Entry ____ | Other ____ | |
| Effective Age (Yrs.) | **5** | | | Infestation | **None Known** | | | |

| Interior Description | | Appliances | | Attic ☒ None | Amenities | | Car Storage | ☐ None |
|---|---|---|---|---|---|---|---|---|
| Floors | **Lam/Cpt/Tile/Gd** | Refrigerator | ☒ | Stairs ☐ | Fireplace(s) # **0** | Woodstove(s) # **1** | Garage # of cars **4** Tot.) | |
| Walls | **Drywall/Pnl/Gd** | Range/Oven | ☒ | Drop Stair ☐ | Patio **Rear** | | Attach. ____ | |
| Trim/Finish | **Wood/Good** | Disposal | ☐ | Scuttle ☐ | Deck **Rear** | | Detach. ____ | |
| Bath Floor | **Tile/Good** | Dishwasher | ☒ | Doorway ☐ | Porch **Front** | | Blt.-In ____ | |
| Bath Wainscot | **Tile/Good** | Fan/Hood | ☒ | Floor ☐ | Fence **None** | | Carport **2** | |
| Doors | **Wood/Good** | Microwave | ☒ | Heated ☐ | Pool **Htub PP** | | Driveway **2** **Seasonal** | |
| | | Washer/Dryer | ☐ | Finished ☐ | | | Surface **Gravel/Conc** | |

Finished area above grade contains: **5** Rooms **2** Bedrooms **2.0** Bath(s) **1,968** Square Feet of Gross Living Area Above Grade

Additional features: **See attached.**

Describe the condition of the property (including physical, functional and external obsolescence): **C4; the subject is built around a 1998 single wide manufactured home in average exterior condition and updated/remodeled with large addition with some remaining repair items and a addition; As per occupant, one of the owners homeowner: Water well is dry, storage water tanks supply backup, This valuation assumes adequate water supply; foundation has remaining incomplete portions; As per occupant, one of the owners homeowner plumbing/Electrical may not to code, no insulation underneath home, slope of driveway may be challenging in seasonal conditions, which is somewhat common in the market area. See photos and addendum.**

# RESIDENTIAL APPRAISAL REPORT

File No.: 25227fpt

## TRANSFER HISTORY

My research ☒ did ☐ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.

Data Source(s): **Local MLS service**

1st Prior Subject Sale/Transfer | Analysis of sale/transfer history and/or any current agreement of sale/listing: **None.**

Date:
Price:
Source(s):

2nd Prior Subject Sale/Transfer

Date:
Price:
Source(s):

## SALES COMPARISON APPROACH TO VALUE (if developed)

☐ The Sales Comparison Approach was not developed for this appraisal.

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address | 417 Silica Ln Oldtown, ID 83822 | 10675 Lakeshore Dr Sagle, ID 83860 | | 853 Open Skies Rd Newport, WA 99156 | | 42820 S Highway 97 Harrison, ID 83833 | |
| Proximity to Subject | | 15.35 miles E | | 8.86 miles W | | 51.67 miles S | |
| Sale Price | $ 0 | $ 785,000 | | $ 830,000 | | $ 946,750 | |
| Sale Price/GLA | $ /sq.ft. | $ 465.05 /sq.ft. | | $ 523.99 /sq.ft. | | $ 560.21 /sq.ft. | |
| Data Source(s) | Inspection | MLS #20232713;DOM 259 | | MLS #20240761;DOM 168 | | MLS #24-9890;DOM 132 | |
| Verification Source(s) | Public Records | Selkirk MLS | | Selkirk MLS | | Coeur d'Alene MLS | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. |
| Sales or Financing | N/A | ArmLth | | ArmLth | | ArmLth | |
| Concessions | N/A | Cash;0 | | Conventional;0 | | Cash;0 | |
| Date of Sale/Time | N/A | s07/24;Unk | | s09/24;Unk | | s02/25;Unk | |
| Rights Appraised | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Location | N;Res | N;Res | | N;Res | | N;Res | |
| Site | 60.00 ac | 20.12 ac | +80,000 | 27.00 ac | +65,000 | 35.60 ac | +50,000 |
| View | B;Lake; | B;Wtr;River | 0 | B;River; | 0 | B;Lake-Bay; | 0 |
| Design (Style) | Manuf+addition | DT1;Story | -9,000 | DT1;Story | -9,000 | DT1.5;Story | -9,000 |
| Quality of Construction | C4 | Q4 | | Q3 | -9,000 | Q4 | |
| Age | 27 | 101 | 0 | 44 | 0 | 78 | 0 |
| Condition | C4 | C4 | | C4 | | C4 | |
| Above Grade | Total Bdrms Baths | Total Bdrms Baths | | Total Bdrms Baths | | Total Bdrms Baths | |
| Room Count | 5 2 2.0 | 6 3 2.0 | -5,000 | 6 3 2.0 | -5,000 | 6 3 2.0 | -5,000 |
| Gross Living Area | 1,968 sq.ft. | 1,688 sq.ft. | +9,800 | 1,584 sq.ft. | +13,400 | 1,690 sq.ft. | +9,700 |
| Basement & Finished | 0sf | 850sf850sfin | -17,000 | 0sf | | 0sf | |
| Rooms Below Grade | | 1rr0br0.0ba1o | 0 | | | | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FA Elec/AC | FA Elec/No | +3,000 | BB Elec/No | +5,000 | FA Oil/No | +3,000 |
| Energy Efficient Items | Insulation | Insulation | | Insulation | | Insulation | |
| Garage/Carport | 2cpt2dw | 2ga2cp4dw | -20,000 | 1gar1dw | 0 | 1gd1dw | 0 |
| Porch/Patio/Deck | Prch/Patio/Dck | Prch/Patio/Dck | | Porch/Deck | | Porch/Deck | 0 |
| Outbuildings | Shop/ADU/Dock | None | +95,000 | Shop 30x40 | +50,000 | Hanger 40x48 | +35,000 |
| Effective Age | 5 update/Addn | 20 updates | +30,000 | 20 | +30,000 | 25 | +40,000 |
| Water frontage | Freeman Lake | Slough 786 ff | 0 | River 445 ff Dock | | Lake CdA | 0 |
| $/Acre | | | | | | | |
| Net Adjustment (Total) | | ☒ + ☐ - | $ 166,800 | ☒ + ☐ - | $ 140,400 | ☒ + ☐ - | $ 123,700 |
| Adjusted Sale Price of Comparables | | | $ 951,800 | | $ 970,400 | | $ 1,070,450 |

Summary of Sales Comparison Approach    **See attached addendum.**

Indicated Value by Sales Comparison Approach $    **1,150,000**

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

# RESIDENTIAL APPRAISAL REPORT

File No.: 25227fpt

## COST APPROACH

**COST APPROACH TO VALUE (if developed)**   ☐ The Cost Approach was not developed for this appraisal.

Provide adequate information for replication of the following cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value):

**The most applicable land comparisons:**

| | | | | |
|---|---|---|---|---|
| 1) Porcupine Dr, Sagle | 40.00 acre | 11/25/2024 | $800,000 | View only- Pend Oreille Lake |
| 2) Lakeshore Dr, Sagle | 43.34 acre | 07/31/2024 | $800,000 | Pend Oreille River |
| 3) Highway 97, Harrison | 36.49 acre | 10/21/2024 | $701,680 | View Coeur d'alene Lake |
| 4) Fernandes Court, Priest river | 42.67 acre | Active | $1,000,000 | Pend Oreille River frontage |
| 5) Highway 97, Harrison | 98.48 acre | Active | $1,500,000 | View Coeur d'alene Lake |

ESTIMATED ☒ REPRODUCTION OR ☐ REPLACEMENT COST NEW

Source of cost data: **Marshall & Swift**

Quality rating from cost service: **Average**   Effective date of cost data: **current**

Comments on Cost Approach (gross living area calculations, depreciation, etc.):
**See sketch for structure calculations. Site value includes contributory value of the utilities. Land to improvement ratio is typical of waterfront properties in the area. The contributory value of the ADU, patio, shop, outdoor kitchen, driveway, deck and other site improvements was included in the cost estimate under site improvements. The effective age is estimated at 5 year. The remaining economic life of the dwelling is estimated at 55 years.**

| OPINION OF SITE VALUE | | | =$ | 850,000 |
|---|---|---|---|---|
| DWELLING | 1,968 Sq.Ft. @ $ | 185.00 | ....=$ | 364,080 |
| | Sq.Ft. @ $ | | ....=$ | |
| | Sq.Ft. @ $ | | ....=$ | |
| | Sq.Ft. @ $ | | ....=$ | |
| | Sq.Ft. @ $ | | ....=$ | |
| | | | ....=$ | |
| Garage/Carport | Sq.Ft. @ $ | | ....=$ | |
| Total Estimate of Cost-New | | | ....=$ | 364,080 |
| Less | Physical | Functional | External | |
| Depreciation | 30,328 | | =$( | 30,328) |
| Depreciated Cost of Improvements | | | ....=$ | 333,752 |
| "As-is" Value of Site Improvements | | | ....=$ | |
| ADU/Shop, Patio/Cover, outdoor kitchen; Storage | | | =$ | 175,000 |
| INDICATED VALUE BY COST APPROACH | | | ....=$ | 1,358,752 |

Estimated Remaining Economic Life (if required): **55** Years

## INCOME APPROACH

**INCOME APPROACH TO VALUE (if developed)**   ☒ The Income Approach was not developed for this appraisal.

Estimated Monthly Market Rent $ _____   X Gross Rent Multiplier _____ = $ _____   **Indicated Value by Income Approach** _____

Summary of Income Approach (including support for market rent and GRM):

## PUD

**PROJECT INFORMATION FOR PUDs (if applicable)**   ☐ The Subject is part of a Planned Unit Development.

Legal Name of Project:

Describe common elements and recreational facilities:

## RECONCILIATION

Indicated Value by: Sales Comparison Approach $ **1,150,000**   Cost Approach (if developed) $ **1,358,752**   Income Approach (if developed) $

Final Reconciliation   **The appraiser recognizes the three approaches to value (Cost, Sales Comparison and Income). Acreage properties are less frequently sold for income producing purposes. Most weight is placed upon the Sales Comparison Approach. The Cost Approach is not applicable for vacant properties.**

This appraisal is made ☒ "as is", ☐ subject to completion per plans and specifications on the basis of a Hypothetical Condition that the improvements have been completed, ☐ subject to the following repairs or alterations on the basis of a Hypothetical Condition that the repairs or alterations have been completed, ☐ subject to the following required inspection based on the Extraordinary Assumption that the condition or deficiency does not require alteration or repair: **Comparisons are applied on a whole property basis as presented in the addendum, rather than the typical line adjustment, due to the limited similar market data. See attached addendum for full market comparison description.**

☐ This report is also subject to other Hypothetical Conditions and/or Extraordinary Assumptions as specified in the attached addenda.

Based on the degree of inspection of the subject property, as indicated below, defined Scope of Work, Statement of Assumptions and Limiting Conditions, and Appraiser's Certifications, my (our) Opinion of the Market Value (or other specified value type), as defined herein, of the real property that is the subject of this report is: $   **1,150,000**   , as of:   **07/15/2025**   , which is the effective date of this appraisal. If indicated above, this Opinion of Value is subject to Hypothetical Conditions and/or Extraordinary Assumptions included in this report. See attached addenda.

## ATTACHMENTS

A true and complete copy of this report contains **42** pages, including exhibits which are considered an integral part of the report. This appraisal report may not be properly understood without reference to the information contained in the complete report.

Attached Exhibits:

☒ Scope of Work   ☒ Limiting Cond./Certifications   ☐ Narrative Addendum   ☒ Photograph Addenda   ☒ Sketch Addendum
☒ Map Addenda   ☐ Additional Sales   ☒ Cost Addendum   ☐ Flood Addendum   ☐ Manuf. House Addendum
☒ Hypothetical Conditions   ☒ Extraordinary Assumptions   ☐

Client Contact: _____   Client Name:   **Christine Thrun**

E-Mail: _____   Address: **PO Box 959, Hayden, ID 83835**

## SIGNATURES

**APPRAISER**

Appraiser Name: **Cary Vogel**

Company: **Vogel Appraisal**

Phone: **208-255-2424**   Fax: _____

E-Mail: **cary@vogelappraisal.com**

Date of Report (Signature): **07/15/2025**

License or Certification #: **CGA-342**   State: **ID**

Designation:

Expiration Date of License or Certification: **01/15/2026**

Inspection of Subject: ☐ Interior & Exterior ☐ Exterior Only ☐ None

Date of Inspection: **07/15/2025**

**SUPERVISORY APPRAISER (if required)**
or CO-APPRAISER (if applicable)

Supervisory or
Co-Appraiser Name: _____

Company: _____

Phone: _____   Fax: _____

E-Mail: _____

Date of Report (Signature): _____

License or Certification #: _____   State: _____

Designation:

Expiration Date of License or Certification: _____

Inspection of Subject: ☐ Interior & Exterior ☐ Exterior Only ☐ None

Date of Inspection: _____

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

**GP RESIDENTIAL**

Form GPRES2 - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE   3/2007

## ADDITIONAL COMPARABLE SALES

File No.: 25227fpt

| FEATURE | SUBJECT | COMPARABLE SALE # 4 | | COMPARABLE SALE # 5 | | COMPARABLE SALE # 6 | |
|---|---|---|---|---|---|---|---|
| Address | 417 Silica Ln | 4146 District Two Rd | | 2896 Colburn Culver Rd | | 57 Maxie Ln | |
| | Oldtown, ID 83822 | Bonners Ferry, ID 83805 | | Sandpoint, ID 83864 | | Sandpoint, ID 83864 | |
| Proximity to Subject | | 49.72 miles NE | | 28.53 miles NE | | 29.10 miles NE | |
| Sale Price | $                    0 | $              1,000,000 | | $              1,500,000 | | $              2,143,000 | |
| Sale Price/GLA | $          /sq.ft. | $   744.05 /sq.ft. | | $   362.84 /sq.ft. | | $   679.67 /sq.ft. | |
| Data Source(s) | Inspection | MLS #20241251;DOM 51 | | MLS # 23-8417;DOM 1 | | MLS #20242609; DOM 149 | |
| Verification Source(s) | Public Records | Selkirk MLS | | Coeur d'Alene MLS | | Selkirk MLS | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. |
| Sales or Financing | N/A | ArmLth | | ArmLth | | ArmLth | |
| Concessions | N/A | Cash;0 | | Seller;0 | | Conv;0 | |
| Date of Sale/Time | N/A | s05/24;Unk | | s09/23;Unk | | s03/25;Unk | |
| Rights Appraised | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Location | N;Res | N;Res | | N;Res; | | N;Res; | |
| Site | 60.00 ac | 53.33 ac | +10,000 | 20.17 ac | +80,000 | 65.16 ac | -10,000 |
| View | B;Lake; | B;Wtr;River | 0 | B;Pack River; | 0 | N;Water/Meadow | 0 |
| Design (Style) | Manuf+addition | DT2;Story | 0 | DT2;Story | -9,000 | DT2;Story/Log | 0 |
| Quality of Construction | C4 | Q4 | | Q3 | -25,000 | Q3 | -9,000 |
| Age | 27 | 92 | 0 | 18 | 0 | 55 | 0 |
| Condition | C4 | C3 | -15,000 | C3 | -45,000 | C3 | -75,000 |
| Above Grade | Total  Bdrms  Baths | Total  Bdrms  Baths | | Total  Bdrms  Baths | | Total  Bdrms  Baths | |
| Room Count | 5      2      2.0 | 6      3      2.0 | -5,000 | 7      4      4.0 | -30,000 | 6      3      2.0 | -5,000 |
| Gross Living Area | 1,968 sq.ft. | 1,344 sq.ft. | +21,800 | 4,134 sq.ft. | -75,800 | 3,153 sq.ft. | -41,500 |
| Basement & Finished | 0sf | 0sf | | 0sf | | 0sf | |
| Rooms Below Grade | | | | | | | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FA Elec/AC | BB Elec/No | +5,000 | FA Elec/AC | | Wall Elec/No | +5,000 |
| Energy Efficient Items | Insulation | Insulation | | Insulation | | Insulation | |
| Garage/Carport | 2cpt2dw | 2cp2dw | | 2ga2dw | -10,000 | 2ga2dw | -10,000 |
| Porch/Patio/Deck | Prch/Patio/Dck | Porch/Deck | 0 | Porch/Deck | | Prch/Deck/Blcny | 0 |
| Outbuildings | Shop/ADU/Dock | None | +95,000 | Storage | +90,000 | 2 Brns/Shp/ADU | -15,000 |
| Effective Age | 5 update/Addn | 25 updated | +40,000 | 10 | +10,000 | 25 | +40,000 |
| Water frontage | Freeman Lake | River 3600 ff | 0 | Pack River | 0 | Pack River | 0 |
| $/Acre | | | | | | | |
| Net Adjustment (Total) | | ☒ +   ☐ - | $  151,800 | ☐ +   ☒ - | $  -14,800 | ☐ +   ☒ - | $  -120,500 |
| Adjusted Sale Price | | | | | | | |
| of Comparables | | | $  1,151,800 | | $  1,485,200 | | $  2,022,500 |

Summary of Sales Comparison Approach    See attached addendum.

**SALES COMPARISON APPROACH**

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.
GP RESIDENTIAL    Form GPRES2.(AC) - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE    3/2007

# ADDITIONAL COMPARABLE SALES

File No.: 25227fpt

| FEATURE | SUBJECT | COMPARABLE SALE # 7 | | COMPARABLE SALE # 8 | | COMPARABLE SALE # 9 | |
|---|---|---|---|---|---|---|---|
| Address | 417 Silica Ln Oldtown, ID 83822 | 315 Wildberry Ln Sagle, ID 83860 | | 165 Promised Rdg Priest River, ID 83856 | | 549 Trout Creek Rd Sandpoint, ID 83864 | |
| Proximity to Subject | | 15.92 miles E | | 14.39 miles SE | | 30.84 miles E | |
| Sale Price | $ 0 | | $ 1,185,000 | | $ 1,350,000 | | $ 2,699,000 |
| Sale Price/GLA | $ /sq.ft. | $ 849.46 /sq.ft. | | $ 347.13 /sq.ft. | | $ 1,349.50 /sq.ft. | |
| Data Source(s) | Inspection | MLS #20251364;DOM 60 | | MLS #20250352;DOM 135 | | MLS #20232904;DOM 401 | |
| Verification Source(s) | Public Records | Selkirk MLS | | Selkirk MLS | | Selkirk MLS | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. | DESCRIPTION | +(-) $ Adjust. |
| Sales or Financing | N/A | Listing | | Listing | | Listing | |
| Concessions | N/A | Listing;0 | 0 | Listing;0 | 0 | Pending;0 | 0 |
| Date of Sale/Time | N/A | Active;0 | | Active;0 | | Active;0 | |
| Rights Appraised | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Location | N;Res | N;Res | | N;Res | | N;Res; | |
| Site | 60.00 ac | 27.98 ac | +65,000 | 19.80 ac | +80,000 | 43.00 ac | +35,000 |
| View | B;Lake; | B;Wtr;Small lake | 0 | B;Wtr;Creek | 0 | B;Wtr;Riverview | 0 |
| Design (Style) | Manuf+addition | DT1;Story | -9,000 | DT1.5;Story | -9,000 | DT1.5;Story | 0 |
| Quality of Construction | C4 | Q4 | | Q3 | -25,000 | Q3 | -75,000 |
| Age | 27 | 34 | 0 | 3 | 0 | 50 | 0 |
| Condition | C4 | C3 | -15,000 | C3 | -45,000 | C3 | -45,000 |
| Above Grade | Total Bdrms Baths | Total Bdrms Baths | | Total Bdrms Baths | | Total Bdrms Baths | |
| Room Count | 5    2    2.0 | 5    2    1.0 | +10,000 | 8    5    3.5 | -30,000 | 8    5    4.0 | -35,000 |
| Gross Living Area | 1,968 sq.ft. | 1,395 sq.ft. | +20,100 | 3,889 sq.ft. | -67,200 | 2,000 sq.ft. | |
| Basement & Finished | 0sf | 930sf930sfin | -18,000 | 0sf | | 1500sf1500sfwo | -30,000 |
| Rooms Below Grade | | 1rr2br1.0ba1o | -20,000 | | | 1rr0br0.0ba1o | 0 |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FA Elec/AC | Wall Gas/No | +5,000 | FA Elec/AC | | Hydronic/No | 0 |
| Energy Efficient Items | Insulation | Insulation | | Insulation | | Insulation | |
| Garage/Carport | 2cpt2dw | 2ga2dw | -10,000 | 2ga2dw | -10,000 | 2dw | +10,000 |
| Porch/Patio/Deck | Prch/Patio/Dck | Prch/Patio/Dck | | Prch/Patio/Dck | | Porch/Deck | 0 |
| Outbuildings | Shop/ADU/Dock | Shop | +45,000 | Shop | +45,000 | ADU/Shop/Barn | 0 |
| Effective Age | 5 update/Addn | 15 updates | +20,000 | 1 | -10,000 | 15 updated | +20,000 |
| Water frontage | Freeman Lake | Cocolalla 1200ff | 0 | Hoodoo Creek | 0 | Pack River | 0 |
| $/Acre | | | | | | | |
| Net Adjustment (Total) | | ☒ + ☐ - | $ 93,100 | ☐ + ☒ - | $ -71,200 | ☐ + ☒ - | $ -120,000 |
| Adjusted Sale Price of Comparables | | | $ 1,278,100 | | $ 1,278,800 | | $ 2,579,000 |

SALES COMPARISON APPROACH

Summary of Sales Comparison Approach

Copyright© 2007 by a la mode, inc. This form may be reproduced unmodified without written permission, however, a la mode, inc. must be acknowledged and credited.

**Supplemental Addendum**                                                    File No. 25227fpt

| Borrower | Client-Christine Thrun | | | | |
|----------|------------------------|--|--|--|--|
| Property Address | 417 Silica Ln | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | |

Certification

The appraisal is based upon the following assumptions and limiting conditions:

- *The appraiser has inspected as far as possible by observation, the land and the improvements; however, it was not possible to personally observe conditions beneath the ground, the appraiser does not warrant against problems arising from soil conditions, including toxic wastes.*

- *The legal description as given is assumed correct. A title report has not been provided for this assignment. No responsibility is assumed for such matters including encumbrances, ownership, etc. The property is appraised in fee simple estate as though free and clear of all encumbrances except as specifically noted within this report.*

- *The data, statistics, and opinions furnished by others and contained herein have been reasonably checked and are considered reliable and correct. The appraiser assumes no responsibility for their accuracy. If errors or omissions are subsequently found which might directly affect the information and/or conclusions offered in this report, the appraiser reserves the right to modify or correct such errors, omissions, and conclusions.*

- *Possession of this report or any copy thereof does not carry with it the right of publication nor may it be used for other than its intended use. Regulations require the appraiser to control the use and distribution of each appraisal report; only the client may distribute copies of this appraisal report in its entirety to such third parties as they may select.  However, selective portions of this appraisal report shall not be given to third parties without the prior written consent of the appraiser.*

- *Neither all nor any part of the contents of this report shall be conveyed to the public through advertising, public relations, news, sales, or other media without first obtaining the written consent and approval of the appraiser. In particular, no representations concerning the valuations, the identity of the appraiser or firm with which he is affiliated shall be conveyed.*

- *The liability of Vogel Appraisal and Cary M. Vogel CGA#342 is limited to the client only and to the fee actually received by the appraiser.  Further, there is no accountability, obligation or liability to any third party.  If this report is placed in the hands of anyone other than the client, the client shall make such party aware of all limiting conditions and assumptions of the assignment and related discussions.*
- *All maps, plans, and diagrams contained in this report are for illustrative purposes only. They  are not to be construed as accurate, nor relied upon for any other purpose;*

- *Where the value of land and other component are shown separately, the value of each is segregated only as an aid to better estimate the value which it lends to the whole parcel, rather than the value of that particular item as if it were by itself.*

- *The appraisal is based on the premise that the subject property is in full compliance with all applicable federal, state and local environmental regulations and laws unless otherwise stated in this report.*

- *It is assumed that the subject property will be under prudent and competent ownership and management, neither inefficient nor super efficient.*

- *The appraiser by reason of this report is not required to give testimony or attendance in a court of law or any other government hearing with reference to the property in question, unless prior arrangements have been made.*

- *In this appraisal assignment, the existence of potentially hazardous material has not been considered. Examples include the presence of toxic waste and natural waste such as radon gas, which may or may not be present on the property.  The appraiser is not qualified to detect such substances.*

- *The appraiser used reasonable judgment or the direction of the property owner in estimating the location of boundaries.*

- *The client of the appraiser is the person or firm ordering the appraisal report, regardless of who occupies the subject property, who paid for the report, or who is the legal owner of the subject property.*

- *The appraiser has performed no prior service for this property within three years of this date.*

Supplemental Addendum                                                              File No. 25227fpt

| Borrower | Client-Christine Thrun | | | | |
|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | |

General Information

## SPECIAL ASSUMPTIONS AND LIMITING CONDITIONS

According to the Uniform Standards of Professional Appraisal Practice, "In developing a real property appraisal, an appraiser must identify any extraordinary assumptions"  and "hypothetical conditions necessary in the assignment", which are defined as follows:

**EXTRAORDINARY ASSUMPTION**: an assumption, directly related to a specific assignment, which, if found to be false, could alter the appraiser's opinions or conclusions.

**HYPOTHETICAL CONDITION**: that which is contrary to what exists but is supposed for the purpose of analysis. It is commonly known that the subject property has been used for commercial agriculture for several decades. The presence of underground tanks is not known. The existence of potentially hazardous material has not been specifically investigated. The appraiser is not qualified to detect such substances, if any.

**The appraiser has made a reasonable attempt to locate the subject and to identify the property boundaries as evidenced by use of aerial photography, fences, changes in forest management, and flagging. This report makes the Extra-ordinary assumption that the appraiser's unaided observation of the subject property reasonably approximates and adequately represents the property.**

**Occupant, one of the owners reports in adequate water in the drilled, there are supply tanks to support supply. This appraisal makes the Extra-ordinary assumption that the subject property has with adequate water supply.**

**This appraisal makes the Extra-ordinary assumption that the subject has reasonable, market accepted, driveway and private road access to the county road over existing roadways, as well as access adequate domestic water and sewage disposal, as well as reasonable access to the shore of Freedom Lake, all of which provide the infrastructure for adequate for development of the subject's to its Highest and Best use, market acceptable of the market area.**

### CERTIFICATION:

"I certify that, to the best of my knowledge and belief:

♦ The statements of fact contained in this report are true and correct;

♦ The reported analyses, opinion and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial and unbiased professional analyses, opinions, and conclusions;

♦ I have no present or prospective interest in the property that is the subject of this report and I have no personal interest with respect to the parties involved;

♦ I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment;

♦ My engagement in this assignment was not contingent upon developing or reporting predetermined results;

♦ My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal;

♦ My analyses, opinions or conclusions were developed, and this report has been prepared, in conformity with the *Uniform Standards of Professional Appraisal Practice*;

♦ Cary M. Vogel, CGA #342, has made a personal inspection of the property that is the subject of this report and prepared this appraisal report;

♦ No one provided significant real property appraisal assistance to Cary M. Vogel, CGA #342."

Cary M. Vogel, CGA #342

**Supplemental Addendum**                                    File No. **25227fpt**

| Borrower | **Client-Christine Thrun** | | | | | |
|---|---|---|---|---|---|---|
| Property Address | **417 Silica Ln** | | | | | |
| City | **Oldtown** | County | **Bonner** | State | **ID** | Zip Code **83822** |
| Lender/Client | **Christine Thrun** | | | | | |

General Information

===

**PURPOSE OF APPRAISAL:**
The purpose of this appraisal is to estimate the MARKET VALUE of the subject property "As Is" as of the effective of value is **07/15/2025** as the date of inspection.

**CLIENT AND INTENDED USER:**
The client and intended user is **Christine Thrun, Newport, Washington.**

**FUNCTION OF APPRAISAL:**
The function of this appraisal is for the EXCLUSIVE USE of: **Christine Thrun for settlement purposes**.

**INTENT OF APPRAISAL:**
It is intended that this appraisal to conform to the Uniform Standards of Professional Appraisal Practice of the Appraisal Foundation (USPAP), Uniform Appraisal Standards for Federal Land Acquisitions (Yellow Book), federal law and regulations regarding federal appraisal review process, and is subject to contingent and limiting conditions and assumptions set forth.

**DEFINITION OF MARKET VALUE:**
Market value is the amount in cash, or on terms reasonably equivalent to cash, for which in all probability the property would have sold on the effective date of the appraisal, after a reasonable exposure time on the open competitive market, from a willing and reasonably knowledgeable seller to a willing and reasonably knowledgeable buyer, with neither acting under any compulsion to buy or sell, giving due consideration to all available economic uses of the property at the time of the appraisal.
(SOURCE: Uniform Appraisal Standards for Federal Land Acquisitions)

**SALES HISTORY:**
According to public records and the property owner, there have been no sales of the subject property in the last three years.

**LISTING ACTIVITY:**
According to the local multiple listing service and the property owner, the subject property has not been listed for sale in the previous 12 months. No other formal listings of the subject property are known in the last three years.

**HIGHEST AND BEST USE:**
The subject property is Physically a combination of level and steeply sloping, wooded terrain with frontage on Freedom Lake and private access over the gravel road with power to the home/property.

The subject property is Legal a 60 acres parcel in a twenty acre "Rural-10" zoned district.

The subject is Financially viable as a single family home site with perceived good market demand for the characteristic described.

This is the Maximumly Productive use among the available potential uses, which will likely bring the highest price in the local market.

**Supplemental Addendum**

| | | | | File No. **25227fpt** |
|---|---|---|---|---|
| Borrower | **Client-Christine Thrun** | | | |
| Property Address | **417 Silica Ln** | | | |
| City | **Oldtown** | County **Bonner** | State **ID** | Zip Code **83822** |
| Lender/Client | **Christine Thrun** | | | |

General Information

**PROPERTY RIGHTS APPRAISED:**
This appraisal is of the fee simple ownership of the surface rights along with timber contribution, if any, associated with the described real estate. Sub-surface mineral rights are not appraised nor has the title to such rights been researched or ascertained. Typically, sub-surface mineral rights do not have a measurable affect on land values in the local market.

**MINERAL RIGHTS:**
According to the Dictionary of Real Estate Appraisal, mineral rights are referred to as subsurface rights, which are defined as "the rights to use and profits of the underground the portion of a designated property; usually refers to the right to extract coal, minerals, oil, gas, or other hydrocarbon substances as designated in the grant; may include a right of way over designated portions of the surface.

Mineral rights and/or mineral deposits are not a primary consideration in property transaction in the local market. This valuation includes all the mineral rights for this property in fee simple estate.  No separate or extraordinary mineral values for this property or those in the surrounding area are known to the appraiser.

**EASEMENTS, RESTRICTIONS AND RESERVATIONS, ETC:**
Easements, restrictions, etc., observed during the physical inspection and/or pointed out during the physical inspection of the subject property will be taken into consideration in this report, including typical utility easements. Easements, other than for utilities and road right-of-ways are not known to influence the subject property. The subject property is known to have road access over adjoining properties to the south, as well as providing access to other properties to the north.

**HAZARDOUS MATERIALS:**
Unless otherwise stated in this report, the existence of hazardous material, which may or may not be present on or in the subject property, was not observed by the appraiser. The appraiser has no knowledge of the existence of such materials on or in the subject property. The appraiser however is not qualified to detect such substances. The presence of substances such as asbestos, urea-formaldehyde foam insulation, radon, or other potentially hazardous materials or substances may affect the value of the property. The value estimated is predicated on the assumption that there is no such material on or in the property that would cause a loss in value.

**Supplemental Addendum**                                                                  File No. **25227fpt**

| | |
|---|---|
| Borrower | **Client-Christine Thrun** |
| Property Address | **417 Silica Ln** |
| City | **Oldtown**    County **Bonner**    State **ID**    Zip Code **83822** |
| Lender/Client | **Christine Thrun** |

General Information

### Neighborhood Boundaries

The neighborhood is the suburban area of West Bonner County including the City of Priest River (pop. 1,873) and the surrounding suburban area lying along U.S. Highway 2 in the western portion of Bonner County, Idaho (pop. 49,650). The City of Sandpoint (pop. 9,005) is the county seat, and lies some 22 miles east of the subject neighborhood.

The City of Priest River lies on the shores of the Pend Oreille River near the confluence of the priest river. The city is also the gateway to the recreation area of Priest Lake some 25 miles north via Highway 57.

Bonner County is characterized by mountains rising to 7,000 ft. With several glacial valleys running mostly north and south through the mountain ranges. There are two large lakes, Priest Lake and Lake Pend Oreille with several other smaller mountain lakes. Schweitzer ski area is located just to the northwest of Sandpoint. Other land uses include; agriculture, timber reproduction, single family residential and vacant land.

Single family residences are located on waterfront, secondary waterfront, foothill and mountain view sites of varying sizes, smaller size suburban properties and urban properties in several small cities. Sandpoint is main employment and service center in the area. Most of the employment in the area is of small service related businesses for the recreation, logging and transportation systems in the area.

### Neighborhood Description

The neighborhood is located in the Priest Lake recreation area north of Priest River, which is a 19 mile long natural lake nationally famous for its sandy beach, warm water and pristine setting against the Selkirk Range. Characteristics of this neighborhood include a variety of small and large properties mixed with single family residential and recreational interests. Elementary and secondary schools are located in Priest River. There is school bus service to the area, but no public transportation which is typical for the area. For the most part homes in the area demonstrate an average degree of exterior maintenance and upkeep.

### Neighborhood market data:

For **2019** in West Bonner County for single family dwellings, the median sale price was **$360,000, (median $280,000).** The average marketing time was 98 days. The sales price as a percentage of list price was 95.6%.
The number of sales was 182.

For **2020** in West Bonner County for single family dwellings, the median sale price was **$430,000, (median $335,000).** The average marketing time was 105 days. The sales price as a percentage of list price was 98%.
The number of sales was 172.

For **2021** in West Bonner County for single family dwellings, the median sale price was **$540,000, (median $400,000).** The average marketing time was 81 days. The sales price as a percentage of list price was 98%.
The number of sales was 213.

For **2022** in West Bonner County for single family dwellings, the median sale price was **$630,000, (median $490,000).** The average marketing time was 92 days. The sales price as a percentage of list price was 96%.
The number of sales was 110.

For **2023** in West Bonner County for single family dwellings, the median sale price was **$645,000, (median $475,000).** The average marketing time was 81 days. The sales price as a percentage of list price was 96%.
The number of sales was 79.

For **2024** in West Bonner County for single-family dwellings, the average sale price was **$555,992, (median $417,000).** The average marketing time was 102 days. The sales price as a percentage of the list price was 96%.
The number of sales was 96.

The West Bonner County market is heavily influenced by the large number of State lease lot land sales, which represents more than half the number of transactions, and have been removed from the above statistics.
Based on trend analysis and neighborhood information, and with support from the comparables' days on market, the subject is estimated to sell at the appraised value in a reasonable exposure time of 6 months with appropriate marketing techniques. These techniques include proper exposure with an asking price at approximately market value. Many items can drastically affect marketing times including economic conditions, property condition, asking price, access, etc.

Supplemental Addendum

File No. **25227fpt**

| Borrower | **Client-Christine Thrun** | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | **417 Silica Ln** | | | | | | |
| City | **Oldtown** | County | **Bonner** | State | **ID** | Zip Code | **83822** |
| Lender/Client | **Christine Thrun** | | | | | | |

General Information

**COMPARABLE SALES CONCLUSION:**

The comparison properties were discovered after research of available sales comparison in the area of Oldtown-Priest River in Western Bonner County for residential site of roughly twenty to eighty acres with focus upon properties with water-orientation, due to limited market data, research was extended to all of Western Bonner County.

The previous property comparison grid is utilized for presentation of sale comparable properties in which specific adjustments being less applicable without adequate market support, rather the comparisons are made on the more significant whole property basis, applying characteristic comparisons as discussed below with reference to overall Sale Price comparison and unit comparisons, such as Price per acre.

The sale comparisons applied represent all of the available market data is the small market segment.

Sale 1 is large, updated, mature home on a smaller acreage on the Pend Oreille River between Priest River and Sandpoint, clearly bracketing the lower end of the market range, the transaction is considered to have sold near the lower end of the market range.

Sale 2 is 27 acre Pend Oreille Riverfront site north of Newport, Washington, less weight due to out of state setting, a smaller superior home on a primary waterway, forming the lower end of the subject's market range.

Sale 3 is one of the largest acreage waterfront sites available for comparison in the three northern counties, near the south end of Lake Coeur d'Alene, with a modest and mature dwelling, hanger storage and marshy waterfront, also approximating the lower end of the subject's market range.

Sale 4 is a less recent transaction, just over one year ago, a primary comparison with 53 acres on the Kootenai River near Bonners Ferry, an updated modest and mature home, approximating the lower end of the subject's market range.

Sales 5 and 6 are superior water-oriented properties in the superior Sandpoint market area, clearly bracketing the upper end of the market range, included for market perspective rather than primary comparison, less weight.

Listings 7, 8 and 9 are the most applicable active and pending listings of this market segment and parcel size range in the greater market area, clearly bracketing the upper end with adjustment for listing to sale price ratios in this appreciating market with less weight accorded.

Greater weight is applied to the most recent, most similar, and most proximate, above the mid-point, namely Sales 3 and 4; with Sale prices in the in the range from $946,750 to $1,000,000, indicated values after adjustment from $1,070,450 to $1,151,800.

The characteristics of subject fall within the range of the market transactions, and demonstrate above average market appeal, due to lake front, lake views, solitude of dominating the east shore of the lake and the level home pad and steep terrain for a Market Value conclusion of **$1,150,000.**

**DEFINITION OF MARKET VALUE: The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions\* granted by anyone associated with the sale. (Source: FDIC Interagency Appraisal and Evaluation Guidelines, October 27, 1994.)**

> **\* Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.**

## STATEMENT OF LIMITING CONDITIONS AND CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS: The appraiser's certification that appears in the appraisal report is subject to the following conditions:**

**1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is valued on the basis of it being under responsible ownership.**

**2. Any sketch provided in the appraisal report may show approximate dimensions of the improvements and is included only to assist the reader of the report in visualizing the property. The appraiser has made no survey of the property.**

**3. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.**

**4. Any distribution of valuation between land and improvements in the report applies only under the existing program of utilization. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.**

**5. The appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous waste, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. This appraisal report must not be considered an environmental assessment of the subject property.**

**6. The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.**

**7. The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice, and any applicable federal, state or local laws.**

**8. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.**

**9. The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent. The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.**

**10. The appraiser is not an employee of the company or individual(s) ordering this report and compensation is not contingent upon the reporting of a predetermined value or direction of value or upon an action or event resulting from the analysis, opinions, conclusions, or the use of this report. This assignment is not based on a required minimum, specific valuation, or the approval of a loan.**

Form ACR2  DEFD - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

File No. **25227fpt**

**CERTIFICATION:  The appraiser certifies and agrees that:**

1.  The statements of fact contained in this report are true and correct.

2.  The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3.  Unless otherwise indicated, I have no present or prospective interest in the property that is the subject of this report and no  personal interest with respect to the parties involved.

4.  Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

5.  I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.

6.  My engagement in this assignment was not contingent upon developing or reporting predetermined results.

7.  My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

8.  My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.

9.  Unless otherwise indicated, I have made a personal inspection of the interior and exterior areas of the property that is the subject of this report, and the exteriors of all properties listed as comparables.

10.  Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification (if there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report).

**ADDRESS OF PROPERTY ANALYZED:**    417 Silica Ln, Oldtown, ID 83822

| APPRAISER: | SUPERVISORY or CO-APPRAISER (if applicable): |
|---|---|
| Signature: | Signature: |
| Name:  **Cary Vogel** | Name: |
| Title: | Title: |
| State Certification #:  **CGA-342** | State Certification #: |
| or State License #: | or State License #: |
| State:  **ID**   Expiration Date of Certification or License:  **01/15/2026** | State:   Expiration Date of Certification or License: |
| Date Signed:  **07/15/2025** | Date Signed: |
|  | ☐ Did   ☐ Did Not   Inspect Property |

Page 2 of 2

**Subject Photo Page**

| Borrower | **Client-Christine Thrun** | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | **417 Silica Ln** | | | | | | |
| City | **Oldtown** | County | **Bonner** | State | **ID** | Zip Code | **83822** |
| Lender/Client | **Christine Thrun** | | | | | | |



**Subject Front**



**Subject Rear**



**Subject Road**

Subject Interior Photo Page

| Borrower | Client-Christine Thrun | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | |



**Subject driveway**

**417 Silica Ln**
| | |
|---|---|
| Sales Price | 0 |
| Gross Living Area | 1,968 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 2.0 |
| Location | N;Res |
| View | B;Lake; |
| Site | 60.00 ac |
| Quality | C4 |
| Age | 27 |



**Subject Rear-lake frontage**



**Entry w/ wood stove**

Subject Interior Photo Page

| | |
|---|---|
| Borrower | Client-Christine Thrun |
| Property Address | 417 Silica Ln |
| City | Oldtown |
| County | Bonner |
| State | ID |
| Zip Code | 83822 |
| Lender/Client | Christine Thrun |



**Living**

| 417 Silica Ln | |
|---|---|
| Sales Price | 0 |
| Gross Living Area | 1,968 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 2.0 |
| Location | N;Res |
| View | B;Lake; |
| Site | 60.00 ac |
| Quality | C4 |
| Age | 27 |



**Dining**



**Kitchen**

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



**Kitchen bar**

**417 Silica Ln**

| | |
|---|---|
| Sales Price | 0 |
| Gross Living Area | 1,968 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 2.0 |
| Location | N;Res |
| View | B;Lake; |
| Site | 60.00 ac |
| Quality | C4 |
| Age | 27 |



**Primary Bedroom, slider to dk**



**Attached Bathroom**

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |

**Bedroom 2**



**417 Silica Ln**
| | |
|---|---|
| Sales Price | 0 |
| Gross Living Area | 1,968 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 2.0 |
| Location | N;Res |
| View | B;Lake; |
| Site | 60.00 ac |
| Quality | C4 |
| Age | 27 |

**Bathroom 2**



**Mud entry**



| Borrower | Client-Christine Thrun | | | | |
|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | |



### Office

**417 Silica Ln**

| | |
|---|---|
| Sales Price | **0** |
| Gross Living Area | **1,968** |
| Total Rooms | **5** |
| Total Bedrooms | **2** |
| Total Bathrooms | **2.0** |
| Location | **N;Res** |
| View | **B;Lake;** |
| Site | **60.00 ac** |
| Quality | **C4** |
| Age | **27** |



### Storage



### Deck w/ lake views

| Borrower | Client-Christine Thrun | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | |

### Views of lake

**417 Silica Ln**

| | |
|---|---|
| Sales Price | **0** |
| Gross Living Area | **1,968** |
| Total Rooms | **5** |
| Total Bedrooms | **2** |
| Total Bathrooms | **2.0** |
| Location | **N;Res** |
| View | **B;Lake;** |
| Site | **60.00 ac** |
| Quality | **C4** |
| Age | **27** |



### Storage carport



### 1 car carport



| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



**Shop w/ADU/1 carport**
**417 Silica Ln**

| | |
|---|---|
| Sales Price | 0 |
| Gross Living Area | 1,968 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 2.0 |
| Location | N;Res |
| View | B;Lake; |
| Site | 60.00 ac |
| Quality | C4 |
| Age | 27 |



**Shop Interior**



**ADU-living**

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



### ADU–Kitchen

**417 Silica Ln**

| | |
|---|---|
| Sales Price | **0** |
| Gross Living Area | **1,968** |
| Total Rooms | **5** |
| Total Bedrooms | **2** |
| Total Bathrooms | **2.0** |
| Location | **N;Res** |
| View | **B;Lake;** |
| Site | **60.00 ac** |
| Quality | **C4** |
| Age | **27** |



**ADU–Bathroom**



**ADU–Bedroom 1**

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



**ADU-Bedroom 2**
**417 Silica Ln**

| | |
|---|---|
| Sales Price | **0** |
| Gross Living Area | **1,968** |
| Total Rooms | **5** |
| Total Bedrooms | **2** |
| Total Bathrooms | **2.0** |
| Location | **N;Res** |
| View | **B;Lake;** |
| Site | **60.00 ac** |
| Quality | **C4** |
| Age | **27** |



**New Patio**



**Outdoor Kitchen**

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |

### Outdoor Kitchen

**417 Silica Ln**

| | |
|---|---|
| Sales Price | **0** |
| Gross Living Area | **1,968** |
| Total Rooms | **5** |
| Total Bedrooms | **2** |
| Total Bathrooms | **2.0** |
| Location | **N;Res** |
| View | **B;Lake;** |
| Site | **60.00 ac** |
| Quality | **C4** |
| Age | **27** |



### Play area



### Leanto carport



| Borrower | Client-Christine Thrun | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code 83822 |
| Lender/Client | Christine Thrun | | | | | |



Building Sketch - Page #1,200

| Borrower | Client-Christine Thrun | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code  83822 |
| Lender/Client | Christine Thrun | | | | | |



Plat Map

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



Aerial Map

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



Neighborhood Map

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



Topographic Map

| Borrower | Client-Christine Thrun | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | |



| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



**Zoning Map**

| Borrower | **Client-Christine Thrun** | | | | | |
|---|---|---|---|---|---|---|
| Property Address | **417 Silica Ln** | | | | | |
| City | **Oldtown** | County | **Bonner** | State | **ID** | Zip Code | **83822** |
| Lender/Client | **Christine Thrun** | | | | | |



# Flood Map

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



**Bonner County Parcel Information** 

## Parcel Information

| | |
|---|---|
| Parcel #: | MH56N06W120600A |
| Site Address: | 417 Silica Ln |
| | Oldtown ID 83822 - 5127 |
| Owner: | Cunningham, Eric |
| | Thrun, Christine |
| | PO Box 1205 |
| | Newport WA 99156 - 1205 |
| Twn/Range/Section: | 56N / 06W / 12 |
| Parcel Size: | |
| Lot Dimensions: | |
| Plat/Subdivision: | |
| Census Tract/Block: | |
| Levy: | 950000 / 0.0029 |
| Total Land Value: | $0.00 |
| Total Impr Value: | $129,886.00 |
| Total Value: | $129,886.00 |

### Tax Information

| Tax Year | Annual Tax |
|---|---|
| 2024 | $485.12 |
| 2023 | $600.44 |
| 2022 | $708.78 |

### Legal

12-56N-6W SWNE & E2NWNE 1990 FLEETWOOD 10 X 52

## Land

| | | | |
|---|---|---|---|
| Land Use: | 546 - MH parcel on own ld not RP | Zoning: | |
| Land Categories: | 1006 | Building Categories: | 81 - MH 8-10-12 wide |
| Recreation: | | School District: | |

## Improvement

| | | | | | |
|---|---|---|---|---|---|
| Year Built: | 1970 (1990) | Bathrooms: | | Finished SqFt: | 520 |
| Stories: | | Bedrooms: | | Heat: | Forced hot air |
| A/C: | | Garage: | Built-in 0 SqFt | Roof: | Enamel steel - Gable |
| Basement: | | Carport: | | Pool: | |
| Condition: | AV | Fireplace: | 1 | Foundation: | |

## Other Improvements

| Description | Year Built | Effective Year Built | Base Area | Finished |
|---|---|---|---|---|
| ADDN | 1990 | 1990 | | |
| ADDN | 1990 | 1990 | | |
| POLEBLDG | 1970 | 1970 | 430 | |
| MHOME | 1990 | 1990 | 528 | 1,440 |

Sentry Dynamics, Inc. and its customers make no representations, warranties or conditions, express or implied, as to the accuracy or completeness of information contained in this report.

## Tax Record– Manufactured plus addition

| Borrower | Client-Christine Thrun | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | |
| City | Oldtown | County | Bonner | State ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | |

### Bonner County Parcel Information

#### Parcel Information

Parcel #: **RP56N06W120600A**

Site Address: 417 Silica Ln
Oldtown ID 83822 - 5127

Owner: Cunningham, Eric
Thrun, Christine
PO Box 1205
Newport WA 99156 - 1205

Twn/Range/Section: 56N / 06W / 12

Parcel Size: 60.00 Acres (2,570,040 SqFt)

Lot Dimensions:

Plat/Subdivision:

Census Tract/Block: 950500 / 3004

Levy: 950000 / 0.0029

Deeds: 498513 WD ;522312 QC ;524801
QC ;522313 QC ;525592 WD

Total Land Value: $236,544.00

Total Impr Value: $106,910.00

Total Value: $343,454.00

#### Tax Information

| Tax Year | Annual Tax |
|---|---|
| 2024 | $1,247.56 |
| 2023 | $1,254.74 |
| 2022 | $1,300.78 |

#### Legal

12-56N-6W SWNE & E2NWNE 1990 FLEETWOOD 10 X 52 MH

#### Land

Land Use: 131 - Land-ag/timb w/resid Imp

Land Categories: 1006

Recreation:

Zoning: Rural 10

Building Categories: 11 - One Story

School District: 83 - West Bonner County

#### Improvement

Year Built: 1998 (2015)

Stories: 1

A/C:

Basement:

Condition: AV

Bathrooms: 1

Bedrooms: 1

Garage: Built-in 0 SqFt

Carport:

Fireplace: 1

Finished SqFt: 672

Heat: Forced hot air

Roof: Enamel steel – Gable

Pool:

Foundation:

#### Other Improvements

| Description | Year Built | Effective Year Built | Base Area | Finished |
|---|---|---|---|---|
| LEANTO | 2015 | 2015 | 364 | |

Sentry Dynamics, Inc. and its customers make no representations, warranties or conditions, express or implied, as to the accuracy or completeness of information contained in this report.

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



### Comparable 1
**10675 Lakeshore Dr**
| | |
|---|---|
| Prox. to Subject | 15.35 miles E |
| Sale Price | 785,000 |
| Gross Living Area | 1,688 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.0 |
| Location | N;Res |
| View | B;Wtr;River |
| Site | 20.12 ac |
| Quality | Q4 |
| Age | 101 |



### Comparable 2
**853 Open Skies Rd**
| | |
|---|---|
| Prox. to Subject | 8.86 miles W |
| Sale Price | 830,000 |
| Gross Living Area | 1,584 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.0 |
| Location | N;Res |
| View | B;River; |
| Site | 27.00 ac |
| Quality | C3 |
| Age | 44 |



### Comparable 3
**42820 S Highway 97**
| | |
|---|---|
| Prox. to Subject | 51.67 miles S |
| Sale Price | 946,750 |
| Gross Living Area | 1,690 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.0 |
| Location | N;Res |
| View | B;Lake-Bay; |
| Site | 35.60 ac |
| Quality | Q4 |
| Age | 78 |

Comparable Photo Page

| Borrower | Client-Christine Thrun | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code 83822 |
| Lender/Client | Christine Thrun | | | | | |



### Comparable 4
**4146 District Two Rd**

| | |
|---|---|
| Prox. to Subject | 49.72 miles NE |
| Sale Price | 1,000,000 |
| Gross Living Area | 1,344 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.0 |
| Location | N;Res |
| View | B;Wtr;River |
| Site | 53.33 ac |
| Quality | Q4 |
| Age | 92 |



### Comparable 5
**2896 Colburn Culver Rd**

| | |
|---|---|
| Prox. to Subject | 28.53 miles NE |
| Sale Price | 1,500,000 |
| Gross Living Area | 4,134 |
| Total Rooms | 7 |
| Total Bedrooms | 4 |
| Total Bathrooms | 4.0 |
| Location | N;Res; |
| View | B;Pack River; |
| Site | 20.17 ac |
| Quality | Q3 |
| Age | 18 |



### Comparable 6
**57 Maxie Ln**

| | |
|---|---|
| Prox. to Subject | 29.10 miles NE |
| Sale Price | 2,143,000 |
| Gross Living Area | 3,153 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2.0 |
| Location | N;Res; |
| View | N;Water/Meadow |
| Site | 65.16 ac |
| Quality | Q3 |
| Age | 55 |

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



**Comparable 7**

**315 Wildberry Ln**
| | |
|---|---|
| Prox. to Subject | 15.92 miles E |
| Sale Price | 1,185,000 |
| Gross Living Area | 1,395 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 1.0 |
| Location | N;Res |
| View | B;Wtr;Small lake |
| Site | 27.98 ac |
| Quality | Q4 |
| Age | 34 |



**Comparable 8**

**165 Promised Rdg**
| | |
|---|---|
| Prox. to Subject | 14.39 miles SE |
| Sale Price | 1,350,000 |
| Gross Living Area | 3,889 |
| Total Rooms | 8 |
| Total Bedrooms | 5 |
| Total Bathrooms | 3.5 |
| Location | N;Res |
| View | B;Wtr;Creek |
| Site | 19.80 ac |
| Quality | Q3 |
| Age | 3 |



**Comparable 9**

**549 Trout Creek Rd**
| | |
|---|---|
| Prox. to Subject | 30.84 miles E |
| Sale Price | 2,699,000 |
| Gross Living Area | 2,000 |
| Total Rooms | 8 |
| Total Bedrooms | 5 |
| Total Bathrooms | 4.0 |
| Location | N;Res; |
| View | B;Wtr;Riverview |
| Site | 43.00 ac |
| Quality | Q3 |
| Age | 50 |

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



USPAP Compliance Addendum

| Borrower | Client-Christine Thrun | | | | Loan # | |
| Property Address | 417 Silica Ln | | | | File # | 25227fpt |
| City | Oldtown | County | Bonner | State | ID | Zip Code 83822 |
| Lender/Client | Christine Thrun | | | | | |

## APPRAISAL AND REPORT IDENTIFICATION

This Appraisal Report is one of the following types:

[X] Appraisal Report — This report was prepared in accordance with the requirements of the Appraisal Report option of USPAP Standards Rule 2-2(a).

[ ] Restricted Appraisal Report — This report was prepared in accordance with the requirements of the Restricted Appraisal Report option of USPAP Standards Rule 2-2(b), and is intended only for the use of the client and any other named intended user(s). Users of this report must clearly understand that the report may not contain supporting rationale for all of the opinions and conclusions set forth in the report.

## ADDITIONAL CERTIFICATIONS

I certify that, to the best of my knowledge and belief:

- The statements of fact contained in this report are true and correct.

- The report analyses, opinions, and conclusions are limited only by the reported assumptions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.

- I have no (or the specified) present or prospective interest in the property that is the subject of this report and no (or specified) personal interest with respect to the parties involved.

- I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.

- My engagement in this assignment was not contingent upon developing or reporting predetermined results.

- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

- My analyses, opinions, and conclusions were developed and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

- This appraisal report was prepared in accordance with the requirements of Title XI of FIRREA and any implementing regulations.

## PRIOR SERVICES

[X] I have NOT performed services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

[ ] I HAVE performed services, as an appraiser or in another capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment. Those services are described in the comments below.

## PROPERTY INSPECTION

[ ] I have NOT made a personal inspection of the property that is the subject of this report.

[X] I HAVE made a personal inspection of the property that is the subject of this report.

## APPRAISAL ASSISTANCE

Unless otherwise noted, no one provided significant real property appraisal assistance to the person signing this certification. If anyone did provide significant assistance, they are hereby identified along with a summary of the extent of the assistance provided in the report.

**No one has provided professional assistance to the appraiser Cary Vogel (CGA-342).**

## ADDITIONAL COMMENTS

Additional USPAP related issues requiring disclosure and/or any state mandated requirements:      **None.**

## MARKETING TIME AND EXPOSURE TIME FOR THE SUBJECT PROPERTY

[X] A reasonable marketing time for the subject property is      **180**      day(s) utilizing market conditions pertinent to the appraisal assignment.

[X] A reasonable exposure time for the subject property is      **180**      day(s).

## APPRAISER

SUPERVISORY APPRAISER (ONLY IF REQUIRED)

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
| --- | --- |
| Signature | Signature |
| Name **Cary Vogel** | Name |
| Date of Signature **07/15/2025** | Date of Signature |
| State Certification # **CGA-342** | State Certification # |
| or State License # | or State License # |
| State **ID** | State |
| Expiration Date of Certification or License **01/15/2026** | Expiration Date of Certification or License |
| | Supervisory Appraiser Inspection of Subject Property |
| Effective Date of Appraisal **07/15/2025** | [ ] Did Not   [ ] Exterior-only from Street   [ ] Interior and Exterior |

USPAP Compliance Addendum 2020                                                                                    Page 1 of 1

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 417 Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |

# Cary Mitchell Vogel
## Certified General Appraiser

**VOGEL APPRAISAL**
PO BOX 1728
SANDPOINT, ID 83864
208-255-2424
610-229-7911, FAX

**APPRAISAL AND REAL ESTATE COURSES:**
Standards of Professional Practice - American Institute of Real Estate Appraisers, April 1986
Basic Appraisal, Course 1 - Idaho State Tax Commission, February 1988
Income Approach to Valuation, 200 - International Assoc. of Assessing Officers, Dec, 1988
Uniform Standards of Professional Appraisal Practice - Appraisal Institute, March 1991
Mass Appraisal of Residential Property, 301, International Assoc of Assessing Officers, 08/91
Real Estate Appraisal Principles, 1A1 - Appraisal Institute, November 1992
Real Estate Appraisal Procedures, 120 - Appraisal Institute, November 1993
Uniform Standards of Professional Appraisal Practice, Part B - Appraisal Institute, March 1993
CAMA Valuation Model Building, 305 - International Association of Assessing Officers, Jan, 94
Assessment Administration, Course 4, January 1996
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, May 1996
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, April 2001
Uniform Standards of Appraisal Professional Practice - International Assoc. of Assr Officers, May 2002
Does My Report Comply with USPAP - McKissock, April 2004
Residential Construction – McKissock, April, 2004
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, Mar 2005
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, Mar 2006
Uniform Standards for Federal Land Acquisition - Appraisal Institute, February 2007
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, March 2008
Appraising REO and Foreclosure Properties - McKissock, December 2008
Uniform Standards of Appraisal Professional Practice - McKissock, July 2009
Supervising Appraisal Trainees - Appraisal Institute, June 2009
Environmental Issues for Appraisers - McKissock, December 2009
Nuts and Bolts of Green Building for Appraisers - McKissock, December 2010
Residential Report Writing, Dave Shoemaker Appraisal School, September 2011
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, April 2012
Essential of Green Building for Appraisers - McKissock, December 2013
Appraising FHA Today - McKissock, December 2013
Cost and Market Trends - McKissock, December 2013
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, November 2014
Appraisal of Assisted Living Facilities - Appraisal Institute, December 2014
Valuation of Conservation Easements - Appraisal Institute, October 2015
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, February 2016
National USPAP Update Course - McKissock, February 2016
Uniform Standards of Federal Land Acquisition - Appraisal Institute, May 2017
Appraisal of Assisted Living Facilities - McKissock, April 2018
National USPAP Update Course - McKissock, November 2018
Introduction to Expert Witness Testimony for Appraisers - McKissock, December 2018
Fannie Mae Appraisal Guidelines: Debunking the Myths - McKissock, December 2018
National USPAP Update Course - McKissock, March 2019
Fundamentals of Appraising Luxury Homes - McKissock, December 2019
Residential Construction for the Appraiser - McKissock, December 2019
Fundamentals of Appraising Luxury Homes - McKissock, December 2019
Commercial Land Valuation - McKissock, December 2019
Spokane-Kootenai Real Estate Research Market Forum, February 2020
National USPAP Update Course - McKissock, March 2020
That's a Violation- McKissock, December 2020
Evaluations, Desktops and Other Limited Scope Appraisals- McKissock, December 2020
Supervising Trainee Course - McKissock, December 2021
National USPAP Update Course - McKissock, January 2022
Appraising for the VA – McKissock, November 2022
New Construction-Essentials-luxury Homes -McKissock, December 2022
Appraising Todays Manufactured Homes – McKissock, December 2022
The FHA Handbook 400.1 -McKissock, January 2023
Market Disturbances-Appraisals in Atypical Markets-McKissock, December 2023
National USPAP Update Course - McKissock, February 2023
Relocation Appraisal and the ERC form -McKissock, December 2023
Residential Report Writing – McKissock, December 2024
Appraisal of Industrial Flex Buildings – McKissock, December 2024

# VOGEL APPRAISAL

PO Box 1728, Sandpoint, Idaho, 83864 • 208-255-2424



**APPRAISAL OF REAL PROPERTY**

**LOCATED AT:**
Silica Ln
Oldtown, ID  83822
Portion of 01-56N-6W, S2 OF SEC S OF THREAD OF FREEMAN CREEK & E OF SHORELINE OF FREEI

**FOR:**
Christine Thrun
PO Box 959
Hayden, ID, 83835

**AS OF:**
07/15/2025

**BY:**
Cary Vogel
Vogel Appraisal
P.O Box 1728,
Sandpoint, ID 83864

LAND APPRAISAL REPORT                    File No. 25257l2v

**SUBJECT**

| | | | | |
|---|---|---|---|---|
| Borrower | Client-Christine Thrun | Census Tract | 9505.00 | Map Reference 41760 |
| Property Address | Silica Ln | | | |
| City Oldtown | County Bonner | | State ID | Zip Code 83822 |

Legal Description **Portion of 01-56N-6W, S2 OF SEC S OF THREAD OF FREEMAN CREEK & E OF SHORELINE OF FREEMAN LAKE**

| Sale Price $ 0 | Date of Sale N/A | Loan Term 0 yrs. | Property Rights Appraised ☒ Fee ☐ Leasehold ☐ De Minimis PUD |
|---|---|---|---|
| Actual Real Estate Taxes $ (yr) | Loan charges to be paid by seller $ N/A | | Other sales concessions N/A |

Lender/Client **Christine Thrun**      Address **PO Box 959, Hayden, ID 83835**

Occupant **Vacant land**      Appraiser **Cary Vogel**      Instructions to Appraiser **Estimate Market Value**

**NEIGHBORHOOD**

| | | | | | Good | Avg. | Fair | Poor |
|---|---|---|---|---|---|---|---|---|
| Location | ☐ Urban | ☒ Suburban | ☐ Rural | Employment Stability | | ☒ | | |
| Built Up | ☐ Over 75% | ☒ 25% to 75% | ☐ Under 25% | Convenience to Employment | | ☒ | | |
| Growth Rate | ☐ Fully Dev. | ☐ Rapid | ☒ Steady | ☐ Slow | Convenience to Shopping | | ☒ | | |
| Property Values | | ☐ Increasing | ☒ Stable | ☐ Declining | Convenience to Schools | | ☒ | | |
| Demand/Supply | | ☐ Shortage | ☒ In Balance | ☐ Oversupply | Adequacy of Public Transportation | | ☒ | | |
| Marketing Time | | ☐ Under 3 Mos. | ☒ 4-6 Mos. | ☐ Over 6 Mos. | Recreational Facilities | ☒ | | | |

| Present 65 % One-Unit | 5 % 2-4 Unit | 5 % Apts. | % Condo | 5 % Commercial | Adequacy of Utilities | | ☒ | | |
|---|---|---|---|---|---|---|---|---|---|
| Land Use 20 % Agriculture | % Industrial | % Vacant | | | Property Compatibility | | ☒ | | |
| Change in Present | ☐ Not Likely | ☐ Likely (*) | ☒ Taking Place (*) | | Protection from Detrimental Conditions | | ☒ | | |
| Land Use (*) From Vacant | To Single Family | | | | Police and Fire Protection | | ☒ | | |
| Predominant Occupancy | ☒ Owner | ☐ Tenant | 5 % Vacant | | General Appearance of Properties | | ☒ | | |
| One-Unit Price Range $ 100 to $ 2,000 | Predominant Value $ 500 | | | | Appeal to Market | | ☒ | | |
| One-Unit Age Range 0 yrs. to 60 yrs. | Predominant Age 30 yrs. | | | | | | | | |

Comments including those factors, favorable or unfavorable, affecting marketability (e.g. public parks, schools, view, noise)    **See Attached Addendum.**

**SITE**

| Dimensions **Irregular** | = **31.01 ac** | ☐ Corner Lot |
|---|---|---|
| Zoning Classification **Ag/forestry-20** | Present Improvements ☒ Do ☐ Do Not Conform to Zoning Regulations | |
| Highest and Best Use ☐ Present Use ☒ Other (specify) **Potential for single family residential** | | |

| | | OFF SITE IMPROVEMENTS | | |
|---|---|---|---|---|
| Elec. | ☒ Nearby | Street Access ☐ Public ☒ Private | Topo | **Level to Steep** |
| Gas | ☐ None | Surface **Gravel** | Size | **Larger than typical** |
| Water | ☐ Well on-site | Maintenance ☐ Public ☒ Private | Shape | **Irregular** |
| San. Sewer | ☐ To be Septic | ☐ Storm Sewer ☐ Curb/Gutter | View | **Freeman Lake** |
| | ☐ Underground Elect. & Tel. | ☐ Sidewalk ☐ Street Lights | Drainage | **Appears Adequate** |
| | | | Is the property located in a FEMA Special Flood Hazard Area? ☐ Yes ☒ No | |

Comments (favorable or unfavorable including any apparent adverse easements, encroachments, or other adverse conditions)   **The subject is combination of level terrain near the lake and steep wooded terrain to the east, see the attached maps and photos. The property is north of Freedom Lake Road and north of Highway 2 between Oldtown and Priest River, near the Idaho-Washington stateline more than 25 miles west of Sandpoint the County seat.**

The undersigned has recited the following recent sales of properties most similar and proximate to subject and has considered these in the market analysis. The description includes a dollar adjustment reflecting market reaction to those items of significant variation between the subject and comparable. If a significant item in the comparable property is superior to or more favorable than the subject property, a minus (–) adjustment is made, thus reducing the indicated value of subject; if a significant item in the comparable is inferior to or less favorable than the subject property, a plus (+) adjustment is made thus increasing the indicated value of the subject.

**MARKET DATA ANALYSIS**

| ITEM | SUBJECT PROPERTY | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Address | **Silica Ln** **Oldtown, ID 83822** | **Doris Ln** **Oldtown, ID 83822** | **Fox Creek Spur** **Priest River, ID 83856** | **Gold Cup Mountain Rd** **Priest River, ID 83856** |
| Proximity to Subject | | **5.47 miles S** | **12.10 miles NE** | **9.89 miles SE** |
| Sales Price | $ 0 | $ 205,000 | $ 349,500 | $ 385,000 |
| Price $/Acre | $ N/A | $ 20,500 | $ 17,500 | $ 9,600 |
| Data Source(s) | Inspection | MLS #20230596; DOM 72 | MLS #20232831; DOM 283 | MLS #20250809 DOM 62 |

| ITEM | DESCRIPTION | DESCRIPTION | +(–)$ Adjust. | DESCRIPTION | +(–)$ Adjust. | DESCRIPTION | +(–)$ Adjust. |
|---|---|---|---|---|---|---|---|
| Date of Sale/Time Adj. | N/A | s06/23;Unk | | s08/24;Unk | | s06/25;Unk | |
| Location | N;Res | N;Res; | 0 | N;Res; | 0 | N;Res; | 0 |
| Site/View | 31.01 ac/Lake | 10.0 ac/Woods; | +45,000 | 20.06 ac/Woods; | +20,000 | 40.00 Ac/Mtn/Wtr | -20,000 |
| Utilities | Nearby | Nearby | | Nearby | | Available | +15,000 |
| Topography | Level/Steep | Level | -25,000 | Rolling | -9,000 | Rolling/Steep | 0 |
| Outbuildings | None | None | | None | | None | |
| Road Access | Gravel/Private | Gravel/Private | | Gravel/Private | | Gravel/Private | |
| Sales or Financing | N/A | ArmLth | | ArmLth | | ArmLth | |
| Concessions | N/A | Cash;0 | 0 | Cash;0 | 0 | Conv;0 | 0 |
| Net Adj. (Total) | | ☒+ ☐– $ 20,000 | | ☒+ ☐– $ 11,000 | | ☐+ ☒– $ -5,000 | |
| Indicated Value of Subject | | $ 225,000 | | $ 360,500 | | $ 380,000 | |

Comments on Market Data    **See attached comments in the addendum.**

**RECONCILIATION**

Comments and Conditions of Appraisal   **Comparisons are applied on a whole property basis as presented in the addendum, rather than the typical line adjustment, due to the limited similar market data. See attached addendum for full market comparison description.**

Final Reconciliation   **The appraiser recognizes the three approaches to value (Cost, Sales Comparison and Income). Acreage properties are less frequently sold for income producing purposes. Most weight is placed upon the Sales Comparison Approach. The Cost Approach is not applicable for vacant properties.**

I (WE) ESTIMATE THE MARKET VALUE, AS DEFINED, OF THE SUBJECT PROPERTY AS OF **07/15/2025** TO BE $ **375,000**

| Appraiser **Cary Vogel** | Supervisory Appraiser (if applicable) |
|---|---|
| Date of Signature and Report **07/15/2025** | Date of Signature |
| Title | Title |
| State Certification # **CGA-342** ST **ID** | State Certification # ST |
| Or State License # ST | Or State License # ST |
| Expiration Date of State Certification or License **01/15/2026** | Expiration Date of State Certification or License |
| Date of Inspection (if applicable) **07/15/2025** | ☐ Did ☐ Did Not Inspect Property Date of Inspection |

Form LAND - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE                    08/11

ADDITIONAL COMPARABLE SALES

File No. **25257I2v**

| ITEM | SUBJECT PROPERTY | COMPARABLE NO. 4 | | COMPARABLE NO. 5 | | COMPARABLE NO. 6 | |
|---|---|---|---|---|---|---|---|
| Address **Silica Ln** **Oldtown, ID 83822** | | **East River Rd** **Coolin, ID 83821** | | **Rambler Creek Trl** **Priest River, ID 83856** | | **Highway 57** **Priest River, ID 83856** | |
| Proximity to Subject | | **18.91 miles NE** | | **10.16 miles E** | | **5.36 miles E** | |
| Sales Price | $ **0** | | $ **425,000** | | $ **464,000** | | $ **349,000** |
| Price $/Acre | $ **N/A** | | $ **N/A** | | $ **9,600** | | $ **11,600** |
| Data Source(s) | **Inspection** | **MLS #20240119; DOM 39** | | **MLS #20240147 DOM 36** | | **MLS #20250703; DOM 2** | |
| ITEM | DESCRIPTION | DESCRIPTION | +(−)$ Adjust. | DESCRIPTION | +(−)$ Adjust. | DESCRIPTION | +(−)$ Adjust. |
| Date of Sale/Time Adj. | **N/A** | **s02/24;Unk** | | **s02/24;Unk** | | **Listing** | **0** |
| Location | **N;Res** | **N;Res;** | **0** | **N;Res;** | **0** | **N;Res;** | |
| Site/View | **31.01 ac/Lake** | **20.94 ac/Rvr FF;** | **+20,000** | **40.00 Ac/Mtns** | **-20,000** | **30.50 ac/Mtns** | **0** |
| Utilities | **Nearby** | **Power on-site** | **-25,000** | **Off-Grid** | **+25,000** | **Power on-site** | **-25,000** |
| Topography | **Level/Steep** | **Sloping** | **+25,000** | **Level/Sloping** | **0** | **Sloping** | **+25,000** |
| Outbuildings | **None** | **None** | | **None** | | **None** | |
| Road Access | **Gravel/Private** | **Gravel/Public** | **-15,000** | **Gravel/Private** | | **Paved/Public** | **-25,000** |
| Sales or Financing | **N/A** | **ArmLth** | | **ArmLth** | | **Listing** | **0** |
| Concessions | **N/A** | **Seller;0** | **0** | **Conv;0** | **0** | **Active;0** | **0** |
| Net Adj. (Total) | | ☒ + ☐ − $ | **5,000** | ☒ + ☐ − $ | **5,000** | ☐ + ☒ − $ | **-25,000** |
| Indicated Value of Subject | | | $ **430,000** | | $ **469,000** | | $ **324,000** |

Comments on Market Data    **See attached.**

MARKET DATA ANALYSIS

Form LAND.(AC) - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

ADDITIONAL COMPARABLE SALES

File No. **25257I2v**

| ITEM | SUBJECT PROPERTY | COMPARABLE NO. 7 | +(−)$ Adjust. | COMPARABLE NO. 8 | +(−)$ Adjust. | COMPARABLE NO. 9 | +(−)$ Adjust. |
|---|---|---|---|---|---|---|---|
| Address | **Silica Ln** **Oldtown, ID 83822** | **Rogstad Powerline Rd** **Blanchard, ID 83804** | | **Pup Paw Trail Rd** **Priest River, ID 83856** | | **Bandy Rd** **Priest River, ID 83856** | |
| Proximity to Subject | | **13.20 miles SE** | | **4.55 miles NE** | | **14.86 miles SE** | |
| Sales Price | $ **0** | $ **375,000** | | $ **510,000** | | $ **550,000** | |
| Price $/Acre | $ **N/A** | $ **10,700** | | $ **17,000** | | $ **5,888** | |
| Data Source(s) | **Inspection** | **MLS #20210389; DOM 18** | | **MLS #20251118; DOM 75** | | **MLS #20191899 DOM 56** | |
| ITEM | DESCRIPTION | DESCRIPTION | +(−)$ Adjust. | DESCRIPTION | +(−)$ Adjust. | DESCRIPTION | +(−)$ Adjust. |
| Date of Sale/Time Adj. | **N/A** | **Listing** | **0** | **Listing** | **0** | **Listing** | **0** |
| Location | **N;Res** | **N;Res;** | | **N;Res;** | | **N;Res;** | |
| Site/View | **31.01 ac/Lake** | **35.0 ac/Mtns** | **-10,000** | **30.0 ac/Mtns** | **0** | **34.80 ac/Mtns** | **-10,000** |
| Utilities | **Nearby** | **Available** | **+15,000** | **Available** | **+15,000** | **Nearby** | |
| Topography | **Level/Steep** | **Sloping** | **+25,000** | **Sloping** | **+25,000** | **Level** | **-9,000** |
| Outbuildings | **None** | **None** | | **None** | | **None** | |
| Road Access | **Gravel/Private** | **Gravel/Private** | | **Gravel/Private** | | **Gravel/Public** | |
| Sales or Financing | **N/A** | **Pending** | **0** | **Listing** | **0** | **Listing** | **0** |
| Concessions | **N/A** | **Active;0** | **0** | **Active;0** | **0** | **Active;0** | **0** |
| Net Adj. (Total) | | ☒ + ☐ − $ | **30,000** | ☒ + ☐ − $ | **40,000** | ☐ + ☒ − $ | **-19,000** |
| Indicated Value of Subject | | $ | **405,000** | $ | **550,000** | $ | **531,000** |

Comments on Market Data

MARKET DATA ANALYSIS

08/11

ADDITIONAL COMPARABLE SALES

File No. **25257I2v**

| ITEM | SUBJECT PROPERTY | COMPARABLE NO. 10 | | COMPARABLE NO. 11 | | COMPARABLE NO. 12 | |
|---|---|---|---|---|---|---|---|
| Address | **Silica Ln** **Oldtown, ID 83822** | **Richey Ln** **Spirit Lake, ID 83869** | | **Braden Ct** **Priest River, ID 83856** | | | |
| Proximity to Subject | | **14.71 miles SE** | | **8.62 miles SE** | | | |
| Sales Price | $        **0** | $        **649,000** | | $        **1,000,000** | | $ | |
| Price  $/Acre | $        **N/A** | $        **N/A** | | $        **14,740** | | $ | |
| Data Source(s) | **Inspection** | **MLS #20251041; DOM 81** | | **MLS #20232445;DOM 665** | | | |
| ITEM | DESCRIPTION | DESCRIPTION | +(−)$ Adjust. | DESCRIPTION | +(−)$ Adjust. | DESCRIPTION | +(−)$ Adjust. |
| Date of Sale/Time Adj. | **N/A** | **Listing** | 0 | **Listing** | 0 | | |
| Location | **N;Res** | **N;Res;** | | **N;Res;** | | | |
| Site/View | **31.01 ac/Lake** | **29.83 ac/Creek** | 0 | **40.32 ac/River view** | −20,000 | | |
| Utilities | **Nearby** | **Nearby** | | **Nearby** | | | |
| Topography | **Level/Steep** | **Sloping** | +25,000 | **Steep/Wooded** | 0 | | |
| Outbuildings | **None** | **None** | | **River access** | 0 | | |
| Road Access | **Gravel/Private** | **Gravel/Private** | | **Gravel/Private** | | | |
| Sales or Financing | **N/A** | **Listing** | 0 | **Pending** | 0 | | |
| Concessions | **N/A** | **Active;0** | 0 | **Listing;0** | 0 | | |
| Net Adj. (Total) | | ☒ +    ☐ − | $        **25,000** | ☐ +    ☒ − | $        **−20,000** | ☐ +    ☐ − | $ |
| Indicated Value of Subject | | | $        **674,000** | | $        **980,000** | | $ |

Comments on Market Data

MARKET DATA ANALYSIS

08/11

Supplemental Addendum                                                                      File No. 25257I2v

| Borrower | Client-Christine Thrun | | | | |
|---|---|---|---|---|---|
| Property Address | Silica Ln | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | |

Certification

The appraisal is based upon the following assumptions and limiting conditions:

- *The appraiser has inspected as far as possible by observation, the land and the improvements; however, it was not possible to personally observe conditions beneath the ground, the appraiser does not warrant against problems arising from soil conditions, including toxic wastes.*

- *The legal description as given is assumed correct. A title report has not been provided for this assignment. No responsibility is assumed for such matters including encumbrances, ownership, etc. The property is appraised in fee simple estate as though free and clear of all encumbrances except as specifically noted within this report.*

- *The data, statistics, and opinions furnished by others and contained herein have been reasonably checked and are considered reliable and correct. The appraiser assumes no responsibility for their accuracy. If errors or omissions are subsequently found which might directly affect the information and/or conclusions offered in this report, the appraiser reserves the right to modify or correct such errors, omissions, and conclusions.*

- *Possession of this report or any copy thereof does not carry with it the right of publication nor may it be used for other than its intended use. Regulations require the appraiser to control the use and distribution of each appraisal report; only the client may distribute copies of this appraisal report in its entirety to such third parties as they may select.  However, selective portions of this appraisal report shall not be given to third parties without the prior written consent of the appraiser.*

- *Neither all nor any part of the contents of this report shall be conveyed to the public through advertising, public relations, news, sales, or other media without first obtaining the written consent and approval of the appraiser. In particular, no representations concerning the valuations, the identity of the appraiser or firm with which he is affiliated shall be conveyed.*

- *The liability of Vogel Appraisal and Cary M. Vogel CGA#342 is limited to the client only and to the fee actually received by the appraiser.  Further, there is no accountability, obligation or liability to any third party.  If this report is placed in the hands of anyone other than the client, the client shall make such party aware of all limiting conditions and assumptions of the assignment and related discussions.*
- *All maps, plans, and diagrams contained in this report are for illustrative purposes only. They  are not to be construed as accurate, nor relied upon for any other purpose;*

- *Where the value of land and other component are shown separately, the value of each is segregated only as an aid to better estimate the value which it lends to the whole parcel, rather than the value of that particular item as if it were by itself.*

- *The appraisal is based on the premise that the subject property is in full compliance with all applicable federal, state and local environmental regulations and laws unless otherwise stated in this report.*

- *It is assumed that the subject property will be under prudent and competent ownership and management, neither inefficient nor super efficient.*

- *The appraiser by reason of this report is not required to give testimony or attendance in a court of law or any other government hearing with reference to the property in question, unless prior arrangements have been made.*

- *In this appraisal assignment, the existence of potentially hazardous material has not been considered. Examples include the presence of toxic waste and natural waste such as radon gas, which may or may not be present on the property.  The appraiser is not qualified to detect such substances.*

- *The appraiser used reasonable judgment or the direction of the property owner in estimating the location of boundaries.*

- *The client of the appraiser is the person or firm ordering the appraisal report, regardless of who occupies the subject property, who paid for the report, or who is the legal owner of the subject property.*

- *The appraiser has performed no prior service for this property within three years of this date.*

**Supplemental Addendum**

File No. **25257l2v**

| Borrower | Client-Christine Thrun | | | | |
|---|---|---|---|---|---|
| Property Address | Silica Ln | | | | |
| City | Oldtown | County | Bonner | State ID | Zip Code 83822 |
| Lender/Client | Christine Thrun | | | | |

General Information

## SPECIAL ASSUMPTIONS AND LIMITING CONDITIONS

According to the Uniform Standards of Professional Appraisal Practice, "In developing a real property appraisal, an appraiser must identify any extraordinary assumptions"  and "hypothetical conditions necessary in the assignment", which are defined as follows:

**EXTRAORDINARY ASSUMPTION**: an assumption, directly related to a specific assignment, which, if found to be false, could alter the appraiser's opinions or conclusions.

**HYPOTHETICAL CONDITION**: that which is contrary to what exists but is supposed for the purpose of analysis. It is commonly known that the subject property has been used for commercial agriculture for several decades. The presence of underground tanks is not known. The existence of potentially hazardous material has not been specifically investigated. The appraiser is not qualified to detect such substances, if any.

**The appraiser has made a reasonable attempt to locate the subject and to identify the property boundaries as evidenced by use of aerial photography, fences, changes in forest management, and flagging. This report makes the Extra-ordinary assumption that the appraiser's unaided observation of the subject property reasonably approximates and adequately represents the property.**

**The subject property is appraised as vacant of significant structural improvements, excluded at request.**

**This appraisal makes the Extra-ordinary assumption that the subject has reasonable potential for access to the county road over existing roadways, as well as access adequate domestic water and sewage disposal, as well as reasonable access to the shore of Freedom Lake, all of which provide the infrastructure for adequate for development of the subject's to its Highest and Best use, typical of the market area.**

**CERTIFICATION:**
"I certify that, to the best of my knowledge and belief:
♦   The statements of fact contained in this report are true and correct;
♦   The reported analyses, opinion and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial and unbiased professional analyses, opinions, and conclusions;
♦   I have no present or prospective interest in the property that is the subject of this report and I have no personal interest with respect to the parties involved;
♦   I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment;
♦   My engagement in this assignment was not contingent upon developing or reporting predetermined results;
♦   My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal;
♦   My analyses, opinions or conclusions were developed, and this report has been prepared, in conformity with the *Uniform Standards of Professional Appraisal Practice*;
♦   Cary M. Vogel, CGA #342, has made a personal inspection of the property that is the subject of this report and prepared this appraisal report;
♦   No one provided significant real property appraisal assistance to Cary M. Vogel, CGA #342."

Cary M. Vogel, CGA #342

**Supplemental Addendum**

File No. **25257l2v**

| Borrower | **Client-Christine Thrun** | | | | | |
|---|---|---|---|---|---|---|
| Property Address | **Silica Ln** | | | | | |
| City | **Oldtown** | County | **Bonner** | State | **ID** | Zip Code **83822** |
| Lender/Client | **Christine Thrun** | | | | | |

General Information

**PURPOSE OF APPRAISAL:**
The purpose of this appraisal is to estimate the MARKET VALUE of the subject property "As Is" as of the effective of value is 07/15/2025 as the date of inspection.

**CLIENT AND INTENDED USER:**
The client and intended user is Christine Thrun of Newport, Washington.

**FUNCTION OF APPRAISAL:**
The function of this appraisal is for the EXCLUSIVE USE of: Christine Thrun for marketing purposes.

**INTENT OF APPRAISAL:**
It is intended that this appraisal to conform to the Uniform Standards of Professional Appraisal Practice of the Appraisal Foundation (USPAP), Uniform Appraisal Standards for Federal Land Acquisitions (Yellow Book), federal law and regulations regarding federal appraisal review process, and is subject to contingent and limiting conditions and assumptions set forth.

**DEFINITION OF MARKET VALUE:**
Market value is the amount in cash, or on terms reasonably equivalent to cash, for which in all probability the property would have sold on the effective date of the appraisal, after a reasonable exposure time on the open competitive market, from a willing and reasonably knowledgeable seller to a willing and reasonably knowledgeable buyer, with neither acting under any compulsion to buy or sell, giving due consideration to all available economic uses of the property at the time of the appraisal.
                    (SOURCE: Uniform Appraisal Standards for Federal Land Acquisitions)

**SALES HISTORY:**
According to public records and the property owner, there have been no sales of the subject property in the last three years.

**LISTING ACTIVITY:**
According to the local multiple listing service and the property owner, the subject property has not been listed for sale in the previous 12 months. No other formal listings of the subject property are known in the last three years.

**HIGHEST AND BEST USE:**
The subject property is Physically a combination of level and sloping, wooded terrain with frontage on Freedom Lake and private access over the gravel road with power on the adjoining property.

The subject property is Legal a 30 acres parcel in a twenty acre "Ag/forestry-20" zoned district.

The subject is Financially viable as a single family home site with perceived good market demand for the characteristic described.

This is the Maximumly Productive use among the available potential uses, which will likely bring the highest price in the local market.

**Supplemental Addendum**                                              File No. **25257I2v**

| Borrower | **Client-Christine Thrun** | | | | | |
|---|---|---|---|---|---|---|
| Property Address | **Silica Ln** | | | | | |
| City | **Oldtown** | County | **Bonner** | State **ID** | Zip Code | **83822** |
| Lender/Client | **Christine Thrun** | | | | | |

General Information

**PROPERTY RIGHTS APPRAISED:**
This appraisal is of the fee simple ownership of the surface rights along with timber contribution, if any, associated with the described real estate. Sub-surface mineral rights are not appraised nor has the title to such rights been researched or ascertained. Typically, sub-surface mineral rights do not have a measurable affect on land values in the local market.

**MINERAL RIGHTS:**
According to the Dictionary of Real Estate Appraisal, mineral rights are referred to as subsurface rights, which are defined as "the rights to use and profits of the underground the portion of a designated property; usually refers to the right to extract coal, minerals, oil, gas, or other hydrocarbon substances as designated in the grant; may include a right of way over designated portions of the surface.

Mineral rights and/or mineral deposits are not a primary consideration in property transaction in the local market. This valuation includes all the mineral rights for this property in fee simple estate.  No separate or extraordinary mineral values for this property or those in the surrounding area are known to the appraiser.

**EASEMENTS, RESTRICTIONS AND RESERVATIONS, ETC:**
Easements, restrictions, etc., observed during the physical inspection and/or pointed out during the physical inspection of the subject property will be taken into consideration in this report, including typical utility easements. Easements, other than for utilities and road right-of-ways are not known to influence the subject property. The subject property is known to have road access over adjoining properties to the south, as well as providing access to other properties to the north.

**HAZARDOUS MATERIALS:**
Unless otherwise stated in this report, the existence of hazardous material, which may or may not be present on or in the subject property, was not observed by the appraiser. The appraiser has no knowledge of the existence of such materials on or in the subject property. The appraiser however is not qualified to detect such substances. The presence of substances such as asbestos, urea-formaldehyde foam insulation, radon, or other potentially hazardous materials or substances may affect the value of the property. The value estimated is predicated on the assumption that there is no such material on or in the property that would cause a loss in value.

**Supplemental Addendum**

File No. **25257l2v**

| Borrower | **Client-Christine Thrun** | | | | |
|---|---|---|---|---|---|
| Property Address | **Silica Ln** | | | | |
| City | **Oldtown** | County | **Bonner** | State **ID** | Zip Code **83822** |
| Lender/Client | **Christine Thrun** | | | | |

General Information

### Neighborhood Boundaries

The neighborhood is the suburban area of West Bonner County including the City of Priest River (pop. 1,873) and the surrounding suburban area lying along U.S. Highway 2 in the western portion of Bonner County, Idaho (pop. 49,650). The City of Sandpoint (pop. 9,005) is the county seat, and lies some 22 miles east of the subject neighborhood.

The City of Priest River lies on the shores of the Pend Oreille River near the confluence of the priest river. The city is also the gateway to the recreation area of Priest Lake some 25 miles north via Highway 57.

Bonner County is characterized by mountains rising to 7,000 ft. With several glacial valleys running mostly north and south through the mountain ranges. There are two large lakes, Priest Lake and Lake Pend Oreille with other smaller mountain lakes. Schweitzer ski area is located just to the northwest of Sandpoint. Other land uses include; agriculture, timber reproduction, single family residential and vacant land.

Single family residences are located on waterfront, secondary waterfront, foothill and mountain view sites of varying sizes, smaller size suburban properties and urban properties in several small cities. Sandpoint is main employment and service center in the area. Most of the employment in the area is of small service related businesses for the recreation, logging and transportation systems in the area.

### Neighborhood Description

The neighborhood is located in the Priest Lake recreation area north of Priest River, which is a 19 mile long natural lake nationally famous for its sandy beach, warm water and pristine setting against the Selkirk Range. Characteristics of this neighborhood include a variety of small and large properties mixed with single family residential and recreational interests. Elementary and secondary schools are located in Priest River. There is school bus service to the area, but no public transportation which is typical for the area. For the most part homes in the area demonstrate an average degree of exterior maintenance and upkeep.

### Neighborhood market data:

For **2019** in West Bonner County for single family dwellings, the median sale price was **$360,000, (median $280,000).** The average marketing time was 98 days. The sales price as a percentage of list price was 95.6%.
The number of sales was 182.

For **2020** in West Bonner County for single family dwellings, the median sale price was **$430,000, (median $335,000).** The average marketing time was105 days. The sales price as a percentage of list price was 98%.
The number of sales was 172.

For **2021** in West Bonner County for single family dwellings, the median sale price was **$540,000, (median $400,000).** The average marketing time was 81 days. The sales price as a percentage of list price was 98%.
The number of sales was 213.

For **2022** in West Bonner County for single family dwellings, the median sale price was **$630,000, (median $490,000).** The average marketing time was 92 days. The sales price as a percentage of list price was 96%.
The number of sales was 110.

For **2023** in West Bonner County for single family dwellings, the median sale price was **$645,000, (median $475,000).** The average marketing time was 81 days. The sales price as a percentage of list price was 96%.
The number of sales was 79.

For **2024** in West Bonner County for single-family dwellings, the average sale price was **$555,992, (median $417,000).** The average marketing time was 102 days. The sales price as a percentage of the list price was 96%.
The number of sales was 96.

The West Bonner County market is heavily influenced by the large number of State lease lot land sales, which represents more than half the number of transactions, and have been removed from the above statistics.
Based on trend analysis and neighborhood information, and with support from the comparables' days on market, the subject is estimated to sell at the appraised value in a reasonable exposure time of 6 months with appropriate marketing techniques. These techniques include proper exposure with an asking price at approximately market value. Many items can drastically affect marketing times including economic conditions, property condition, asking price, access, etc.

**Supplemental Addendum**

File No. **25257I2v**

| | |
|---|---|
| Borrower | **Client-Christine Thrun** |
| Property Address | **Silica Ln** |
| City **Oldtown** | County **Bonner** State **ID** Zip Code **83822** |
| Lender/Client | **Christine Thrun** |

General Information

## COMPARABLE SALES CONCLUSION:

The comparison properties were discovered after research of available sales comparison in the area of Oldtown-Priest River in Western Bonner County for residential site of roughly thirty acres with focus upon properties with water-orientation, due to limited market data, research was extended to all of Western Bonner County.

The previous property comparison grid is utilized for presentation of sale comparable properties in which specific adjustments being less applicable without adequate market support, rather the comparisons are made on the more significant whole property basis, applying characteristic comparisons as discussed below with reference to overall Sale Price comparison and unit comparisons, such as Price per acre.

The sale comparisons applied represent all of the available market data is the small market segment.

Sale 1 is the only applicable transaction with an Oldtown address, a small ten acre parcel with level terrain, clearly bracketing the lower end of the market range, less weight applied.

Sale 2 is the recent sale of a smaller 20 acre parcel north of Priest River approaching the subject's value range, supporting weight applied.

Sale 3 is the very recent transaction of a large 40 acre property with remote setting and inferior road access, also approaching the subject's value range, supporting weight applied.

Sale 4 is a twenty plus acre parcel with public road access in the northern portion of the market area, included due its frontage on the East River, bracketing the upper end of the subject's value range, supporting the upper end.

Sale 5 is a larger acreage off Highway 57, clearly bracketing the upper end of the range, less weight applied.

Listings 6, 7, 8, 9, 10 and 11 are the most applicable active and pending listings of this market segment and parcel size range in the West Bonner County market area, clearly bracketing the upper and lower end with adjustment for listing to sale price ratios in this appreciating market with less weight accorded.

Greater weight is applied to the most recent, most similar, and most proximate, above the mid-point, namely Sales 2, 3 and 4; with Sale prices in the in the range from $349,500 to $385,000 to $425,000, indicated values after adjustment from $360,500 to $380,000 to $430,000.

The characteristics of subject fall in the mid to upper end range of the market transactions, and demonstrate above average market appeal, due to the level and steep terrain, frontage on the small lake, power nearby for a Market Value conclusion of **$375,000.**

File No. **25257I2v**

**DEFINITION OF MARKET VALUE:  The** most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus.  Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.  (Source: FDIC Interagency Appraisal and Evaluation Guidelines, October 27, 1994.)

> \* Adjustments to the comparables must be made for special or creative financing or sales concessions.  No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions.  Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction.  Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

## STATEMENT OF LIMITING CONDITIONS AND CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:  The** appraiser's certification that appears in the appraisal report is subject to the following conditions:

**1.  The** appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it.  The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title.  The property is valued on the basis of it being under responsible ownership.

**2.  Any** sketch provided in the appraisal report may show approximate dimensions of the improvements and is included only to assist the reader of the report in visualizing the property.  The appraiser has made no survey of the property.

**3.  The** appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

**4.  Any** distribution of valuation between land and improvements in the report applies only under the existing program of utilization. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

**5.  The** appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous waste, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist.  This appraisal report must not be considered an environmental assessment of the subject property.

**6.  The** appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct.  The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

**7.  The** appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice, and any applicable federal, state or local laws.

**8.  The** appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

**9.  The** appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent.  The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

**10.  The** appraiser is not an employee of the company or individual(s) ordering this report and compensation is not contingent upon the reporting of a predetermined value or direction of value or upon an action or event resulting from the analysis, opinions, conclusions, or the use of this report.  This assignment is not based on a required minimum, specific valuation, or the approval of a loan.

Form ACR2_DEFD - "TOTAL" appraisal software by a la mode, inc. - 1-800-ALAMODE

File No. **25257I2v**

**CERTIFICATION:  The appraiser certifies and agrees that:**

1.  The statements of fact contained in this report are true and correct.

2.  The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3.  Unless otherwise indicated, I have no present or prospective interest in the property that is the subject of this report and no  personal interest with respect to the parties involved.

4.  Unless otherwise indicated, I have performed no services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

5.  I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.

6.  My engagement in this assignment was not contingent upon developing or reporting predetermined results.

7.  My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

8.  My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice that were in effect at the time this report was prepared.

9.  Unless otherwise indicated, I have made a personal inspection of the interior and exterior areas of the property that is the subject of this report, and the exteriors of all properties listed as comparables.

10.  Unless otherwise indicated, no one provided significant real property appraisal assistance to the person(s) signing this certification (if there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report).

**ADDRESS OF PROPERTY ANALYZED:**    Silica Ln, Oldtown, ID 83822

| APPRAISER: | SUPERVISORY or CO-APPRAISER (if applicable): |
|---|---|
| Signature: | Signature: |
| Name:  **Cary Vogel** | Name: |
| Title: | Title: |
| State Certification #:  **CGA-342** | State Certification #: |
| or State License #: | or State License #: |
| State:  **ID**   Expiration Date of Certification or License:  **01/15/2026** | State:    Expiration Date of Certification or License: |
| Date Signed:  **07/15/2025** | Date Signed: |
| | ☐ Did   ☐ Did Not   Inspect Property |

Page 2 of 2

Subject Photo Page

| Borrower | **Client-Christine Thrun** | | | | | |
|---|---|---|---|---|---|---|
| Property Address | **Silica Ln** | | | | | |
| City | **Oldtown** | County | **Bonner** | State | **ID** | Zip Code **83822** |
| Lender/Client | **Christine Thrun** | | | | | |



**Subject Road and Freedom Lake**
Silica Ln



**Silica Lane**



**Silica Ln at the county road**

**Subject Photo Page**

| | | | | | | |
|---|---|---|---|---|---|---|
| Borrower | Client-Christine Thrun | | | | | |
| Property Address | Silica Ln | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code 83822 |
| Lender/Client | Christine Thrun | | | | | |



**Freedom Lake**

**Silica Ln**
Sales Price          0
Gross Living Area
Total Rooms
Total Bedrooms
Total Bathrooms
Location
View
Site
Quality
Age



**Subject upland terrain**



**Lower terrain**

Aerial Map

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



Neighborhood Map

| Borrower | Client-Christine Thrun | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Property Address | Silica Ln | | | | | | | |
| City | Oldtown | County | Bonner | | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | | |



Topographic Map

| Borrower | Client-Christine Thrun | | | | | |
|---|---|---|---|---|---|---|
| Property Address | Silica Ln | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | |



| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |





Bonner County Parcel Information

## Parcel Information

| | |
|---|---|
| Parcel #: | RP56N06W019050A |
| Site Address: | |
| | ID 83822 |
| Owner: | Thrun, Christine |
| | Cunningham, Eric |
| | PO Box 1205 |
| | Newport WA 99156 - 1205 |
| Twn/Range/Section: | 56N / 06W / 01 |
| Parcel Size: | 31.01 Acres (1,350,796 SqFt) |
| Lot Dimensions: | |
| Plat/Subdivision: | Thread Of Freeman Creek |
| Census Tract/Block: | 950600 / 3004 |
| Levy: | 950000 / 0.0029 |
| Deeds: | 525592 WD  522313 QC  524801 |
| | QC  522312 QC  498513 WD |
| Total Land Value: | $12,584.00 |
| Total Impr Value: | $0.00 |
| Total Value: | $12,584.00 |

## Tax Information

| Tax Year | Annual Tax |
|---|---|
| 2024 | $52.48 |
| 2023 | $53.44 |
| 2022 | $64.80 |

### Legal

1-56N-6W S2 OF SEC 5 OF THREAD OF FREEMAN CREEK & E OF SHORELINE OF FREEMAN LAKE

## Land

| | | | |
|---|---|---|---|
| Land Use: | 106 - Productivity forest land | Zoning: | Agricultural/Forestry 20 |
| Land Categories: | 7008 | Building Categories: | |
| Recreation: | | School District: | 83 - West Bonner County |

## Improvement

| | | | | | |
|---|---|---|---|---|---|
| Year Built: | | Bathrooms: | | Finished SqFt: | |
| Stories: | | Bedrooms: | | Heat: | |
| A/C: | | Garage: | | Roof: | |
| Basement: | | Carport: | | Pool: | |
| Condition: | | Fireplace: | | Foundation: | |

Sentry Dynamics, Inc. and its customers make no representations, warranties or conditions, express or implied, as to the accuracy or completeness of information contained in this report.

Comparable Photo Page

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



### Comparable 1
**Doris Ln**
| | |
|---|---|
| Prox. to Subject | 5.47 miles S |
| Sale Price | 205,000 |
| Gross Living Area | 924 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 1 |
| Location | N;Res; |
| View | 10.0 ac/Woods; |
| Site | 8.00 ac |
| Quality | Q5 |
| Age | 39 |



### Comparable 2
**Fox Creek Spur**
| | |
|---|---|
| Prox. to Subject | 12.10 miles NE |
| Sale Price | 349,500 |
| Gross Living Area | 672 |
| Total Rooms | 4 |
| Total Bedrooms | 1 |
| Total Bathrooms | 1 |
| Location | N;Res; |
| View | 20.06 ac/Woods; |
| Site | 10.00 ac |
| Quality | Q4 |
| Age | 42 |



### Comparable 3
**Gold Cup Mountain Rd**
| | |
|---|---|
| Prox. to Subject | 9.89 miles SE |
| Sale Price | 385,000 |
| Gross Living Area | 420 |
| Total Rooms | 4 |
| Total Bedrooms | 1 |
| Total Bathrooms | 1 |
| Location | N;Res; |
| View | 40.00 Ac/Mtn/Wtr |
| Site | 10.00 ac |
| Quality | Q4 |
| Age | 28 |

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



### Comparable 4
**East River Rd**
| | |
|---|---|
| Prox. to Subject | 18.91 miles NE |
| Sale Price | 425,000 |
| Gross Living Area | 620 |
| Total Rooms | 4 |
| Total Bedrooms | 1 |
| Total Bathrooms | 1 |
| Location | N;Res; |
| View | 20.94 ac/Rvr FF; |
| Site | 10.08 ac |
| Quality | Q4 |
| Age | 5 |



### Comparable 5
**Rambler Creek Trl**
| | |
|---|---|
| Prox. to Subject | 10.16 miles E |
| Sale Price | 464,000 |
| Gross Living Area | 1,012 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 1 |
| Location | N;Res; |
| View | 40.00 Ac/Mtns |
| Site | 4.93 ac |
| Quality | Q4 |
| Age | 67 |



### Comparable 6
**Highway 57**
| | |
|---|---|
| Prox. to Subject | 5.36 miles E |
| Sale Price | 349,000 |
| Gross Living Area | 804 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 0 |
| Location | N;Res; |
| View | 30.50 ac/Mtns |
| Site | 6.00 ac |
| Quality | Q5 |
| Age | 23 |

Comparable Photo Page

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |

### Comparable 7



| | |
|---|---|
| Prox. to Subject | 13.20 miles SE |
| Sale Price | 375,000 |
| Gross Living Area | |
| Total Rooms | |
| Total Bedrooms | |
| Total Bathrooms | |
| Location | N;Res; |
| View | 35.0 ac/Mtns |
| Site | |
| Quality | |
| Age | |

### Comparable 8



| | |
|---|---|
| Prox. to Subject | 4.55 miles NE |
| Sale Price | 510,000 |
| Gross Living Area | |
| Total Rooms | |
| Total Bedrooms | |
| Total Bathrooms | |
| Location | N;Res; |
| View | 30.0 ac/Mtns |
| Site | |
| Quality | |
| Age | |

### Comparable 9
**Bandy Rd**



| | |
|---|---|
| Prox. to Subject | 14.86 miles SE |
| Sale Price | 550,000 |
| Gross Living Area | |
| Total Rooms | |
| Total Bedrooms | |
| Total Bathrooms | |
| Location | N;Res; |
| View | 34.80 ac/Mtns |
| Site | |
| Quality | |
| Age | |

Comparable Photo Page

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



### Comparable 10
**Richey Ln**
| | |
|---|---|
| Prox. to Subject | 14.71 miles SE |
| Sale Price | 649,000 |
| Gross Living Area | |
| Total Rooms | |
| Total Bedrooms | |
| Total Bathrooms | |
| Location | N;Res; |
| View | 29.83 ac/Creek |
| Site | |
| Quality | |
| Age | |



### Comparable 11
**Braden Ct**
| | |
|---|---|
| Prox. to Subject | 8.62 miles SE |
| Sale Price | 1,000,000 |
| Gross Living Area | |
| Total Rooms | |
| Total Bedrooms | |
| Total Bathrooms | |
| Location | N;Res; |
| View | 40.32 ac/River view |
| Site | |
| Quality | |
| Age | |

### Comparable 12
| | |
|---|---|
| Prox. to Subject | |
| Sale Price | |
| Gross Living Area | |
| Total Rooms | |
| Total Bedrooms | |
| Total Bathrooms | |
| Location | |
| View | |
| Site | |
| Quality | |
| Age | |

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |



USPAP Compliance Addendum

| | | Loan # | |
|---|---|---|---|
| | | File # | **2525712v** |

| Borrower | **Client-Christine Thrun** | | | | | |
|---|---|---|---|---|---|---|
| Property Address | **Silica Ln** | | | | | |
| City | **Oldtown** | County | **Bonner** | State | **ID** | Zip Code **83822** |
| Lender/Client | **Christine Thrun** | | | | | |

## APPRAISAL AND REPORT IDENTIFICATION

This Appraisal Report is one of the following types:

☒ Appraisal Report — This report was prepared in accordance with the requirements of the Appraisal Report option of USPAP Standards Rule 2-2(a).

☐ Restricted Appraisal Report — This report was prepared in accordance with the requirements of the Restricted Appraisal Report option of USPAP Standards Rule 2-2(b), and is intended only for the use of the client and any other named intended user(s). Users of this report must clearly understand that the report may not contain supporting rationale for all of the opinions and conclusions set forth in the report.

## ADDITIONAL CERTIFICATIONS

I certify that, to the best of my knowledge and belief:

- The statements of fact contained in this report are true and correct.

- The report analyses, opinions, and conclusions are limited only by the reported assumptions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.

- I have no (or the specified) present or prospective interest in the property that is the subject of this report and no (or specified) personal interest with respect to the parties involved.

- I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.

- My engagement in this assignment was not contingent upon developing or reporting predetermined results.

- My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

- My analyses, opinions, and conclusions were developed and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

- This appraisal report was prepared in accordance with the requirements of Title XI of FIRREA and any implementing regulations.

## PRIOR SERVICES

☒ I have NOT performed services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

☐ I HAVE performed services, as an appraiser or in another capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment. Those services are described in the comments below.

## PROPERTY INSPECTION

☐ I have NOT made a personal inspection of the property that is the subject of this report.

☒ I HAVE made a personal inspection of the property that is the subject of this report.

## APPRAISAL ASSISTANCE

Unless otherwise noted, no one provided significant real property appraisal assistance to the person signing this certification. If anyone did provide significant assistance, they are hereby identified along with a summary of the extent of the assistance provided in the report.

**No one has provided professional assistance to the appraiser Cary Vogel (CGA-342).**

## ADDITIONAL COMMENTS

Additional USPAP related issues requiring disclosure and/or any state mandated requirements: **None.**

## MARKETING TIME AND EXPOSURE TIME FOR THE SUBJECT PROPERTY

☒ A reasonable marketing time for the subject property is **180** day(s) utilizing market conditions pertinent to the appraisal assignment.

☒ A reasonable exposure time for the subject property is **180** day(s).

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature | Signature |
| Name **Cary Vogel** | Name |
| Date of Signature **07/15/2025** | Date of Signature |
| State Certification # **CGA-342** | State Certification # |
| or State License # | or State License # |
| State **ID** | State |
| Expiration Date of Certification or License **01/15/2026** | Expiration Date of Certification or License |
| | Supervisory Appraiser Inspection of Subject Property |
| Effective Date of Appraisal **07/15/2025** | ☐ Did Not   ☐ Exterior-only from Street   ☐ Interior and Exterior |

USPAP Compliance Addendum 2020

Page 1 of 1

| Borrower | Client-Christine Thrun | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | Silica Ln | | | | | | |
| City | Oldtown | County | Bonner | State | ID | Zip Code | 83822 |
| Lender/Client | Christine Thrun | | | | | | |

# Cary Mitchell Vogel
## Certified General Appraiser

**VOGEL APPRAISAL**
PO BOX 1728
SANDPOINT, ID 83864
208-255-2424
610-229-7911, FAX

**APPRAISAL AND REAL ESTATE COURSES:**

Standards of Professional Practice - American Institute of Real Estate Appraisers, April 1986
Basic Appraisal, Course 1 - Idaho State Tax Commission, February 1988
Income Approach to Valuation, 200 - International Assoc. of Assessing Officers, Dec, 1988
Uniform Standards of Professional Appraisal Practice - Appraisal Institute, March 1991
Mass Appraisal of Residential Property, 301, International Assoc of Assessing Officers, 08/91
Real Estate Appraisal Principles, 1A1 - Appraisal Institute, November 1992
Real Estate Appraisal Procedures, 120 - Appraisal Institute, November 1993
Uniform Standards of Professional Appraisal Practice, Part B - Appraisal Institute, March 1993
CAMA Valuation Model Building, 305 - International Association of Assessing Officers, Jan, 94
Assessment Administration, Course 4, January 1996
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, May 1996
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, April 2001
Uniform Standards of Appraisal Professional Practice - International Assoc. of Assr Officers, May 2002
Does My Report Comply with USPAP - McKissock, April 2004
Residential Construction – McKissock, April, 2004
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, Mar 2005
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, Mar 2006
Uniform Standards for Federal Land Acquisition - Appraisal Institute, February 2007
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, March 2008
Appraising REO and Foreclosure Properties - McKissock, December 2008
Uniform Standards of Appraisal Professional Practice - McKissock, July 2009
Supervising Appraisal Trainees - Appraisal Institute, June 2009
Environmental Issues for Appraisers - McKissock, December 2009
Nuts and Bolts of Green Building for Appraisers - McKissock, December 2010
Residential Report Writing, Dave Shoemaker Appraisal School, September 2011
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, April 2012
Essential of Green Building for Appraisers - McKissock, December 2013
Appraising FHA Today - McKissock, December 2013
Cost and Market Trends - McKissock, December 2013
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, November 2014
Appraisal of Assisted Living Facilities - Appraisal Institute, December 2014
Valuation of Conservation Easements - Appraisal Institute, October 2015
Uniform Standards of Appraisal Professional Practice - Appraisal Institute, February 2016
National USPAP Update Course - McKissock, February 2016
Uniform Standards of Federal Land Acquisition - Appraisal Institute, May 2017
Appraisal of Assisted Living Facilities - McKissock, April 2018
National USPAP Update Course - McKissock, November 2018
Introduction to Expert Witness Testimony for Appraisers - McKissock, December 2018
Fannie Mae Appraisal Guidelines: Debunking the Myths - McKissock, December 2018
National USPAP Update Course - McKissock, March 2019
Fundamentals of Appraising Luxury Homes - McKissock, December 2019
Residential Construction for the Appraiser - McKissock, December 2019
Fundamentals of Appraising Luxury Homes - McKissock, December 2019
Commercial Land Valuation - McKissock, December 2019
Spokane-Kootenai Real Estate Research Market Forum, February 2020
National USPAP Update Course - McKissock, March 2020
That's a Violation- McKissock, December 2020
Evaluations, Desktops and Other Limited Scope Appraisals- McKissock, December 2020
Supervising Trainee Course - McKissock, December 2021
National USPAP Update Course - McKissock, January 2022
Appraising for the VA – McKissock, November 2022
New Construction-Essentials-luxury Homes -McKissock, December 2022
Appraising Todays Manufactured Homes – McKissock, December 2022
The FHA Handbook 400.1 -McKissock, January 2023
Market Disturbances-Appraisals in Atypical Markets-McKissock, December 2023
National USPAP Update Course - McKissock, February 2023
Relocation Appraisal and the ERC form -McKissock, December 2023
Residential Report Writing – McKissock, December 2024
Appraisal of Industrial Flex Buildings – McKissock, December 2024

Type text here

Exhibit 6

## RE: Settlement offer from Eric Cunningham

From:  Carmela T. Pagay (ctp@lnbyg.com)

To:    rockymountainlaw@yahoo.com

Date:  Friday, November 14, 2025 at 04:45 PM MST

Martina:  The Trustee is agreeable to the terms below—but we need to clarify—there will be no abandonment if the property is in escrow by June 30, 2026, as we often have no control over when a sale actually closes.

When "rent" from Eric was mentioned, it was not rent in the normal sense, but compensation for Eric's sole use of the property.  Indeed, since we have been informed that Eric has been renting out the property via AIRBNB, the Trustee has requested that an accounting of rents received since the petition date be provided for his records.

With regard to the division of proceeds, our sale procedures motion will provide that section 363(j) of the Bankruptcy Code requires a split down the middle since title to the property is held by Eric and Christine as tenants in common.  Eric's exemption will be paid from the estate's share.

Carmela



**Carmela T. Pagay, Esq.**
2818 La Cienega Avenue   |   Los Angeles, CA  90034
Phone  310 229 1234   |   Direct  310 229 3362   |   Fax  310 229 1244
CTP@lnbyg.com   |   www.lnbyg.com
The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Golubchik L.L.P.'s
email policies which can be found at http://www.lnbyg.com/disclaimers.htm.
🌐 Please consider the environment before printing this email

**From:** Martina Slocomb <rockymountainlaw@yahoo.com>
**Sent:** Tuesday, November 4, 2025 8:52 AM
**To:** Carmela T. Pagay <CTP@lnbyg.com>
**Subject:** Re: Settlement offer from Eric Cunningham

Carmela,

Eric agrees to allow the sale efforts to continue through June 30, 2026.  However, we want a written agreement on that term and that the property will be abandoned to Eric and the co-owner if it doesn't sell for at least $1.5 million by that date.

I suggest that the trustee seek a sale procedures order when he moves to employ the broker, which can include the terms of an agreement between the trustee and Eric.  Based on the information that you have shared, there is likely to be a dispute over division of the proceeds between Eric and Christine.  If the trustee files a motion for sale procedures now, the issue of

distribution of proceeds can be included and resolved so that all that needs to be done when the property sells is to get court approval of the buyer and price.

Below is an itemization of the contributions of each party to the property.  Christine is not entitled to rent from Eric as a co-tenant under Idaho law unless she sought access to the property and was legally denied access.  The property was vacant from 1998 to 2020 during which time both Eric and Christine had access.  Since 2020, Eric has invited Christine to use the property multiple times.  See citations regarding rent between co-tenants below.  Eric is also gathering all of his written communication with Christine on these issues.  Eric is willing to work with Christine to come to an agreement on the division, but we will need you to share her attorney contact information to make that happen.

Eric
| Principal & int. payments | $175,000 |
| Property Taxes | $54,830.00 |
| Utilities | $26,062.56 |
| Repairs/Improvements | $175,792.74 |
| Home Insurance | $4,884.27 |
| Essential Equipment | $42,000.00 |
| Security | $1,812.00 |
| Tree Removal | $6,050.00 |
| TOTAL | $486,431 |

Christine
| Down payment | $75,000 |
| Garage | $50,000.00 |
| TOTAL | $125,000 |

Thanks,
Martina

_____

*In re the Estate of Mary Elizabeth Randall, Deceased*, 132 P.2d 763, 64 Idaho 629 (Idaho 1942), 637
It is an established rule in this state, as well as elsewhere, that a tenant in common is entitled to the use and possession of the common property, subject only to the condition that he may not exclude another cotenant from like use and possession. (Washington Irr. Dist. v. Talboy,  55 Idaho 382, 43 P.2d 943, and cases cited.) It is also well settled that a cotenant in possession is liable for rent only in cases where he has leased or let property for profit, in which case he must account for the profits realized. (Washington County Irr. Dist. v. Talboy, supra; 62 C. J., pp. 446-449.) Here there is no contention made that appellants realized any rents or profits from the residence property, nor does it appear that any one of the cotenants sought possession or occupancy of the premises during the time appellants occupied it.

*Cox v. Cox*, 71 P.3d 1028, 138 Idaho 881 (Idaho 2003), 1034

Tenants in common are entitled to use and possess common property subject to the condition that they may not exclude other co-tenants from use and possession of the common property. Watts v. Krebs, 131 Idaho 616, 623, 962 P.2d 387, 394 (1998). Though a settled issue in many states, no Idaho court has decided the issue of whether an ousted co-tenant is entitled to a proportion of the

fair rental value of common property. The majority rule is that when one co-tenant excludes another co-tenant from use and possession of common property, the excluding co-tenant is liable for the value of their exclusive use of the property, including rent. Sack v. Tomlin, 110 Nev. 204, 871 P.2d 298, 306 (1994); Palmer v. Protrka, 257 Or. 23, 476 P.2d 185, 190 (1970) (when difficulties in personal relationships between cotenants make co-occupancy impossible, the excluded co-tenant is entitled to the rental value of their interest in the property); Ireland v. Flanagan, 51 Or.App. 837, 627 P.2d 496, 500 (1981); Maxfield v. Maxfield, 47 Wash.App. 699, 737 P.2d 671, 676 (1987); Cummings v. Anderson, 94 Wash.2d 135, 614 P.2d 1283, 1289 (1980) (where property is not adaptable to double occupancy, the mere occupation by one co-tenant may operate to exclude the other). This Court adopts this position.

Martina A. Slocomb

Rocky Mountain Law Group PLLC

562.682.2951

rockymountainlaw@yahoo.com

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email.

On Thursday, October 30, 2025 at 03:56:29 PM MDT, Carmela T. Pagay <ctp@lnbyg.com> wrote:

Hi Martina:  Since it is practically November and it will take another month or so to get the broker approved after our stipulation to sell the property in its entirety is approved, the Trustee would prefer that he have the ability to sell the property through June 2026.  This will also take us beyond the winter months, which I would think slow down any marketing/showing activity in the area.

We plan to seek approval of the division of the proceeds as part of the sale motion.

Carmela



**Carmela T. Pagay, Esq.**

2818 La Cienega Avenue  |  Los Angeles, CA  90034

Phone  310 229 1234  |  Direct  310 229 3362  |  Fax  310 229 1244

CTP@lnbyg.com  |  www.lnbyg.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Golubchik L.L.P.'s
email policies which can be found at http://www.lnbyg.com/disclaimers.htm.

 Please consider the environment before printing this email

---

**From:** Martina Slocomb <rockymountainlaw@yahoo.com>
**Sent:** Wednesday, October 29, 2025 8:29 AM
**To:** Carmela T. Pagay <CTP@lnbyg.com>
**Subject:** Re: Settlement offer from Eric Cunningham

Carmela,

If 120 days seems tight, can you propose another timeframe?  Eric wants some assurances that this will not drag on with no progress.  We would like to avoid opposing your motion if at all possible and are open to a longer period if it is reasonable and finite.

As for the co-owner's claim, how do you intend to get court approval for division of the proceeds? Will you do that in your sale motion?

Thanks,
Martina

Martina A. Slocomb

Rocky Mountain Law Group PLLC

562.682.2951

rockymountainlaw@yahoo.com

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email.

On Tuesday, October 28, 2025 at 10:36:23 AM MDT, Carmela T. Pagay <ctp@lnbyg.com> wrote:

Dear Martina:  I think we are now in agreement that the property should be sold via the Bankruptcy Court process—employment of broker, and upon acceptance of an offer, seeking approval of the sale subject to overbids.  We will have the broker market promptly upon approval of their employment by the Court.  A 120-day selling period seems a bit tight since that would put us right into the winter months.  As you acknowledged, you may inform the Court of any concerns about the sale process if it goes beyond 120 days.

To clarify, we are not taking sides here.  I was merely mentioning what we were informed and information that the Court will likely be made aware of (i.e., what the co-owner will claim she is owed).  We all have the same goal of getting the property sold and closing the case after that.  Hopefully we remain committed to working together through the end of this process.

Carmela



**Carmela T. Pagay, Esq.**

2818 La Cienega Avenue   |   Los Angeles, CA  90034

Phone  310 229 1234   |   Direct  310 229 3362   |   Fax  310 229 1244

CTP@lnbyg.com   |   www.lnbyg.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Golubchik L.L.P.'s email policies which can be found at http://www.lnbyg.com/disclaimers.htm.

 Please consider the environment before printing this email

**From:** Martina Slocomb <rockymountainlaw@yahoo.com>
**Sent:** Tuesday, October 28, 2025 7:47 AM
**To:** Carmela T. Pagay <CTP@lnbyg.com>
**Subject:** Re: Settlement offer from Eric Cunningham

Carmela,

How do you intend to structure the sale?  Are you going to request overbids and have the court conduct an auction?  It seems that in this case, asking for approval for a more traditional private sale would make sense, particularly since there are likely few buyers for this type of property and the property is not located in California.

Eric will agree to a 120-day selling period once you have a court order employing the broker.  We will not agree to a completely open-ended selling period.  If the trustee seeks to move forward without a set timeframe, we will file a limited objection.

Eric has paid hundreds of thousands of dollars to update the property and make it livable.  The notion that he would owe the co-owner rent on top of that is laughable.  I would encourage you to avoid taking sides in this matter based on allegations from her that are not supported by the facts.

Martina A. Slocomb

Rocky Mountain Law Group PLLC

562.682.2951

rockymountainlaw@yahoo.com

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email.

On Monday, October 27, 2025 at 05:51:26 PM MDT, Carmela T. Pagay <ctp@lnbyg.com> wrote:

Hi Martina: The Trustee is moving forward with entering into an agreement with the co-owner to get the property sold in its entirety.  I am informed that counsel is tied up this week with a couple of big deadlines but we anticipate being able to get that stipulation on file and approved next week.  Then we can employ the broker.  If you would like information on the broker so that we do not have to deal with an objection from you which would delay matters, we are happy to provide it.  With regard to the sale deadlines, it will not be possible for the Trustee to commit to a 60 day selling period given this time of year without significantly prejudicing the estate.  I would think Mr. Cunningham would want the best marketing efforts to be made so that the highest selling price is achieved.  Also, while we understand that Mr. Cunningham is anxious to get the case closed, I am informed that he has been living rent-free on the property for many years (i.e., no compensation to the co-owner all that time) and possibly making money off the property, so hopefully he can support the Trustee's sale efforts at this time while he continues being able to stay at the property.

Thank you,

Carmela



**Carmela T. Pagay, Esq.**

2818 La Cienega Avenue   |   Los Angeles, CA  90034

Phone  310 229 1234  |  Direct  310 229 3362  |  Fax  310 229 1244

CTP@lnbyg.com   |   www.lnbyg.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Golubchik L.L.P.'s
email policies which can be found at http://www.lnbyg.com/disclaimers.htm.

 Please consider the environment before printing this email

---

**From:** Carmela T. Pagay
**Sent:** Friday, October 24, 2025 11:39 AM
**To:** 'Martina Slocomb' <rockymountainlaw@yahoo.com>
**Subject:** RE: Settlement offer from Eric Cunningham

Hi Martina:  I got your voicemail as well.  I'll have an update by Monday.


Thank you,

Carmela





**Carmela T. Pagay, Esq.**

2818 La Cienega Avenue   |   Los Angeles, CA  90034

Phone  310 229 1234   |   Direct  310 229 3362   |   Fax  310 229 1244

CTP@lnbyg.com   |   **www.lnbyg.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Golubchik L.L.P.'s
email policies which can be found at http://www.lnbyg.com/disclaimers.htm.

 Please consider the environment before printing this email

---

**From:** Martina Slocomb <rockymountainlaw@yahoo.com>
**Sent:** Wednesday, October 22, 2025 10:33 AM
**To:** Carmela T. Pagay <CTP@lnbyg.com>
**Subject:** Re: Settlement offer from Eric Cunningham


Carmela,


Do you have an update after speaking with the real estate agent on the timing of a sale?  We'd like to agree on a date when the trustee will seek approval for the sale procedures motion. This case has been pending for a long time, and Eric reasonably expects concrete steps forward with deadlines for progress.


# Martina A. Slocomb

## Rocky Mountain Law Group PLLC

562.682.2951

rockymountainlaw@yahoo.com

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email.

On Friday, October 17, 2025 at 05:12:43 PM MDT, Carmela T. Pagay <ctp@lnbyg.com> wrote:

[SETTLEMENT COMMUNICATION SUBJECT TO FRE 408]

Dear Martina:  Thank you for the settlement offer.  I have discussed it with the Trustee.  It appears that we are aligned in our goal to get the Idaho property sold for the maximum price.  To achieve that, we are already in communications with the co-owner's counsel and the co-owner is on board to getting the property sold through the bankruptcy case. We appreciate the debtor's offer to cooperate with the sale.  He can remain at the property until it is sold, provided he keeps it in good condition for showings and does not hinder any marketing efforts.  With regard to the proposed timeframe for selling the property, we are checking with the local broker for an estimate for a sale.  I believe we are also aligned in our goal to getting the property sold as soon as possible but the estate does not want to commit to a deadline right now without checking if it is feasible for the property to be sold during a short period.

Carmela



**LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.**
LAW OFFICES

**Carmela T. Pagay, Esq.**

2818 La Cienega Avenue    |    Los Angeles, CA  90034

Phone  310 229 1234  |  Direct  310 229 3362  |  Fax  310 229 1244

CTP@lnbyg.com  |  www.lnbyg.com

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Golubchik L.L.P.'s
email policies which can be found at http://www.lnbyg.com/disclaimers.htm.

🌐 Please consider the environment before printing this email

---

**From:** Carmela T. Pagay <CTP@lnbyg.com>
**Sent:** Tuesday, October 7, 2025 5:39 PM
**To:** Martina Slocomb <rockymountainlaw@yahoo.com>
**Subject:** Re: Settlement offer from Eric Cunningham


Hi Martina: Thank you for the email. I am out of town until tomorrow and intend to discuss the offer with the Trustee upon my return. I will aim to get back to you by Friday.


Carmela

---

**From:** Martina Slocomb <rockymountainlaw@yahoo.com>
**Sent:** Sunday, October 5, 2025 5:58:30 PM
**To:** Carmela T. Pagay <CTP@lnbyg.com>
**Subject:** Fw: Settlement offer from Eric Cunningham


Carmela,


I sent the below email this morning, but it bounced back.  Hopefully you receive it this time.


Martina Slocomb


----- Forwarded Message -----

**From:** Martina Slocomb <rockymountainlaw@yahoo.com>

**To:** Martina Slocomb <martina@redhilllawgroup.com>; ctp@inbyg.com <ctp@inbyg.com>

**Sent:** Sunday, October 5, 2025 at 08:25:29 AM MDT

**Subject:** Settlement offer from Eric Cunningham

Hi Carmela,

I received your voice mail.  In light of the high appraisal, it seems like the trustee should try to move forward with a sale that would pay creditors in full.  Eric wants this case to be resolved and to move forward with his life.  The case has already been pending for a long time, and we thought the issue of this property resolved.  In light of this, Eric proposes the following terms to move forward with a sale of the Idaho property:

- Eric agrees to allow trustee to try to sell the residence for the price stated in the most recent appraisal by the co-owner ($1,733,752 for both parcels)

- Eric consents to a sale price as low as $1,500,000

- The trustee shall have 7 days to file a motion for approval of sale procedures to allow a private sale by a real estate agent without further court order and motion to approve this settlement

- The trustee shall be responsible for ensuring cooperation by the co-owner

- Once a sale procedures order is entered, the trustee shall have 60 days to enter a contract for the sale; the days to close shall not be more than 45 days

- If the trustee is unable to sell the residence within these time frames, the trustee shall abandon the property to Eric

- Eric may continue to reside in the residence pending sale efforts and will keep it in a condition appropriate to show to potential buyers

Martina A. Slocomb

562.682.2951

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email.

Exhibit 7

## RE: Cunningham

From:  Carmela T. Pagay (ctp@lnbyg.com)

To:    rockymountainlaw@yahoo.com

Date:  Thursday, December 18, 2025 at 04:26 PM MST

Hi Martina:  The Trustee will be continuing Monday's 341a.  We can employ a real estate agent as soon as we have a 363(h) stipulation approved.  I am in communications with the co-owner's counsel re that.



**Carmela T. Pagay, Esq.**
2818 La Cienega Avenue  |  Los Angeles, CA  90034
Phone  310 229 1234  |  Direct  310 229 3362  |  Fax  310 229 1244
CTP@lnbyg.com  |  www.lnbyg.com
The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Golubchik L.L.P.'s
email policies which can be found at http://www.lnbyg.com/disclaimers.htm.
 Please consider the environment before printing this email

**From:** Martina Slocomb <rockymountainlaw@yahoo.com>
**Sent:** Thursday, December 18, 2025 1:46 PM
**To:** Carmela T. Pagay <CTP@lnbyg.com>
**Subject:** Cunningham

Hi Carmela,

Does Eric need to attend the 341a meeting on Monday?

It seems that we are on the same page moving forward and any questions that might come up can be resolved by email or a further continued 341a.  I have spoken with the co-owner's attorney and am waiting for Eric to collect receipts for the work he did to the property before I follow up with the attorney.  We would like to know when you plan to move to employ a real estate agent.

Thanks,

Martina

Martina A. Slocomb

Rocky Mountain Law Group PLLC

562.682.2951

rockymountainlaw@yahoo.com

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email.

Exhibit 8

## RE: Thrun / Cunningham

From:   Carmela T. Pagay (ctp@lnbyg.com)

To:        kholt@holtlawoffice.com

Cc:        rockymountainlaw@yahoo.com; nichole@holtlawoffice.com; michelle@holtlawoffice.com

Date:   Wednesday, January 14, 2026 at 05:08 PM MST

Kevin:  The Trustee was agreeable to the broker you had proposed, and the property should be listed close to your appraisal value, with all parties understanding that the actual selling price could be lower. (Obviously, we don't list for our bottom line with the hope that there will be overbidding.)  I can work with your broker in getting a listing agreement together for bankruptcy purposes.

Carmela



**Carmela T. Pagay, Esq.**
2818 La Cienega Avenue   |    Los Angeles, CA  90034
Phone  310 229 1234   |   Direct  310 229 3362   |   Fax  310 229 1244
CTP@lnbyg.com   |   www.lnbyg.com
The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Golubchik L.L.P.'s
email policies which can be found at http://www.lnbyg.com/disclaimers.htm.
🌐  Please consider the environment before printing this email

**From:** Kevin Holt <kholt@holtlawoffice.com>
**Sent:** Tuesday, January 13, 2026 3:52 PM
**To:** Carmela T. Pagay <CTP@lnbyg.com>
**Cc:** Martina Slocomb <rockymountainlaw@yahoo.com>; Nichole Foreman
<nichole@holtlawoffice.com>; Michelle Holt <michelle@holtlawoffice.com>
**Subject:** Thrun / Cunningham

Carmela:

As you can probably imagine, the two property owners are probably going to be disputing their respective shares of the sale proceeds.

My client is very hopeful that the property can be listed for sale immediately, notwithstanding any final determination on offsets, etc.

Can you advise when the property will be listed, and for how much?

**Kevin P. Holt**

# Holt Law Office, PLLC

----------

**Mailing and Physical Address:**

1075 W. Check Street, St. 214A

Wasilla, AK  99654

Type text h

Phone Numbers: 907-606-0023  /  208-659-5959

Fax: 1-888-870-1747

----------

**CONFIDENTIALITY NOTICE:**  This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any unauthorized review, use, disclosure or distribution of such message is strictly prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.  If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.

Exhibit 9

## RE: Thrun / Cunningham

| | |
|---|---|
| From: | Carmela T. Pagay (ctp@lnbyg.com) |
| To: | rockymountainlaw@yahoo.com; kholt@holtlawoffice.com |
| Cc: | nichole@holtlawoffice.com; michelle@holtlawoffice.com |
| Date: | Wednesday, January 21, 2026 at 10:48 AM MST |

I will work on the application this week.  Can you please have the broker send me his/her resume and a listing agreement?



**LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.**
LAW OFFICES

**Carmela T. Pagay, Esq.**
2818 La Cienega Avenue   |   Los Angeles, CA  90034
Phone  310 229 1234   |   Direct  310 229 3362   |   Fax  310 229 1244
CTP@lnbyg.com   |   www.lnbyg.com
The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Golubchik L.L.P.'s
email policies which can be found at http://www.lnbyg.com/disclaimers.htm.
Please consider the environment before printing this email

---

**From:** Martina Slocomb <rockymountainlaw@yahoo.com>
**Sent:** Wednesday, January 21, 2026 9:47 AM
**To:** Kevin Holt <kholt@holtlawoffice.com>; Carmela T. Pagay <CTP@lnbyg.com>
**Cc:** Nichole Foreman <nichole@holtlawoffice.com>; Michelle Holt <michelle@holtlawoffice.com>
**Subject:** Re: Thrun / Cunningham

Carmela,

We are still waiting for word that the real estate broker agreement has been signed and for a motion to approve the employment of the broker.  When will it be filed?

Martina

Martina A. Slocomb

Rocky Mountain Law Group PLLC

562.682.2951

rockymountainlaw@yahoo.com

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email.

On Tuesday, January 13, 2026 at 04:53:51 PM MST, Carmela T. Pagay <ctp@lnbyg.com> wrote:

I'll get back to everyone by COB tomorrow.  Trying to get a couple of filings out currently.



**Carmela T. Pagay, Esq.**

2818 La Cienega Avenue    |    Los Angeles, CA  90034

Phone  310 229 1234   |   Direct  310 229 3362   |   Fax  310 229 1244

CTP@lnbyg.com   |   **www.lnbyg.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Golubchik L.L.P.'s email policies which can be found at http://www.lnbyg.com/disclaimers.htm.

 Please consider the environment before printing this email

---

**From:** Kevin Holt <kholt@holtlawoffice.com>
**Sent:** Tuesday, January 13, 2026 3:52 PM
**To:** Carmela T. Pagay <CTP@lnbyg.com>
**Cc:** Martina Slocomb <rockymountainlaw@yahoo.com>; Nichole Foreman <nichole@holtlawoffice.com>; Michelle Holt <michelle@holtlawoffice.com>
**Subject:** Thrun / Cunningham

Carmela:

As you can probably imagine, the two property owners are probably going to be disputing their respective shares of the sale proceeds.

My client is very hopeful that the property can be listed for sale immediately, notwithstanding any final determination on offsets, etc.

Can you advise when the property will be listed, and for how much?

**Kevin P. Holt**

# Holt Law Office, PLLC

----------

**Mailing and Physical Address:**

1075 W. Check Street, St. 214A

Wasilla, AK  99654

Phone Numbers: 907-606-0023  /  208-659-5959

Fax: 1-888-870-1747

----------

**CONFIDENTIALITY NOTICE:**  This e-mail message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material.  Any unauthorized review, use, disclosure or distribution of such message is strictly prohibited.  If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.  If you are the intended recipient but do not wish to receive communications through this medium, please so advise the sender immediately.