CARMELA T. PAGAY (SBN 195603)
ctp@lnbyg.com
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244

Attorneys for David K. Gottlieb
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ERIC SCOTT CUNNINGHAM,<br><br>Debtor. | Case No. 8:21-bk-12194-SC<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION TO COMPEL THE CHAPTER 7 TRUSTEE TO ABANDON REAL PROPERTY LOCATED AT 417 SILICA LANE, OLDTOWN, IDAHO 83822; DECLARATIONS IN SUPPORT THEREOF**<br><br>Date: March 3, 2026<br>Time: 10:00 a.m.<br>Place: Courtroom 5C<br>     U.S. Bankruptcy Court<br>     411 West Fourth Street<br>     Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE**: **AND DEBTOR AND HIS COUNSEL**:

David K. Gottlieb, the chapter 7 trustee (the "Trustee") for the estate of Eric Scott Cunningham, the debtor herein (the "Debtor"), respectfully submits this opposition to the Motion to Compel the Chapter 7 Trustee to Abandon Real Property Located at 417 Silica Lane, Oldtown, Idaho 83822 [Doc 213] (the "Motion") filed by Eric Scott Cunningham ("Debtor").

///

Any reply by the Debtor to this opposition must be filed with the Court and served on counsel for the Trustee no later than 7 days prior to the hearing on the Motion.

## I.

## **INTRODUCTION**

The motivation behind the filing of the Motion is somewhat puzzling as the parties are in agreement that the real property located at 417 Silica Lane, Oldtown, Idaho 83822 (the "Property") should be sold and that there should be a deadline for the Trustee to do so. In fact, the Motion discloses such agreement. See Motion, p. 2, lns. 18-25 and Exhibit 6. This clearly refutes the notion that the Property is either burdensome to the estate or that is of inconsequential value and benefit to the estate, which are the standards for abandonment provided in section 554 of the Bankruptcy Code.

As the Court is aware, this case has not been a straightforward one. Rather than displace the Debtor from his home at the outset, the Trustee focused on the Debtor's two other million dollar real properties in California (the "California Properties") to generate funds for the estate's creditors. It would be an understatement to say that administering the California Properties was challenging, and it was ultimately unsuccessful, given the many hurdles posed by occupants that had to be evicted by the United States Marshals Service ("USM") and title clouded by questionable transfers, among others.

When the Trustee turned to administering the Property, the Trustee entered in good faith negotiations with the Debtor concerning his co-owned interest in the Property to allow him to retain his residence. During the settlement process, unknown to the Trustee, the Debtor had been named a party in a partition action. In connection with such pending litigation, the Trustee came into the possession of a formal appraisal concerning the Property in or about August 2025 that rendered him unable to submit the settlement with the Debtor to the Court with the representation that it was in the best interest of the Debtor's creditors, as the valuation of the Property in the appraisal ($1,525,000) was significantly higher than the value scheduled by the Debtor.

///

The Trustee has since communicated with both the Debtor and the co-owner of the Property concerning the sale of the Property. <u>All parties want the Property sold</u> and the Trustee had been working towards that goal, albeit, apparently, not in the pace acceptable to the Debtor. That, however, is not the factor that dictates abandonment of an asset, especially when the Debtor himself agreed to the timeline of a sale. Accordingly, abandonment is not appropriate and the Trustee respectfully requests that the Motion be denied.

## II.

## **STATEMENT OF FACTS**

This case was commenced on September 8, 2021 (the "Petition Date") by the filing of a Voluntary Petition under chapter 7 by the Debtor. David K. Gottlieb was subsequently elected as chapter 7 trustee on or about October 14, 2021.

The Debtor's amended Schedule A/B lists 1001 S Mountvale Court, Anaheim, California 92808 and 1005 Mountvale Court, Anaheim, California 92808 (collectively, the "California Properties") among the Debtor's assets, with values of $1,450,000.00 and $1,550,000.00, respectively. The Debtor's Schedule A/B also lists a co-ownership interest in the Property, which is valued in its entirety by the Debtor as $350,000 [Doc 82].

To avoid displacing the Debtor from his home, the Trustee attempted to administer the California Properties first, which turned out to be extremely difficult, and ultimately unsuccessful after several years of efforts, due to delay caused by having to evict occupants let in by the Debtor with the assistance of the USM and having to resolve a cloud on title caused by transfers to and from the Debtor.

When the Trustee turned to administering the Property, in or about June 2025, the Trustee entered in good faith negotiations with the Debtor concerning his co-owned interest in the Property to allow him to retain his residence. Unknown to the Trustee, the Debtor had been named a party in a partition action commenced by the Property's co-owner, Christine Thrun, and he had been served with the complaint in or about May 2025, shortly before he presented the offer to the Trustee to purchase his interest in the Property. A formal appraisal concerning the Property prepared in connection with the pending litigation was then was provided to the

3

Trustee in or about August 2025, which rendered him unable to represent to the Court that the settlement with the Debtor was in his business judgment, in the best interest of the Debtor's creditors, as the valuation in the appraisal ($1,525,000) was significantly higher than the value scheduled by the Debtor.

Thereafter, the Trustee and the Debtor resumed discussions about the sale of the Property, which resulted in the agreement detailed in the Motion, p. 2, lns. 18-25 and Exhibit 6, which provides the Trustee until June 30, 2026 to get the Property into escrow. In the interim, the Trustee's counsel has been in communications with state court counsel for Ms. Thrun concerning the sale of the Property in its entirety and employment of a broker. Ms. Thrun has recently retained experienced bankruptcy counsel to assist with the foregoing, which the Trustee anticipates will expedite the process. As demonstrated herein, the Debtor has failed to establish that the estate's interest in the Property is burdensome to the estate, or is of inconsequential value and benefit to the estate.

## III.

## THE PROPERTY IS *NOT* BURDENSOME OR OF INCONSEQUENTIAL VALUE AND BENEFIT TO THE ESTATE

Section 554(b) of the Bankruptcy Code is clear:

> On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is *burdensome to the estate or that is of inconsequential value and benefit to the estate*.

11 U.S.C. § 554(b) (emphasis added).

The Motion fails to present any admissible evidence that satisfies the criteria presented in section 554(b) to justify an order compelling the Trustee to abandon the Debtor's interest in the Property. In fact, the Debtor's agreement to have the Property sold demonstrates that the Property is neither burdensome nor of inconsequential value and benefit to the estate. Moreover, the Trustee has agreed to a deadline for his sale efforts. Any concerns of the Debtor concerning the sale process taking an inordinate amount of time is addressed by such deadline.

///

## IV.

## **CONCLUSION**

The Motion has failed to demonstrate that the Property is burdensome, or of inconsequential value or benefit to the estate. The Trustee respectfully requests that the Motion be denied.

DATED: February 17, 2026      LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: */s/ Carmela T. Pagay*
    CARMELA T. PAGAY
Attorneys for David K. Gottlieb
Chapter 7 Trustee

## **DECLARATION OF DAVID K. GOTTLIEB**

I, David K. Gottlieb, declare:

1. I am the chapter 7 trustee herein. This Declaration is made in support of the foregoing Chapter 7 Trustee's Opposition to Motion to Compel the Chapter 7 Trustee to Abandon Real Property Located at 417 Silica Lane, Oldtown, Idaho 83822 (the "Opposition"). The facts set forth herein are based upon my personal knowledge except as otherwise stated, and, if called as a witness, I could and would testify competently thereto. Unless the context indicates otherwise, capitalized terms shall have the same meaning as defined in the Opposition.

2. This case was commenced on September 8, 2021 (the "Petition Date") by the filing of a Voluntary Petition under chapter 7 by the Debtor. I was subsequently elected as chapter 7 trustee on or about October 14, 2021.

3. The Debtor's amended Schedule A/B lists 1001 S Mountvale Court, Anaheim, California 92808 and 1005 Mountvale Court, Anaheim, California 92808 (collectively, the "California Properties") among the Debtor's assets, with values of $1,450,000.00 and $1,550,000.00, respectively. The Debtor's Schedule A/B also lists a co-ownership interest in the Property, which is valued in its entirety by the Debtor as $350,000 [Doc 82].

4. To avoid displacing the Debtor from his home, I attempted to administer the California Properties first, which turned out to be extremely difficult, and ultimately unsuccessful after several years of efforts, due to delay caused by having to evict occupants let in by the Debtor with the assistance of the USM and having to resolve a cloud on title caused by transfers to and from the Debtor.

5. When I turned to administering the Property, in or about June 2025, I entered in good faith negotiations with the Debtor concerning his co-owned interest in the Property to allow him to retain his residence. Unknown to me, the Debtor had been named a party in a partition action commenced by the Property's co-owner, Christine Thrun, and he had been served with the complaint in or about May 2025, shortly before he presented the offer to me to purchase his interest in the Property. A formal appraisal concerning the Property prepared in connection with the pending litigation was then was provided to me in or about August 2025,

6

which rendered me unable to represent to the Court that the settlement with the Debtor was in my business judgment, in the best interest of the Debtor's creditors, as the valuation in the appraisal ($1,525,000) was significantly higher than the value scheduled by the Debtor.

6. Thereafter, the Debtor and I resumed discussions about the sale of the Property, which resulted in the agreement detailed in the Motion, p. 2, lns. 18-25 and Exhibit 6, which provides me until June 30, 2026 to get the Property into escrow.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on February 17, 2026 at Woodland Hills, California.

_____
DAVID K. GOTTLIEB

## DECLARATION OF CARMELA T. PAGAY

I, Carmela T. Pagay, declare:

1. I am an attorney at the law firm of Levene, Neale, Bender, Yoo & Golubchik L.L.P., counsel to David K. Gottlieb, the chapter 7 trustee ("Trustee") in the above-captioned bankruptcy case. I am admitted to practice law in the State of California and before this Court. This Declaration is made in support of the foregoing Chapter 7 Trustee's Opposition to Motion to Compel the Chapter 7 Trustee to Abandon Real Property Located at 417 Silica Lane, Oldtown, Idaho 83822 (the "Opposition"). The facts set forth herein are based upon my personal knowledge except as otherwise stated, and, if called as a witness, I could and would testify competently thereto. Unless the context indicates otherwise, capitalized terms shall have the same meaning as defined in the Opposition.

2. After the Trustee was unable to proceed with obtaining Court approval of his settlement with the Debtor concerning the Property, the Debtor's counsel and I resumed discussions about the sale of the Property, which resulted in the agreement detailed in the Motion, p. 2, lns. 18-25 and Exhibit 6, which provides the Trustee until June 30, 2026 to get the Property into escrow. In the interim, I have been in communications with state court counsel for Ms. Thrun concerning the sale of the Property in its entirety and employment of a broker. I appeared to have been optimistic about the process taking less time than it has and was also waiting to see if the Debtor and Ms. Thrun would come to an agreement concerning distributions from the sale proceeds which I would have included in the stipulation allowing the Trustee to sell the Property in its entirety under section 363(h) of the Bankruptcy Code. Ms. Thrun has recently retained experienced bankruptcy counsel to assist with the foregoing, and I have been in communications with such counsel, which the Trustee anticipates will expedite the process.

///
///
///
///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on February 17, 2026 at Los Angeles, California.

                                                */s/ Carmela T. Pagay*
                                                   CARMELA T. PAGAY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION TO COMPEL THE CHAPTER 7 TRUSTEE TO ABANDON REAL PROPERTY LOCATED AT 417 SILICA LANE, OLDTOWN, IDAHO 83822; DECLARATIONS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **February 17, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jasleen D Ahuja    KAHUJA@SELLARLAW.COM, jtrost@g10law.com;gschneider@g10law.com
- Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Ori S Blumenfeld    , liyah.lewis@offitkurman.com;ik-maurice.ibe@offitkurman.com
- Ori S Blumenfeld    ori.blumenfeld@offitkurman.com, liyah.lewis@offitkurman.com;ik-maurice.ibe@offitkurman.com
- Salvatore Bommarito    sbommarito@sb-legal.com, r40840@notify.bestcase.com
- Bert Briones    bb@redhilllawgroup.com, helpdesk@redhilllawgroup.com;RedHillLawGroup@jubileebk.net
- Casey Z Donoyan    casey.donoyan@offitkurman.com, smcfadden@lakklawyers.com;ncondren@lakklawyers.com
- Aaron B Fairchild    aaron@fairchildlevine.com, admin@morfairlaw.com
- Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- David Keith Gottlieb (TR)    dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com
- Steven N Kurtz    skurtz@lakklawyers.com, ncondren@lakklawyers.com;smcfadden@lakklawyers.com
- Nancy L Lee    bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
- Kurt Ramlo    RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
- Scott H Siegel    ssiegel@laklawyers.com, smcfadden@laklawyers.com
- Martina A Slocomb    rockymountainlaw@yahoo.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

**2**. **SERVED BY UNITED STATES MAIL**: On (*date*) **February 17, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | |
|---|---|
| Honorable Scott C. Clarkson<br>United States Bankruptcy Court<br>411 West Fourth Street, Suite 5130 / Courtroom 5C<br>Santa Ana, CA 92701-4593 | Eric Scott Cunningham<br>PO Box 1205<br>Newport, WA 99156 |

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 17, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 17, 2026 | D. Woo | /s/ D. Woo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**