Bert Briones (SBN 237594)
***RED HILL LAW GROUP***
15615 Alton Parkway, Suite 210
Irvine, California  92618
Tel:   (714) 733-4455
Fax:   (714) 733-4450
Email:       bb@redhilllawgroup.com

Attorneys for Debtor Eric Scott Cunningham

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA (SANTA ANA)

| In re:<br><br>ERIC SCOTT CUNNINGHAM,<br><br>Debtor. | Case No. 8:21-bk-12194-SC<br><br>Chapter 7<br><br>**DEBTOR'S REPLY IN SUPPORT OF MOTION TO COMPEL THE CHAPTER 7 TRUSTEE TO ABANDON REAL PROPERTY LOCATED AT 417 SILICA LANE, OLDTOWN, IDAHO 83822**<br><br>**Hearing:**<br>Date: March 3, 2026<br>Time: 11:00 a.m.<br>Ctrm: Zoom.Gov; 5C |
|---|---|

In the Chapter 7 Trustee's Opposition to Debtor Eric Scott Cunningham's motion to compel abandonment of real property, the trustee glosses over significant facts that support either abandonment or a deadline for the trustee to sell or abandon the property. The facts show that the $1.7 million appraisal (it is not $1.5 million) is unreliable and that the Trustee reneged on a written agreement with the Debtor to sell the Estate's interest in

1  the property for $10,000, which was based on a realistic appraisal.  The Trustee thereafter

2  delayed listing the property to the detriment of the Estate.

3        Due to the following facts, the Court should either abandon the property based on

4  multiple appraisals in the $300,000 to $400,000 range or, at a minimum, give the Chapter

5  7 Trustee a firm deadline to complete sale efforts:

6        (1) The Trustee obtained an appraisal, and based on the *Trustee's appraisal*, he

7  offered to sell the Estate's interest in the property to Debtor for $10,000 (Motion, Ex. 3

8  (settlement agreement prepared by the Trustee); Ex. 4 (email from Debtor's counsel

9  requesting Trustee fulfill his duties under settlement agreement);

10       (2) The Trustee prepared a written agreement to sell the Estate's interest in the

11 property to Debtor for $10,000 (*see* Ex. 3.);

12       (3) Debtor accepted and executed the Trustee's agreement in July 2025

13 (Cunningham Decl., ¶ 5);

14       (4) sometime thereafter, co-owner Christine Thrun obtained an appraisal at $1.7

15 million (*see* Ex. 5.)

16       (5) There are <u>two</u> parcels included in the property, a plot of land with a modular

17 home and 30 acres of forest land; The land with the modular home was appraised at

18 $1.358 million by Thrun's appraiser; the land was appraised at $350,000 by Thrun's

19 appraiser, for a total of approximately $1.7 million;

20       (6) In Thrun's appraisal, the appraiser identifies significant problems with the

21 modular home:

22     *the subject is built around a 1998 single wide manufactured home in*

23     *average exterior condition and updated/remodeled with large addition with*

24     *some remaining repair items and a addition; As per occupant, one of the*

25     *owners homeowner: Water well is dry, storage water tanks supply backup,*

26     *This valuation assumes adequate water supply; foundation has remaining*

27     *incomplete portions; As per occupant, one of the owners homeowner*

28     *plumbing/Electrical may not to code, no insulation underneath home, slope*

1     *of driveway may be challenging in seasonal conditions, which is somewhat*

2     *common in the market area.*

3 (Ex. 5.) In other words, the appraiser assumed facts, such as water supply, that are

4 inaccurate.

5     For the reasons described above by the appraiser and others, Debtor does not

6 believe that the property is worth anywhere close to $1.7 million. Nonetheless, Debtor

7 agreed to cooperate with the Trustee's and Ms. Thrun's efforts to sell at that price because

8 the potential upside—payment of all creditors in full and surplus proceeds to Debtor—was

9 worth the additional delay. However, the Trustee's counsel negotiated *in November 2025*

10 for a June 30, 2026 deadline to enter escrow on the basis that she needed several months

11 to market and sell the property. (Slocomb Decl. filed with Motion, Ex. 6.) By the time

12 the hearing occurs on this Motion, it will be March 2026—three and a half months after

13 the Trustee agreed with Debtor on the sale timeline and stated the intent to proceed with

14 employing a broker. If the Trustee had proceeded with a reasonable effort to sell the

15 property and truly needed the seven months negotiated for, the broker would already be

16 employed and marketing the property.

17     There is ample evidence that the property is not actually worth $1.7 million and

18 should be abandoned. Debtor therefore requests that the Court abandon the property. If

19 the Court is inclined to allow the Trustee to attempt to sell, based on the Trustee's history

20 of reneging on written deals, Debtor requests an order setting the Trustee's deadline to

21 close escrow at June 30, 2026.

22

23 Dated: 2/23/2026_____-           RED HILL LAW GROUP

24                                                       */s/ Martina A. Slocomb*

25                                                       MARTINA A. SLOCOMB, attorneys for
                                                      Debtor Eric Cunningham

26

27

28

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

7931 Broadway, #282
Littleton, CO 80120

A true and correct copy of the foregoing document entitled (*specify*): Debtor's Reply in Support of Motion to Compel the Chapter 7 Trustee to Abandon Real Property Located at 417 Silica Lane, Oldtown, Idaho 83822
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/24/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 2/24/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/24/2026 | Martina A. Slocomb | /s/ Martina A. Slocomb |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

1. NEF Continued:
Jasleen D Ahuja    KAHUJA@SELLARLAW.COM, jtrost@g10law.com;gschneider@g10law.com
Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
Ori S Blumenfeld    , liyah.lewis@offitkurman.com;ik-maurice.ibe@offitkurman.com
Ori S Blumenfeld    ori.blumenfeld@offitkurman.com, liyah.lewis@offitkurman.com;
 ik-maurice.ibe@offitkurman.com
Salvatore Bommarito    sbommarito@sb-legal.com, r40840@notify.bestcase.com
Bert Briones    bb@redhilllawgroup.com, helpdesk@redhilllawgroup.com;
 RedHillLawGroup@jubileebk.net
Casey Z Donoyan    casey.donoyan@offitkurman.com, smcfadden@lakklawyers.com;
 ncondren@lakklawyers.com
Aaron B Fairchild    aaron@fairchildlevine.com, admin@morfairlaw.com
Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;
 lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
David Keith Gottlieb (TR)    dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,
 rjohnson@dkgallc.com,akuras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com
Steven N Kurtz    skurtz@lakklawyers.com, ncondren@lakklawyers.com;
 smcfadden@lakklawyers.com
Nancy L Lee    bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
Carmela Pagay    ctp@lnbyg.com
Kurt Ramlo    RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
Scott H Siegel    ssiegel@laklawyers.com, smcfadden@laklawyers.com
Martina A Slocomb    rockymountainlaw@yahoo.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
David Wood    dwood@marshackhays.com, dwood@ecf.courtdrive.com;
 lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com