| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RON BENDER (SBN 143364)<br>CARMELA T. PAGAY (SBN 195603)<br>LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.<br>2818 La Cienega Avenue<br>Los Angeles, CA 90034<br>Telephone: (310) 229-1234<br>Facsimile:  (310) 229-1244<br><br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>ERIC SCOTT CUNNINGHAM,<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-12194-SC<br>CHAPTER: 7<br><br>**DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)**<br><br>[No Hearing Required] |
|---|---|

1.  I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2.  On (*date*): 03/16/2026___ Movant(s) filed a motion or application (Motion) entitled: Application of Chapter 7

    Trustee to Employ Tomlinson Sotheby's International Realty as RE Broker & to Enter into Listing Agreement

3.  A copy of the Motion and notice of motion is attached to this declaration.

4.  On (*date*): 03/16/2026___ Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5.  Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6.  More than 17__ days have passed after Movant(s) served the notice of motion.

7.  I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8.  No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9.  Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 04/03/2026    /s/ Carmela T. Pagay_____
Signature


CARMELA T. PAGAY_____
Printed name

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

RON BENDER (SBN 143364)
CARMELA T. PAGAY (SBN 195603)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
Email:  rb@lnbyg.com; ctp@lnbyg.com

Attorneys for David K. Gottlieb
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>ERIC SCOTT CUNNINGHAM,<br><br>Debtor. | Case No. 8:21-bk-12194-SC<br><br>Chapter 7<br><br>**APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY TOMLINSON SOTHEBY'S INTERNATIONAL REALTY AS REAL ESTATE BROKER AND TO ENTER INTO EXCLUSIVE LISTING AGREEMENT; DECLARATION IN SUPPORT THEREOF**<br><br>[No Hearing Required] |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE**:

David K. Gottlieb, the chapter 7 trustee (the "Trustee," or "Applicant") for the estate of Eric Scott Cunningham (the "Debtor"), respectfully applies for authority to employ Tomlinson Sotheby's International Realty ("Broker") as the Trustee's real estate broker pursuant to an Exclusive Right to Represent for approximately 10 months, commencing on March 3, 2026.  In support, the Trustee represents as follows:

1.    On September 8, 2021, the Debtor commenced this case by filing a voluntary petition under chapter 7 of the Bankruptcy Code.

1

2.      Applicant is the chapter 7 trustee for the Debtor's bankruptcy estate.

3.      Among the Debtor's scheduled assets is the real property located at 417 Silica Lane, Oldtown, Idaho 83822 (the "Property").  The Property is co-owned by the Debtor and another non-debtor individual and a stipulation concerning the sale of the Property in its entirety pursuant to 11 U.S.C. § 363(h) is in process.

4.      In order to realize upon the value in the Property, the Trustee will require the aid of a licensed real estate broker to market and sell the Property effectively, provide assistance concerning the structure of any potential sales of the Property, and assist the Trustee in negotiation and documentation of various transactions regarding the sale of the Property.

5.      Selling the Property for the benefit of the creditors is essential to the effective administration of the estate.  The Trustee believes that employing Broker to market the Property will best accomplish this goal.  Broker's address is 503 Cedar Street, Sandpoint, ID 83864.

6.      The Trustee proposes to hire Broker, through its agent, Karen Battenschlag, as his real estate broker, for a period of approximately 10 months, commencing on March 3, 2026.

7.      The Trustee has agreed to pay a three percent (3%) commission solely to Broker (the "Broker Commission") in connection with the listing and sale of the Property.  The Broker Commission is not subject to split with any purchaser's broker and any commission due to the purchasers' broker shall be the obligation of the purchaser and not the Trustee. Notwithstanding any of the foregoing, Broker will accept such compensation as the Court deems reasonable. Moreover, the Trustee may decide to pay a commission to a broker for any buyer of the Property, but no broker for a buyer will receive a commission that exceeds three percent (3%).

8.      The Trustee requires a professional real estate broker's assistance to accomplish the following tasks:

a.      To order, analyze, and prepare all documentation necessary to list and advertise the Property for sale.

b.      To list the Property with the most propitious listing services available; to show the Property as necessary and respond to potential purchasers' inquiries; and to solicit reasonable offers of purchasers.

2

c. To convey all reasonable purchase offers to the Trustee and the Trustee's counsel, and subject to the Trustee's approval, to negotiate, and confirm the acceptance of the best offer.

d. To cause to be prepared and submitted to escrow on behalf of the Trustee any and all documents necessary to consummate a sale of the Property.

9. Attached hereto as <u>Exhibit 1</u> and incorporated herein by reference is a copy of the proposed agreement for the sale of the Property.

10. The Trustee is informed and believes, and based thereon alleges, that Broker and its agent, Karen Battenschlag, have no connection with the Trustee, the Debtor, his creditors, the Office of the United States Trustee ("OUST") or any employees of the OUST, bankruptcy judges, or any other party in interest, and hence, that they neither represent nor hold an interest adverse to the estate and are "disinterested persons" as that term is used in the Bankruptcy Code. Based upon Karen Battenschlag's declaration, it appears that Broker holds no pre-petition claims against the estate.

11. Karen Battenschlag has advised the Trustee that she has a license to sell real property in the State of Idaho and is experienced in dealing with real properties, such as the Property, in the area in which the Property is located. (<u>See</u> Declaration of Karen Battenschlag attached hereto.)

12. The Trustee has given notice of this Application, pursuant to Local Bankruptcy Rule 2014-1(b)(2).

///

///

///

///

///

///

///

///

3

WHEREFORE, the Trustee prays for an entry of order authorizing him to employ Broker as his real estate broker, at the expense of the estate, and to authorize him to execute an Exclusive Right to Represent with Broker, on the terms and conditions set forth in Exhibit 1 attached hereto, and for all other further and proper relief as the Court deems appropriate.

DATED: March 10, 2026

_____
DAVID K. GOTTLIEB, Chapter 7 Trustee

Presented by:

LEVENE, NEALE, BENDER, YOO
& GOLUBCHIK L.L.P.

By: ___/s/ Carmela T. Pagay_____
　　　CARMELA T. PAGAY
　　　Attorneys for David K. Gottlieb
　　　Chapter 7 Trustee

4

**DECLARATION OF KAREN BATTENSCHLAG**

I, Karen Battenschlag, do hereby declare:

1.      This Declaration is made in support of the foregoing Application to Employ Tomlinson Sotheby's International Realty as Real Estate Broker and to Enter into Exclusive Listing Agreement, filed by David K. Gottlieb, the chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Eric Scott Cunningham (the "Debtor").  The following statements are true of my own personal knowledge, except as to those matters which are herein stated upon my information and belief, and as to those matters, I believe them to be true.

2.      I am a Idaho-licensed real estate agent with Tomlinson Sotheby's International Realty ("Broker"), which the Trustee seeks to employ by the attached Application.

3.      Subject to the terms, conditions, and approval provided in the Application by which the Trustee seeks to employ Broker as listing agent for the Debtor's real property located at 17 Silica Lane, Oldtown, Idaho 83822 (the "Property"), and described in Exhibit 1 to the Application (the "Property"), Broker desires to be so employed.

4.      Broker is a well-established real estate brokerage firm with experience marketing and selling real properties in the area where the Property is located.  It has always been a top performer in the area.  I have been working with Broker since its inception in 2007.  I obtained my license in 2006.

5.      The other brokers, agents, and support staff who will handle this matter, including myself, are experienced in marketing and selling real properties of similar kind and condition as that of the Property and are thus well-qualified to assist in the promotion and sale of the Property.  I have specialized in the listing, promotion, negotiation, and sale of properties similar to the Property for approximately two decades.

6.      To the best of my knowledge, Broker is not connected with the Trustee, the Debtor, any creditor or other person in interest, or their respective attorneys, the Office of the United States Trustee ("OUST") or employees of the OUST, bankruptcy judges, or with the Debtor's estate.

///

5

7. I am informed and believe that Broker and its agents, associates, and employees are disinterested persons as the term is defined in 11 U.S.C. § 101(14), and I:

    a. am not a creditor, an equity security holder, or an insider of the Debtor;

    b. am not and was not, within 2 years before the date of filing the petition, a director, officer, employee of the Debtor;

    c. do not have an interest materially adverse to the interests of the estate of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; and

    d. am not a relative or employee of the OUST or a bankruptcy judge.

8. Broker is not a pre-petition creditor of the Debtor's estate.

9. Broker has been advised of and has agreed to accept the proposed employment subject to the provisions of 11 U.S.C. § 328(a). Broker understands that the Bankruptcy Court may allow compensation different from the compensation set forth herein if the Court subsequently determines that such agreed upon terms are improvident in light of developments that could not have been anticipated at the time the Application was approved.

10. I understand and agree that no compensation or reimbursement will be paid except upon application to or approval by the Bankruptcy Court after notice to all creditors of the Debtor's estate or upon such notice as the Bankruptcy Court may hereafter order.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed this __12__ day of March, 2026, at Sandpoint, Idaho.

*Karen Battenschlag*    03/12/2026, 03:16:16 PM PDT
_____
KAREN BATTENSCHLAG

6

# EXHIBIT "1"

DigiSign Verified - ed9a7935-8040-4c14-917f-86cb0f03106d



## RE-16 SELLER REPRESENTATION AGREEMENT
### (EXCLUSIVE RIGHT TO REPRESENT)

JANUARY 2026 EDITION

IDAHO REALTORS

THIS IS A LEGALLY BINDING CONTRACT, READ THE ENTIRE DOCUMENT, INCLUDING ANY ATTACHMENTS.
IF YOU HAVE ANY QUESTIONS, **CONSULT YOUR ATTORNEY AND/OR ACCOUNTANT** BEFORE SIGNING.

**DATE:** Mar 3, 2026                                    **AGENT:** Karen Battenschlag
Acting as Agent for the Broker

**1. SELLER** David K. Gottlieb, Chapter 7 Trustee
retains **Rob Orth**                          Broker of **Tomlinson SIR**                          as
SELLER'S exclusive Broker to sell, lease, or exchange the property described below, (hereafter "Property"),on the terms stated herein or on other terms agreed to in writing by SELLER in future negotiations with any BUYER. SELLER retains BROKER and grants to BROKER the exclusive right to represent SELLER, where the SELLER is represented by only one broker for the duration stated herein and for the express purpose of representing SELLER in the sale, lease or exchange of the Property. Further, SELLER agrees, warrants and acknowledges that SELLER has not and shall not enter into any seller representation agreement with another broker to sell, lease or exchange the Property during the effective term of this agreement. SELLER agrees to indemnify and hold the above-listed Broker harmless from any claim brought by any other broker or real estate salesperson for compensation claimed for assisting SELLER during the duration of this agreement. **By appointing Broker as SELLER'S exclusive real estate broker, SELLER agrees to conduct all negotiations to sell the Property through Broker, and to refer to Broker all inquiries or leads received in any form from real estate brokers, salespersons, prospective buyers, or any other source, during the time this Exclusive Seller Representation Agreement is in effect.**

**2. PROPERTY ADDRESS AND/OR LEGAL DESCRIPTION.** The property address and/or the complete legal description of the property are as set forth below.
Address **417 Silica Lane**
County **Bonner**                          City **Oldtown**                          , Idaho Zip **83822**
Legal and/or Property Description _____
_____
_____
_____
or ☒ Legal and/or Property Description Attached as exhibit **A**_____. **(Exhibit must accompany this agreement and be signed or initialed by SELLER.)**

**3. TERM OF AGREEMENT.** The term of this Agreement shall commence on **March 3, 2026**_____ and shall expire at 11:59 p.m. on **January 22, 2027**_____ unless renewed or extended. If the SELLER accepts an offer to purchase or exchange, the term of this Agreement shall be extended through the closing of the transaction.

**4. PRICE.** SELLER agrees to sell the Property for a total price of $**1500000**_____
**One Million Five Hundred Thousand Dollars And Zero Cents**_____ **DOLLARS**

**5. FINANCING.** SELLER agrees to consider the following types of financing: *(Complete all applicable provisions).*
☐FHA  ☐VA  ☒CONVENTIONAL  ☐IHFA  ☐RURAL DEVELOPMENT  ☐Exchange
☒Cash  ☐Cash to existing loan(s) ☐Assumption of existing loan(s)
☐ SELLER will carry contract and accept a minimum down payment of $_____ and an acceptable secured note for the balance to be paid as follows: _____
_____
Other acceptable terms _____

**6. BROKERAGE FEE.** Compensation is not set by law and is fully negotiable.
(A) SELLER agrees to pay Broker the brokerage fee stated below if Broker or any person, including SELLER, procures a purchaser ready, willing and able to purchase, transfer or exchange the Property on the terms stated herein or on any other terms agreed to by SELLER in writing. The total brokerage fee shall be ____3% of the PRICE stated above unless the property sells for a different amount, in which case the brokerage fee will be the same percentage but will be based off the final sale price. Alternatively, SELLER agrees to pay Brokerage a flat fee of $n/a_____.

Of this total brokerage fee, __N/a% of the PRICE or final sale price OR $n/a_____ shall be shared with a cooperating brokerage (selling brokerage) who procures a purchaser ready, willing and able to purchase, transfer or exchange the Property. Broker shall disseminate the amount stated in this paragraph as well as provide it to any third party who requests it. In the event of an unrepresented buyer or if there is no cooperating brokerage (selling brokerage), Broker shall receive the full brokerage fee.

In the event SELLER, subsequent to signing this agreement, executes a purchase and sale agreement with a purchaser or any other agreement, consenting to pay a cooperating brokerage (selling brokerage), an amount different than the amount stated in this agreement, the subsequent agreement shall control, and the total brokerage fee to SELLER'S Broker shall be increased or decreased accordingly, for that transaction only. Unless otherwise agreed to in writing, any reduction in the commission provided to a cooperating brokerage (selling brokerage) shall benefit SELLER. The modification referenced in this paragraph shall not apply in transactions involving an unrepresented buyer.

The fee shall be paid in cash at closing and deducted from the seller's proceeds on the settlement statement unless otherwise designated by the Broker in writing.

SELLER'S Initials (_____) (_____) Date: **3/16/26**

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

Serial#: 036741-100177-3415927
Prepared by: Karen Battenschlag | Tomlinson SIR | karen.battenschlag@tomlinsonsir.com | 2082635101

Form Simplicity

DigiSign Verified - ed9a7935-8040-4c14-917f-86cb0f03106d

| JANUARY 2026 EDITION | RE-16 SELLER REPRESENTATION AGREEMENT | Page 2 of 6 |
|---|---|---|

**PROPERTY ADDRESS:** 417 Silica Lane, Oldtown, ID 83822

(B) If Broker procures a lessee ready, willing and able to lease the Property on the terms stated herein, or on any other price and terms agreed to in writing, the SELLER agrees to pay a total brokerage fee of the greater of: _____ n/a% of the total base rent OR n/a month's rent OR a one-time flat fee of $ n/a . Of this total brokerage fee, _____n/a% of the total base rent OR n/a month's rent OR a one-time flat fee of $n/a may be shared with the lessee's brokerage, in the event lessee has no brokerage, Broker shall receive the full brokerage fee. Any applicable flat fee shall be paid in cash upon execution of the lease agreement unless otherwise designated by the Broker in writing. Base rent is defined as the specific minimum rent owed by lessee to SELLER each month. In addition, if the lease is a 'lease to own' contract, or if the lessee exercises an option to purchase under the lease, then in addition to the terms specified in this section (b), Broker shall also be entitled to the brokerage fee enumerated in section (a) above.

In the event SELLER, subsequent to signing this agreement, executes a lease agreement with a lessee or any other agreement, consenting to pay cooperating brokerage (selling brokerage), an amount different than the amount stated in this agreement, the subsequent agreement shall control, and the total brokerage fee to SELLER'S Broker shall be increased or decreased accordingly. Unless otherwise agreed to in writing, any reduction in the commission provided to a cooperating brokerage (selling brokerage) shall benefit SELLER. The modification referenced in this paragraph shall not apply in transactions involving an unrepresented buyer.

(C) Further, the brokerage fee is payable if the Property or any portion thereof or any interest therein is, directly or indirectly, sold, exchanged or optioned or agreed to be sold, exchanged or optioned within 180 calendar days (ninety [90] if left blank) following expiration of the term hereof to any person who has examined, been introduced to or been shown the Property during the term hereof; unless SELLER enters into a Seller Representation Agreement to market said Property with another Broker. This subsection (C) shall survive the term or termination of this Agreement unless explicitly revoked in a written document signed by Broker and Client.

(D) This is a contract for a specific term. In the event SELLER breaches this representation agreement by terminating it prior to its expiration, said termination shall be deemed to be wrongful interference which prevented Broker from performing Broker's duties hereunder and as a special condition of this agreement SELLER shall be liable to Broker for a cancellation fee equal to _____% of the PRICE enumerated in Section 4 above or $_____. This cancellation fee is only available if Broker is not compensated under Sections 6A or 6B above. This fee shall be the minimum amount owed to Broker as SELLER may be liable for further payment to Broker if Broker becomes obligated to pay third parties, including but not limited to commissions owed to Buyer's agents if SELLER was under contract at the time of breach.

**7. ADDITIONAL FEES:** See the attached seller concession disclosure.

**8. INCLUDED ITEMS.** SELLER agrees to leave with the premises all seller-owned attached floor coverings, television wall mounts, satellite dish, electronic doorbells and locks, attached plumbing, bathroom and lighting fixtures, window screens, screen doors, storm doors, storm windows, window coverings, garage door opener(s) and transmitter(s), exterior trees, plants or shrubbery, water heating apparatus and fixtures, attached fireplace equipment, awnings, ventilating, cooling and heating systems, all ranges, ovens, built-in dishwashers, fuel tanks, and irrigation fixtures and equipment, if any, that are appurtenant thereto that are now on or used in connection with the premises and shall be included in the sale unless otherwise provided herein.
Also included: 2- refrigerators, 2 range ovens, 2 dishwashers, 2 large water holding tanks

**9. EXCLUDED ITEMS.** Sellers personal property and equipment

**10. FARM/CROPS/TIMBER RIGHTS:** SELLER, or any tenant of SELLER, shall be allowed to harvest, sell or assign any annual crops which have been planted on the PROPERTY prior to the date of a purchase and sale agreement, even though said harvest time may occur subsequent thereto, unless otherwise agreed to in writing. If the crop consists of timber, then neither SELLER nor any tenant of SELLERS shall have any right to harvest the timber unless the right to remove same shall be established in writing. Notwithstanding the provisions hereof, any tenant who shall be leasing the PROPERTY shall be allowed to complete the harvest of any annual crops that have been planted prior to the date of Contract Acceptance as previously agreed between SELLER and Tenant. **ANY AND ALL SUCH TENANT AGREEMENTS ARE TO BE PROVIDED TO BUYER UPON BUYER'S REQUEST.**

**11. WATER & MINERAL RIGHTS:** Any and all mineral rights appurtenant to the PROPERTY are included in and are part of the sale of this PROPERTY, and are not leased or encumbered, unless otherwise disclosed by the SELLER in writing. Any and all water rights including but not limited to water systems, wells, springs, lakes, streams, ponds, rivers, ditches, ditch rights, and the like, if any, appurtenant to the PROPERTY are included in and are a part of the sale of this PROPERTY unless otherwise agreed to by the parties in writing.

**SELLER'S Initials (** _____ **) (** _____ **) Date:** 3/16/24

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

| JANUARY 2026 EDITION | RE-16 SELLER REPRESENTATION AGREEMENT | Page 2 of 6 |
|---|---|---|

Serial#: 036741-100177-3415927
Prepared by: Karen Battenschlag  |  Tomlinson SIR  |  karen.battenschlag@tomlinsonsir.com  |  2082635101

Form Simplicity

DigiSign Verified - ed9a7935-8040-4c14-917f-86cb0f03106d

| JANUARY 2026 EDITION | RE-16 SELLER REPRESENTATION AGREEMENT | Page 3 of 6 |
|---|---|---|

**PROPERTY ADDRESS:** 417 Silica Lane, Oldtown, ID 83822

**12. TITLE AND EXISTING ENCUMBRANCES.** Title to the Property is to be conveyed by Warranty Deed unless otherwise provided herein, and is to be marketable and insurable except for rights reserved in federal patents, federal, state or railroad deeds, building or use restrictions, building and/or zoning regulations and ordinances of any governmental entity, and rights of way and easements established or of record. The individual executing this Agreement warrant and represents that said individual either owns the Property or has full power and right to enter into this Agreement and to sell and convey the Property on behalf of the SELLER and that to the best of said individual's knowledge the Property is in compliance with all applicable building and zoning regulations and with any applicable covenants and restrictions affecting the Property except:

_____
_____
_____

The SELLER agrees to provide good and marketable title to the Property at the time of closing. The Property is currently encumbered by the following liens: [X] None ☐ 1st Mortgage ☐ 2nd Mortgage ☐ Home Equity Loan ☐ Other _____

If encumbered, the loan payments are current ☐ yes ☐ no; If no, the Property ☐ is [X] is not currently under foreclosure proceedings. If Property is currently or becomes involved in foreclosure proceedings, Idaho law requires certain additional disclosures to be provided in a separate form and affixed to the Purchase and Sale Agreement. Foreclosure means that a trustee or beneficiary has filed a notice of default in the county where the Property identified in Section 2 is situated and in addition to any statements required by Idaho law, the notice also states that trustee or beneficiary has elected to sell the Property to satisfy the obligation.

SELLER is aware that some loans have a recapture provision or prepayment penalty and SELLER may be required to pay additional funds to satisfy such recapture or penalty.

**13. MULTIPLE LISTING SERVICE AUTHORIZATION.** (Name of MLS) Selkirk and Coeur D Alene

_____/_____  By initialing this line, it is understood that Broker is a member of the above MLS. SELLER authorizes and directs Broker
(Initial)  to submit a Property Data Sheet and any authorized changes to MLS as required in the Rules and Regulations of the above MLS. SELLER understands and agrees that any MLS information regarding the above Property will be made available to Buyer's Agents and/or Dual Agents. SELLER acknowledges that pursuant to Idaho Code §54-2083(6)(d), a "sold" price of real property is not confidential client information.

**14. LOCKBOX AUTHORIZATION.**

_____/_____  By initialing this line, SELLER directs that a lockbox containing a key which gives MLS Keyholders access to the Property
(Initial)  shall be placed on any building located on the Property. SELLER authorizes MLS Keyholders to enter said Property to inspect or show the same. SELLER agrees to hold Broker harmless from any liability or loss.

**15. AVM AND BLOGGING AUTHORIZATION.**
SELLER [X] does ☐ does not agree to allow for Automated Valuation Model (AVM).
SELLER [X] does ☐ does not agree to allow blogging and or consumer comments.

**16. ADVERTISING AUTHORIZATION.**
SELLER [X] does ☐ does not agree to allow listing documents and information to be displayed on the Internet.
SELLER [X] does ☐ does not agree to allow address to be displayed on Internet.
SELLER [X] does ☐ does not agree to allow Broker to advertise said Property in print media.
SELLER [X] does ☐ does not agree to allow Broker to advertise said Property in other advertising media.
SELLER [X] does ☐ does not agree to allow Broker to place the Broker's sign on Property.
SELLER [X] does ☐ does not agree to allow Broker or a third party to take photography/video of the Property for advertisement purposes, including utilizing an unmanned aircraft system (drone).

**17. SELLER'S PROPERTY DISCLOSURE FORM.** If required by Title 55, Chapter 25 Idaho Code, SELLER shall within ten (10) calendar days after execution of a Purchase and Sale Agreement provide to Buyer "Seller's Property Disclosure Form" and Buyer shall have three (3) business days from receipt of the disclosure report to rescind the offer in a written signed and dated document delivered to the SELLER or the SELLER'S Agents. Buyer rescission must be based on a specific written objection to a disclosure made in the Seller's Property Disclosure Form.

**18. LEAD BASED PAINT DISCLOSURE.** SELLER has been advised of disclosure obligations regarding lead-based paint and lead-based paint hazards in the event Property is a defined "Target Housing" under Federal Regulations. The term lead-based paint hazard is intended to identify lead-based paint and all residential lead-containing dusts and soils **regardless of the source of lead.**

Said Property ☐ is [X] is not "Target Housing". If yes, SELLER agrees to sign and complete the Information Disclosure and Acknowledgment Form provided and deliver to my agent all records, test reports or other information related to the presence of lead-based paint or lead-based paint hazards, if any. Additionally, if any structure was built before 1978 and is a residential home, apartment or child-occupied facility such as a school or day-care center, federal law requires contractors that disturb lead-based paint in that structure to provide the owner with a "Renovate Right" pamphlet. The contractor shall be certified and follow specific work practices to prevent lead contamination

SELLER'S Initials (_____) (_____) Date: 3/16/26

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

| JANUARY 2026 EDITION | RE-16 SELLER REPRESENTATION AGREEMENT | Page 3 of 6 |
|---|---|---|

Serial#: 036741-100177-3415927
Prepared by: Karen Battenschlag | Tomlinson SIR | karen.battenschlag@tomlinsonsir.com | 2082635101

Form Simplicity

DigiSign Verified - ed9a7935-8040-4c14-917f-86cb0f03106d

JANUARY 2026 EDITION                    RE-16 SELLER REPRESENTATION AGREEMENT                    Page 4 of 6

PROPERTY ADDRESS: 417 Silica Lane, Oldtown, ID 83822

**19. TRANSACTION RELATED SERVICES DISCLAIMER:** SELLER understands that Broker is qualified to advise SELLER on general matters concerning real estate, but may not offer legal or accounting advice and is not an expert in matters of law, tax, financing, surveying, structural conditions, property inspections, water rights, mineral rights, hazardous materials, or engineering. SELLER acknowledges that Broker advises SELLER to seek expert assistance for advice on such matters. The Broker or Broker's agents may identify individuals or entities who provide services including but not limited to the following; home inspections, appraisals, environmental assessment inspection, code compliance inspection, title insurance, closing and escrow services, loans and refinancing services, construction and repair services, legal and accounting services, and/or surveys. SELLER understands that the identification of these service providers is solely for SELLER'S convenience and that the Broker and their agents are **not guaranteeing or assuring** that the service provider will perform its duties in accordance with SELLER'S expectations or any particular standard. Through identification, Broker makes no express or implied representation as to a service provider's experience or license, registration, insurance or bonding status. SELLER has the right to make arrangements with any individual or entity SELLER chooses to provide any services. In the event that Broker identifies or recommends any particular service provider, SELLER, by using said service provider, thereby releases and holds harmless the Broker and Broker's agents from any claims by SELLER that the service provider breached was negligent, misrepresented information, caused damage or injury, or otherwise failed to perform in accordance with SELLER'S expectations or any particular standard. In the event SELLER requests Broker or Broker's agent to pay for any products or services from third parties, SELLER agrees to reimburse Broker or Broker's agent upon demand regardless of closing.

**20. CONSENT TO LIMITED DUAL REPRESENTATION AND ASSIGNED AGENCY:** The undersigned SELLER has received, read and understand the Agency Disclosure Brochure prepared by the Idaho Real Estate Commission. The undersigned SELLER understands that the brokerage involved in this transaction may be providing agency representation to both SELLER and Buyer. The undersigned SELLER each understands that, as an agent for both SELLER/client and Buyer/client, a brokerage will be a limited dual agent of each client and cannot advocate on behalf of one client over another, and cannot legally disclose to either client certain confidential client information concerning price negotiations, terms or factors motivating Buyer/client to buy or SELLER/client to sell without specific written permission of the client to whom the information pertains. The specific duties, obligations and limitations of a limited dual agent are contained in the Agency Disclosure Brochure as required by Section 54-2085, Idaho Code. The undersigned SELLER understands that a limited dual agent does not have a duty of undivided loyalty to either client.
The undersigned SELLER further acknowledge that, to the extent the brokerage firm offers assigned agency as a type of agency representation, individual sales associates may be assigned to represent each client to act solely on behalf of the client consistent with applicable duties set forth in Section 54-2087, Idaho Code. In an assigned agency situation, the designated broker (the broker who supervises the sales associates) will remain a limited dual agent of the client and shall have the duty to supervise the assigned agents in the fulfillment of their duties to their respective clients, to refrain from advocating on behalf of any one client over another, and to refrain from disclosing or using, without permission, confidential information of any other client with whom the brokerage has an agency relationship.

**21. SELLER NOTIFICATION AND CONSENT TO RELEASE FROM CONFLICTING AGENCY DUTIES:** SELLER acknowledges that Broker as named above has disclosed the fact that at times Broker acts as agent(s) for other Buyers and for SELLERS in the sale of the Property. SELLER has been advised and understands that it may create a conflict of interest for Broker to introduce Buyers to SELLER Client's Property because Broker could not satisfy all of its Client duties to both Buyer Client and SELLER Client in connection with such a showing or any transaction which resulted. **Based on the understandings acknowledged, SELLER makes the following election:** (Make one selection only)

_____ / _____
Initials
**Limited Dual Agency
and/or
Assigned Agency**

**OR**

_____ / _____
Initials
**Single Agency**

SELLER does want Broker to introduce any interested Client of Broker to Client SELLER'S Property and hereby agrees to relieve Broker of conflicting agency duties, ~~including the duty to disclose confidential information known to the Broker at that time and the duty of loyalty to either party~~. Relieved of all conflicting agency duties, Broker will act in an unbiased manner to assist the SELLER and Buyer in the introduction of Buyers to such SELLER Client's Property and in the preparation of any contract of sale which may result. SELLER authorizes Broker to act in a limited dual agency capacity. Further, SELLER agrees that Broker may offer, but is not obligated to offer, assigned agency representation, and if offered by the Broker, SELLER authorizes Broker to act in such capacity.

*See section 39, infra. Moreover, notwithstanding the foregoing, Broker agrees to not act in any manner adverse to Seller in connection with the sale of the Property*

SELLER does not want Broker to introduce interested Buyer Clients to Client SELLER'S Property and hereby releases Broker from any responsibility or duty under the agency agreement to do so. Broker shall be under no obligation or duty to introduce the Buyer to any Client SELLER'S Property.

**22. OTHER POTENTIAL SELLERS AND BUYERS:** SELLER understands that potential buyers may consider, make offers on, or purchase through Broker, the same or similar properties as SELLER is seeking to sell. SELLER also understands that other potential sellers may be represented and thus receive offers on, or sell through Broker, the same or similar properties as SELLER is seeking to sell. SELLER consents to Broker's representation of potential buyers and other sellers before, during, and after the expiration of this Agreement and further releases Broker of any conflicting Agency duties that may arise through said representation.

**23. INFORMATION WARRANTY.** SELLER warrants that all information provided by SELLER herein and hereafter will be true and correct. Unless specifically stated in writing, SELLER grants Broker the right to share with prospective BUYERS any documents provided to Broker and agrees said documents are not confidential, SELLER further and specifically affirms SELLER is authorized to share tenant information with Broker and authorizes Broker to share the same with prospective BUYERS.

**24. DEPOSIT.** Brokers are authorized to receive a deposit from any prospective purchaser who offers to purchase or exchange the Property and shall notify SELLER of the receipt of any such deposit. Acceptance of such deposit by a Broker shall not constitute SELLER'S acceptance of any such offer.

SELLER'S Initials ( _____ )( _____ ) Date: __3/16/26__

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

JANUARY 2026 EDITION                    RE-16 SELLER REPRESENTATION AGREEMENT                    Page 4 of 6

Serial#: 036741-100177-3415927
Prepared by: Karen Battenschlag | Tomlinson SIR | karen.battenschlag@tomlinsonsir.com | 2082635101


Form Simplicity

DigiSign Verified - ed9a7935-8040-4c14-917f-86cb0f03106d

JANUARY 2026 EDITION      RE-16 SELLER REPRESENTATION AGREEMENT      Page 5 of 6

**PROPERTY ADDRESS:** 417 Silica Lane, Oldtown, ID 83822

**25. COST REIMBURSEMENT:** If BUYER defaults in the performance of any purchase and sale agreement procured under this Agreement, and SELLER becomes entitled to Earnest Money, the holder of the Earnest Money shall pay out of the Earnest Money the costs incurred by SELLER'S Broker related to the transaction, including, without limitation, title insurance, escrow fees, appraisal, credit report fees, inspection fees and attorney fees. If SELLER elects to accept the Earnest Money as liquidated damages, the holder of the Earnest Money shall first pay from the Earnest Money the aforementioned costs incurred by SELLER'S Broker, and then pay any balance of the Earnest Money, one-half to SELLER and one-half to SELLER'S Broker, provided the amount to be paid to SELLER'S Broker shall not exceed the Broker's agreed-to commission. In the event SELLER defaults under any purchase and sale agreement procured under this Agreement, SELLER shall be liable to Broker for any costs incurred by SELLER's Broker related to this Agreement.

**26. EARNEST MONEY DISPUTE / INTERPLEADER:** Notwithstanding any termination or breach of this Agreement, SELLER agrees that in the event of any controversy regarding the Earnest Money and/or items of value held by Broker or closing agency, Broker may reasonably rely on the terms of this Agreement or other written documents signed by both parties to determine how to disburse the disputed money. However, Broker or closing agency shall not be required to take any action but may await any proceeding, or at Broker's or closing agency's option and sole discretion, may interplead all parties and deposit any moneys or things of value into a court of competent jurisdiction and shall recover all costs which were incurred as a result of the dispute including, but not limited to, reasonable attorney's fees. If either parties' Broker incurs attorney's fees as a result of any Earnest Money dispute, whether or not formal legal action is taken, said Broker is entitled to recover actual fees incurred from either BUYER or SELLER.

**27. GENERAL PROVISIONS.** In the event either party shall initiate any suit or action or appeal on any matter relating to this Agreement the defaulting party shall pay the prevailing party all damages and expenses resulting from the default, including all reasonable attorneys' fees and all court costs, including fees and cost upon appeal, and other expenses incurred by the prevailing party. This Agreement is made in accordance with and shall be interpreted and governed by the laws of the State of Idaho. All rights and obligations of the parties hereunder shall be binding upon and inure to the benefit of their heirs, personal representatives, successors and assigns.

**28. WIRE TRANSFER WARNING:** Electronic means of transferring money (i.e. ETF, wire transfer, electronic check, direct deposit, etc...) are subject to sophisticated cyber fraud attacks. These attacks are even more prevalent in real estate transactions due to the large sums of money being exchanged. SELLER is advised that Brokerage will not provide electronic transfer instructions by e-mail. Following money transfer instructions contained in an email from any party is inherently dangerous and should be avoided. SELLER agree that if SELLER use, or authorize the use of, electronic transfer of funds in a transaction they hereby hold the Brokerages, their agents, and the designated title and escrow company harmless from any and all claims arising out of inaccurate transfer instructions, fraudulent interception of said funds and/or any other damage relating to the conduct of third parties influencing the transfer process or stealing funds.

**29. NON-DISCRIMINATION.** SELLER and Broker acknowledge that it is illegal to discriminate in the showing, sale or leasing of the Property on the basis of race, religion, color, sex, marital status, national origin, familial, or handicapped status of such person.

**30. SINGULAR AND PLURAL** terms each include the other, when appropriate.

**31. TRANSMISSION OF DOCUMENTS.** Facsimile or electronic transmission of any signed original document and retransmission of any signed facsimile or electronic transmission shall be the same as delivery of an original. At the request of either the BUYER or SELLER, or the lender, or the Closing Agency, the BUYER and SELLER will confirm facsimile or electronic transmitted signatures by signing an original document.

**32. AUTHORITY OF SIGNATORY:** If SELLER is a corporation, partnership, trust, estate, or other entity, the person executing this agreement on its behalf warrants his or her authority to do so and to bind SELLER.

**33. MERGER AND TIME: TIME IS OF THE ESSENCE IN THIS AGREEMENT** The terms hereof, and any addendums or exhibits constitute the entire agreement and supersede all prior agreements, negotiations and discussions between parties. This agreement may be modified only by a written agreement signed by each of the parties.

**34. SEVERABILITY:** In the case that any one or more of the provisions contained in this Agreement, or any application thereof, shall be invalid, illegal or unenforceable in any respect, the validity, legality or enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

**35. BROKERS ARE REQUIRED TO PRESENT ALL WRITTEN OFFERS UP UNTIL THE TIME OF CLOSING (per Idaho Code §54-2051).**

**36. COMMUNICATION: Failure of SELLER to reasonably maintain communication with BROKER is a breach of this agreement.**

**37. FORCE MAJEURE:** Neither party shall be liable to the other or deemed in default under this agreement if and to the extent that such party's timely performance of this agreement is prevented by reason of a Force Majeure Event. "Force Majeure Event" means an occurrence that is beyond the control of the party affected and could not have been avoided or overcome by exercising reasonableness or diligence. Force Majeure Events include, but are not limited to, acts of God, war, riots, strikes, fire, floods, epidemics, or other similar occurrences.

**38. ACCESS.** SELLER acknowledges that by entering into this contract SELLER is requesting Broker to allow prospective buyers, their associates and agents access to the Property and that it is impossible for Broker to screen and/or monitor all such individuals. Therefore, SELLER shall hold Broker harmless from all liability resulting from said access, including but not limited to, liability arising from exposure to disease-causing organisms and objects such as viruses and bacteria.

SELLER'S Initials (_____) (_____) Date: 3/14/26 _____

This form is printed and distributed by the Idaho Association of REALTORS', Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS'. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS', Inc. All rights reserved.

JANUARY 2026 EDITION      RE-16 SELLER REPRESENTATION AGREEMENT      Page 5 of 6

Serial#: 036741-100177-3415927
Prepared by: Karen Battenschlag I Tomlinson SIR I karen.battenschlag@tomlinsonsir.com I 2082635101

Form
Simplicity

DigiSign Verified - ed9a7935-8040-4c14-917f-86cb0f03106d

JANUARY 2026 EDITION           RE-16 SELLER REPRESENTATION AGREEMENT           Page 6 of 6

PROPERTY ADDRESS: 417 Silica Lane, Oldtown, ID 83822

**39. OTHER TERMS AND CONDITIONS:** Properties to be entered into the MLS when photos and public remarks are completed and meet sellers approval.  Seller's agent will not represent the seller as a limited dual agent without assigns.   Buyers/ clients represented by Tomlinson Sotheby's International Realty, will have their own assigned agent, as their private representative.

CONTRACTOR REGISTRATION # (if applicable) _____

| | | | |
|---|---|---|---|
| | 3/11/26 | *Karen Battenschlag* | 03/16/2026, 09:05:32 AM PDT |
| SELLER Signature | Date | Agent or Broker (on behalf of Brokerage) Signature | Date |

(208) 539-7980 dgottheb@dkgalk.com    503 Cedar St  Sandpoint ID 83864

| | | | |
|---|---|---|---|
| Phone | Email | Brokerage Address | |
| | | 2082635101 | rob.orth@nwreb.com |
| SELLER Signature | Date | Brokerage Phone | Email |
| | | 2086104299 | karen.battenschlag@tomlinsonsir.co |
| Phone | Email | Agent Phone | Email |

Address _____

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

JANUARY 2026 EDITION           RE-16 SELLER REPRESENTATION AGREEMENT           Page 6 of 6

Serial#: 036741-100177-3415927
Prepared by: Karen Battenschlag I Tomlinson SIR I karen.battenschlag@tomlinsonsir.com I 2082635101

Form
Simplicity

DigiSign Verified - a77a535c-85c5-4a31-8a6e-38f29720402b

#19514

When recorded send to:

Cooke & Lamanna
Post Office Box 789
Priest River, Idaho 83856

SANDPOINT TITLE INSURANCE

...3 JUL 12 P 2:49

...RECORDER

...PUTY

## Exhibit A Full Legal

525592        **WARRANTY DEED**

KNOW ALL MEN BY THESE PRESENTS:

THAT GRANTOR, **CLAUDE L. LEHNERTZ**, a single man, of Post Office Box 1063, Priest River, Idaho 83856, does hereby grant, bargain, sell and convey unto **CHRISTINE THRUN**, a single person, and **ERIC CUNNINGHAM**, a single person, as tenants in common, of 1908 Derringer Lane, Diamond Bar, California 91765, the Grantees, the following described real property in Bonner County, State of Idaho, to wit:

> That portion of the South Half of Section 1, Township 56 North, Range 6 West, Boise Meridian, Bonner County, Idaho, lying South of the thread of Freeman Creek and East of the Shoreline of Freeman Lake;
>
> AND
>
> The East Half of the Northwest Quarter of the Northeast Quarter, and the Southwest Quarter of the Northeast Quarter of Section 12, Township 56 North, Range 6 West, Boise Meridian, Bonner County, Idaho.
>
> SUBJECT TO easements, conditions, restrictions, reservations, covenants and rights of way of record.

WARRANTY DEED
        PAGE 1

DigiSign Verified - a77a535c-85c5-4a31-8a6e-38f29720402b

525592

ALSO SUBJECT TO that certain Deed of Trust dated July 24, 1991, recorded July 29, 1991 as Instrument No. 392942, records of Bonner County, Idaho, which said Deed of Trust, the Grantor herein agrees to pay and retire according to the tenor thereof, and hold the Grantees herein harmless therefrom.

TOGETHER WITH all and singular, the tenements, hereditaments, and appurtenances thereto belonging or in anywise appertaining;

AND, the above named Grantor hereby covenants that the above described premises are free from encumbrances and that he and his heirs, executors and administrators shall warrant and defend the above premises against all lawful claims and demands except current taxes, easements, restrictions, reservations, covenants and rights of way of record and of view.

DATED this 10th day of June, 1998.

_____
Claude L. Lehnertz

STATE OF IDAHO,    )
                   :ss
County of Bonner,  )

On this 10th day of June, 1998, before me, the undersigned, a Notary Public in and for the State of Idaho, personally appeared Claude L. Lehnertz, known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same.
IN WITNESS WHEREOF, I have hereunto set my hand and seal the day and year first above written.

_____
Notary Public - State of Idaho
Residing at Priest River therein.
My commission expires: 5/12/99.

WARRANTY DEED
PAGE 2

DigiSign Verified - a77a535c-85c5-4a31-8a6e-38f29720402b

## Exhibit A Full Legal Description

MH56N06W120600A
12-56N-6W SWNE & E2NWNE 1990 FLEETWOOD 10 X 52
Manufactured home

RP56N06W120600A
12-56N-6W SWNE & E2NWNE 1990 FLEETWOOD 10 X 52 MH
60 acres + Garage and ADU, and outbuildings

RP56N06W019050A
1-56N-6W S2 OF SEC S OF THREAD OF FREEMAN CREEK & E OF
SHORELINE OF FREEMAN LAKE
31 acres of vacant land

DigiSign Verified - a77a535c-85c5-4a31-8a6e-38f29720402b

 

## Tomlinson | Sotheby's
### INTERNATIONAL REALTY

## DISCLOSURE OF SELLER-PAID CONCESSIONS
### (Idaho)

---

**NOTE FOR BUYER BROKERS AND AGENTS:**

Though Idaho REALTORS® has made several forms available for its members' use with regard to Offers of Compensation for Buyer Brokers/Agents (namely, the RE-16B and RE-16C), it is the position of Tomlinson Sotheby's International Realty that such forms may not be appropriate for the fullest protection of its clients, customers, and agents.

Alternatively, this DISCLOSURE OF SELLER-PAID CONCESSIONS is being provided to Buyer Brokers/Agents upon request in order to signal and communicate our Seller client's willingness to include these Seller-Paid Concessions with an acceptable offer from a Buyer. **Any Seller-Paid Concessions indicated herein are subject to being incorporated within a Purchase and Sale Agreement between Buyer and Seller.**

---

The following disclosure pertains to the listing agreement dated _____March 3, 2026_____ between _____Karen Battenschlag_____ (Listing Agent), Tomlinson Sotheby's International Realty(Broker), and _____David K. Gottlieb, Chapter 7 Trustee_____ (Seller), pertaining to the real property located at _____417 Silica Lane, Oldtown, ID 83822_____ (Property).

For purposes of this disclosure form, Concession(s) shall mean a credit paid by Seller to a Buyer in a Purchase and Sale Agreement. Concessions may include but are not limited to repairs, upgrades to the property, buyer's closing costs, and/or buyer brokerage firm compensation. The actual amount of Seller-Paid Concessions is subject to negotiation between a Buyer and Seller, and must be agreed to in writing in a Purchase and Sale Agreement. In the event of a discrepancy between the amount of Concessions stated on this form and the Purchase and Sale Agreement, the terms in the Purchase and Sale Agreement shall control. **Broker commissions and Seller-Paid Concessions are not set by law and are fully negotiable.**

*(Seller to initial choice(s) below.)*

_____ **1. No intent to offer or pay concessions**. If initialed here, Seller does NOT authorize Broker and Listing Agent to indicate any willingness to offer or pay for concessions to prospective buyers and buyer brokers. Seller acknowledges prospective buyers may still submit offers to purchase the Property that include a request for Seller-Paid Concessions.

_____ **2. Authorization to disclose.** If initialed here, Seller authorizes Broker and Listing Agent to indicate an interest in and willingness to offer Seller-Paid Concessions to prospective buyers.

_____ **a. No specific amount to disclose.** Seller authorizes Broker and Listing Agent to disclose only Seller's invitation to include Seller-Paid Concessions in a buyer's offer with no specific amount denoted.

_____ **b. Specific amount to disclose.** Seller authorizes Broker and Listing Agent to disclose Seller's intent to pay up to ☐ _____% or ☐ $_____ in Seller-Paid Concessions to prospective buyers.

_____ **3. Communication and advertising.** If agreed in section 2, Seller authorizes Broker and Listing Agent to disclose Concessionsto prospective buyers and/or buyer's agentsas follows:
_____ a. Conversational messaging (e.g. phone, text, conversational email).
_____ b. Printed materials (e.g. fliers, brochures, pamphlets).
_____ c. Signage (e.g. sign, sign rider)
_____ d. Digital advertising and marketing (e.g. Firm website, agent website, social media, email marketing)
_____ e. Other _____

_____   3/10/26
Seller                                       Date

_____   _____
Seller                                       Date

ID Version - Rev. 08/02/2024

Serial#: 057296-300177-2577785
Prepared by: Karen Battenschlag  I  Tomlinson SIR  I  karen.battenschlag@tomlinsonsir.com  I  2082635101

Form Simplicity

DigiSign Verified - a77a535c-85c5-4a31-8a6e-38f29720402b



JANUARY 2026
EDITION

**RE-25A SELLER'S PROPERTY CONDITION
DISCLOSURE FORM FOR EXEMPT PROPERTY ONLY**

Seller's Name(s): **David K. Gottlieb, Chapter 7 Trustee** _____   Date: _____

**Property Address:** 417 Silica Lane, Oldtown, ID 83822 _____

Section 55-2501, et seq., Idaho Code, requires **SELLERS** of residential real property to complete a property condition disclosure form and deliver a signed and dated copy of the completed disclosure form to each prospective transferee or his agent within ten (10) calendar days of transferor's acceptance of transferee's offer. "Residential Real Property" means real property that is improved by a building or other structure that has one (1) to four (4) dwelling units or an individually owned unit in a structure of any size. This also applies to real property which has a combined residential and commercial use.

---

*The referenced property herein is exempt from the code because of Section 55-2505 for any of the following reasons:*

☒ A transfer pursuant to court order including, but not limited to a transfer ordered by a probate court during the administration of the decedent's estate, a transfer pursuant to a writ of execution, a transfer by a trustee in bankruptcy, a transfer as a result of the exercise of the power of eminent domain, and a transfer that results from a decree for a specific performance of a contract or other agreement between persons:

☐ A transfer to a mortgagee by a mortgagor by deed in lieu of foreclosure or in satisfaction of the mortgage debt:

☐ A transfer to a beneficiary of a deed of trust by trust or in default:

☐ A transfer by a foreclosure sale that follows a default in the satisfaction of an obligation secured by a mortgage:

☐ A transfer by a sale under a power of sale following a default in the satisfaction of an obligation that is secured by a deed of trust or another instrument containing a power of sale occurring within one (1) year of foreclosure on the default:

☐ A transfer by a mortgagee, or beneficiary under a deed of trust, who has acquired the residential real property at a sale conducted pursuant to a power of sale under a mortgage or deed of trust or who has acquired the residential real property by a deed in lieu of foreclosure:

☐ A transfer by a fiduciary in the course of the administration of a decedent's estate, a guardianship, a conservatorship or a trust:

☐ A transfer from one (1) co-owner to one (1) or more other co-owners:

☐ A transfer made to the transferor's spouse or to one (1) or more persons in the lineal line of consanguinity of one (1) or more of the transferors:

☐ A transfer between spouses or former spouses as a result of a decree of divorce, dissolution of marriage, annulment or legal separation or as a result of a property settlement agreement incidental to a decree of divorce, dissolution of marriage, annulment or legal separation.

☐ A transfer to or from the state, a political subdivision of the state, or another governmental entity:

☐ A transfer to a transferee who has occupied the property as a personal residence for one (1) or more years immediately prior to the transfer:

☐ A transfer from a transferor who has both not occupied the property as a personal residence within one (1) year immediately prior to the transfer and has acquired the property through inheritance or devise:

☐ A transfer by a relocation company to a transferee within one (1) year from the date that the previous owner occupied the property:

☐ A transfer from a decedent's estate:

**Seller certifies that he/she is exempt from the Seller's disclosure by checking the applicable box above and signing this form on the line(s) below.**

_____   3/10/26   _____
**SELLER**                DATE      **BUYER**                DATE

_____   _____   _____
**SELLER**                DATE      **BUYER**                DATE

This form is printed and distributed by the Idaho Association of REALTORS®, Inc. This form has been designed and is provided for use by the real estate professionals who are members of the Idaho Association of REALTORS®. USE BY ANY OTHER PERSON IS PROHIBITED. ©Copyright Idaho Association of REALTORS®, Inc. All rights reserved.

JANUARY 2026 EDITION     RE-25A EXEMPTION- SELLER'S PROPERTY CONDITION DISCLOSURE FORM     Page 1 of 1

Serial#: 009810-500177-1977653
Prepared by: Karen Battenschlag I Tomlinson SIR I karen.battenschlag@tomlinsonsir.com I 2082635101

Form Simplicity

DigiSign Verified - a77a535c-85c5-4a31-8a6e-38f29720402b

## ADDENDUM TO EXCLUSIVE RIGHT TO REPRESENT

David K. Gottlieb, solely in the capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Eric Scott Cunningham ("Debtor") in the Debtor's bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division as Case No. 8:21-bk-12194-SC, agrees to grant Tomlinson Sotheby's International Realty ("Broker") the exclusive right to negotiate a sale of the real property commonly described as 417 Silica Lane, Oldtown, Idaho  83822 ("Property") upon the terms and conditions of the RE-16 Seller Representation Agreement ("Exclusive Right to Represent"), as amended by the following terms and conditions:

1. Addendum. This Addendum applies to the Exclusive Right to Represent. Notwithstanding any contrary terms and conditions in the Exclusive Right to Represent, this Addendum shall apply.

2. No Liability.  The Trustee is listing the Property for sale with the Broker in the capacity as Trustee and not in the Trustee's personal capacity, and no liability or obligations shall accrue to the Trustee personally as a result of such listing.

3. Termination. The Trustee may terminate the Exclusive Right to Represent at the Trustee's option and upon written notice to the Broker at any time, and no liability or obligations shall accrue to the estate or to the Trustee, either personally or in the capacity as Trustee, as a result of any such termination.

4. Abandonment. The Trustee reserves the right, in the Trustee's sole discretion, to determine not to sell the Property and to abandon the Property by serving a notice of the Trustee's intention to abandon the Property upon the Debtor, the Debtor's counsel, the United States Trustee, all creditors, and all parties in interest. In the event of any such abandonment, the Exclusive Right to Represent and this Addendum shall terminate and no liability or obligations shall accrue to the estate or to the Trustee, either personally or the capacity as Trustee, as a result of any such abandonment and termination.

5. Conditions of Sale. The Broker agrees and understands that any sale of the Property shall be subject to the following terms and conditions:

   a. The Trustee is selling the Property in the capacity as the Trustee and not in the Trustee's personal capacity, and no liability or obligations shall accrue to the Trustee personally as a result of any sale.

KB



DigiSign Verified - a77a535c-85c5-4a31-8a6e-38f29720402b

b. If for any reason, or no reason whatsoever, the Trustee is unable to deliver possession or title to the Property to any potential purchaser, the purchaser's sole remedy shall be the return of any money that the purchaser has deposited towards the purchase of the Property.

c. The Trustee is selling the Property in an "AS IS" condition or basis by quitclaim deed without any representations or warranties whatsoever, including without limitation representations or warranties as to title, oil and mineral rights, city or government agency notifications regarding work to be done, marketability of title, ownership, physical condition, compliance with state, city or federal statutes, codes, ordinances, or regulations, geological stability, zoning, suitability for improvement, and fire insurance policies to cover any improvements on the Property, nor any assurances regarding the subdividability of the Property.

d. The sale of the Property is subject to Bankruptcy Court approval after notice to the Debtor, the Debtor's counsel, the United States Trustee, all creditors, and all parties in interest as required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules.

e. The sale is subject to overbids.

f. The purchaser shall, at the purchaser's expense, acquire any and all insurance policies that purchaser desires to cover the Property. The Trustee does agree to acquire or transfer any insurance policies to purchaser.

g. The purchaser is to arrange for all financing of the acquisition of the Property before the close of escrow.

h. All escrow fees shall be shared and paid on a 50/50 basis by the Trustee and the purchaser.

i. The purchaser shall, at the purchaser's sole expense, install all smoke detectors, if any, as may be required by state or local law. The Trustee is not required to deliver to the purchaser a written statement of compliance with any applicable state and local law.

j. The purchaser shall, at purchaser's sole expense, obtain any and all pest control inspection repairs that purchaser deems appropriate.

*KB*



DigiSign Verified - a77a535c-85c5-4a31-8a6e-38f29720402b

k.  If any local ordinance requires that the Property be brought into compliance with minimum energy conservation standards as a condition of sale or transfer, the purchaser shall comply with and pay for these requirements at purchaser's sole expense.

l.  Any sale is subject to the following conditions being satisfied before the close of escrow:

(1) The Trustee must prevail with respect to any objections to the proposed sale; and

(2) The Trustee reserves the right to reject any and all offers which in his/her judgment are insufficient.

m.  The Property is being sold subject to:

(1) All general and special taxes that are presently due, or may become due, regarding the Property, other than property taxes, which shall be prorated as of the close of escrow; and

(2) Any and all easements, restrictions, rights and conditions of record and rights of way, against, on or regarding the Property. Title, however, is to be transferred free of secured claims of record.

6.  Payment of Commission. The commission to be paid to the Broker shall only be paid from the proceeds of the sale of the Property. The payment of the commission is subject to prior approval of the Bankruptcy Court.

7.  Reduction of Listing Price and Extension of Term of Listing Agreement. The Trustee may, in the Trustee's sole discretion and business judgment and without further Court order, modify the Exclusive Right to Represent by reducing the listing price and/or extending the term of the Exclusive Right to Represent.

8.  Entire Agreement. This Addendum and the Exclusive Right to Represent, to the. extent that such Exclusive Right to Represent is not contrary to the terms and conditions herein, constitute the. entire contract between the parties. All prior agreements between the parties are incorporated into this agreement. Its terms are intended by the parties as a final. expression of their agreement with respect to such terms as are included herein, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. The parties further intend that this Addendum·and the Exclusive Right to

*KB*



DigiSign Verified - a77a535c-85c5-4a31-8a6e-38f29720402b

Represent constitute the complete, final and exclusive statement of the terms of the agreement and that no extrinsic evidence whatsoever may be introduced in any judicial or arbitration. proceeding, if any, involving this Addendum and the Exclusive Right to Represent.

9.  Bankruptcy Court Jurisdiction. The Bankruptcy Court, sitting without a jury which is expressly waived, shall have exclusive jurisdiction to resolve any and all disputes relating to this Addendum and the Exclusive Right to Represent. This Addendum and the Exclusive Right to Represent and any disputes related thereto shall be governed by California law.

*KB*



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY TOMLINSON SOTHEBY'S INTERNATIONAL REALTY AS REAL ESTATE BROKER AND TO ENTER INTO EXCLUSIVE LISTING AGREEMENT; DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 16, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jasleen D Ahuja    KAHUJA@SELLARLAW.COM, jtrost@g10law.com;gschneider@g10law.com
- Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Ori S Blumenfeld    , liyah.lewis@offitkurman.com;ik-maurice.ibe@offitkurman.com
- Ori S Blumenfeld    ori.blumenfeld@offitkurman.com, liyah.lewis@offitkurman.com;ik-maurice.ibe@offitkurman.com
- Salvatore Bommarito    sbommarito@sb-legal.com, r40840@notify.bestcase.com
- Bert Briones    bb@redhilllawgroup.com, helpdesk@redhilllawgroup.com;RedHillLawGroup@jubileebk.net
- Casey Z Donoyan    casey.donoyan@offitkurman.com, smcfadden@lakklawyers.com;ncondren@lakklawyers.com
- Aaron B Fairchild    aaron@fairchildlevine.com, admin@morfairlaw.com
- Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- David Keith Gottlieb (TR)    dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com
- Steven N Kurtz    skurtz@lakklawyers.com, ncondren@lakklawyers.com;smcfadden@lakklawyers.com
- Nancy L Lee    bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
- Kurt Ramlo    RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
- Scott H Siegel    ssiegel@laklawyers.com, smcfadden@lakklawyers.com
- Martina A Slocomb    rockymountainlaw@yahoo.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- David Wood    dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **March 16, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Karen Battenschlag
503 Cedar Street
Sandpoint, ID 83864.

Eric Scott Cunningham
PO Box 1205
Newport, WA 99156

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 16, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

None.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 16, 2026 | D. Woo | /s/ D. Woo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

RON BENDER (SBN 143364)
CARMELA T. PAGAY (SBN 195603)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile:  (310) 229-1244
Email:  rb@lnbyg.com; ctp@lnbyg.com


Attorneys for David K. Gottlieb
Chapter 7 Trustee


# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| In re | Case No. 8:21-bk-12194-SC |
|---|---|
| ERIC SCOTT CUNNINGHAM, | Chapter 7 |
| Debtor. | **NOTICE OF FILING OF APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY TOMLINSON SOTHEBY'S INTERNATIONAL REALTY AS REAL ESTATE BROKER AND TO ENTER INTO EXCLUSIVE LISTING AGREEMENT** |
| | [No Hearing Required] |

**TO ALL INTERESTED PARTIES**:

**PLEASE TAKE NOTICE** that David K. Gottlieb, the chapter 7 trustee for the bankruptcy estate of Eric Scott Cunningham, the debtor herein (the "Debtor"), has filed an application for an order authorizing the Trustee to employ Tomlinson Sotheby's International Realty ("Broker") as the Trustee's real estate broker at the expense of the estate, and for authorization to enter into an Exclusive Right to Represent with Broker for approximately 10 months, commencing on March 3, 2026.

///

///

1

The Trustee requires the aid of a licensed real estate broker to market and sell the real property located at 417 Silica Lane, Oldtown, Idaho 83822 (the "Property").  The Property is co-owned by the Debtor and another non-debtor individual and a stipulation concerning the sale of the Property in its entirety pursuant to 11 U.S.C. § 363(h) is in process.

The Trustee believes it is appropriate to liquidate the Property pursuant to section 704(a)(1) of the Bankruptcy Code as the sale of the Property is anticipated to allow the Trustee to be able to make a distribution to allowed claims in this case.  In order to realize the value in the Property, the Trustee will require the aid of a licensed real estate broker to market and sell the Property effectively, provide assistance concerning the structure of any potential sale of the Property, and assist the Trustee in negotiating and documenting various transactions with regard to selling the Property.

The Trustee proposes to hire Broker, through its agent, Karen Battenschlag, as his real estate broker, for a period of approximately 10 months, commencing on March 3, 2026.

The Trustee has agreed to pay a three percent (3%) commission solely to Broker (the "Broker Commission") in connection with the listing and sale of the Property.  The Broker Commission is not subject to split with any purchaser's broker and any commission due to the purchasers' broker shall be the obligation of the purchaser and not the Trustee. Notwithstanding any of the foregoing, Broker will accept such compensation as the Court deems reasonable. Moreover, the Trustee may decide to pay a commission to a broker for any buyer of the Property, but no broker for a buyer will receive a commission that exceeds three percent (3%).

The Trustee is informed and believes that Broker does not represent any interest adverse to the Trustee, the Debtor, the creditors herein, or the estate, and that Broker is "disinterested persons" as such term is defined in 11 U.S.C. § 101(14).

Any person who wishes to receive a copy of the Application can do so by contacting Carmela T. Pagay, Esq., at the address and telephone number listed in the upper left corner of the first page of this Notice.

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 2014-1(b)(3)(E) requires that any response and request for hearing, in the form required by Local Bankruptcy

2

Rule 9013-1(f)(1), be filed and served on the Trustee, his counsel, and the OUST not later than 14 days from the date of service of this Notice, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. Rule 5(b)(2)(D) or (F).

**PLEASE TAKE FURTHER NOTICE** that the failure to file a timely objection to the Application or request for a Bankruptcy Court hearing on the Application may be deemed by the Bankruptcy Court to constitute consent to Bankruptcy Court approval of the Application.

DATED: March 16, 2026              LEVENE, NEALE, BENDER, YOO &
                                   GOLUBCHIK L.L.P.

                              By: /s/ Carmela T. Pagay
                                   RON BENDER
                                   CARMELA T. PAGAY
                                   Attorneys for David K. Gottlieb
                                   Chapter 7 Trustee

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF FILING OF APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY TOMLINSON SOTHEBY'S INTERNATIONAL REALTY AS REAL ESTATE BROKER AND TO ENTER INTO EXCLUSIVE LISTING AGREEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 16, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jasleen D Ahuja    KAHUJA@SELLARLAW.COM, jtrost@g10law.com;gschneider@g10law.com
- Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Ori S Blumenfeld    , liyah.lewis@offitkurman.com;ik-maurice.ibe@offitkurman.com
- Ori S Blumenfeld    ori.blumenfeld@offitkurman.com, liyah.lewis@offitkurman.com;ik-maurice.ibe@offitkurman.com
- Salvatore Bommarito    sbommarito@sb-legal.com, r40840@notify.bestcase.com
- Bert Briones    bb@redhilllawgroup.com, helpdesk@redhilllawgroup.com;RedHillLawGroup@jubileebk.net
- Casey Z Donoyan    casey.donoyan@offitkurman.com, smcfadden@lakklawyers.com;ncondren@lakklawyers.com
- Aaron B Fairchild    aaron@fairchildlevine.com, admin@morfairlaw.com
- Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- David Keith Gottlieb (TR)    dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com
- Steven N Kurtz    skurtz@lakklawyers.com, ncondren@lakklawyers.com;smcfadden@lakklawyers.com
- Nancy L Lee    bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
- Kurt Ramlo    RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
- Scott H Siegel    ssiegel@laklawyers.com, smcfadden@laklawyers.com
- Martina A Slocomb    rockymountainlaw@yahoo.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- David Wood    dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **March 16, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Karen Battenschlag
503 Cedar Street
Sandpoint, ID 83864.

Eric Scott Cunningham
PO Box 1205
Newport, WA 99156

☒  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 16, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

None.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 16, 2026 | D. Woo | /s/ D. Woo |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-8
Case 8:21-bk-12194-SC
Central District of California
Santa Ana
Mon Mar 16 14:19:57 PDT 2026

Lavene Neale, Bender, Yoo & Golubchik, Jr LLP
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Metropolitan Life Insurance Company
c/o McCarthy & Holthus, LLP
2763 Camino Del Rio South, Suite 100
San Diego, CA 92108-3708

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

American Express
PO BOX 981535
El Paso, TX 79998-1535

American Express Centurion Bank
4315 South 2700 West
Mail Code 02-01-66
Salt Lake City, UT 84184-0001

American Express Company
c/o CT Corporation System
330 N Brand Blvd, Suite 700
Glendale, CA 91203-2336

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Bank of America
PO Box 982284
El Paso TX 79998-2284

Biz Fund
2371 McDonald
Brooklyn, NY 11223-4738

Bluevine
401 Warren St
Redwood City, CA 94063-1536

CCA Collections
2180 W. Grant Line Rd
Tracy, CA 95377-7342

(p)CARMAX AUTO FINANCE
225 CHASTAIN MEADOWS COURT SUITE 200
KENNESAW GA 30144-5938

Chase Bank USA N.A.
Bankruptcy Department
Po Box 15298
Wilmington, DE 19850-5298

Commercial Collections of America
2180 W. Grant Line Rd
Tracy, CA 95377-7343

County of Orange
c/o Treasurer-Tax Collector
P.O. Box 4515
Santa Ana CA 92702-4515

Credit Management Lp
6080 Tennyson Parkway
Plano, TX 75024-6002

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Fay Loan Servicing
PO Box 88009
Chicago, IL 60680-1009

(p)FAY SERVICING  LLC
P O BOX 814609
DALLAS TX 75381-4609

Fdcmgtinc
14241 Ne Woodinville-Duvall Rd
Woodinville, WA 98072-8564

Galuppo Law
7792 Gateway Road Suite 10
Carlsbad, CA 92009

Georgia Murphy
2792 Gateway Road
Carlsbad, CA 92009-1749

Georgia Murphy
Georgia Schneider, Esq. c/o G10 Law
2792 Gateway Road, Suite 102
Carlsbad, CA 92009-1749

IRS
1111 Main
ogden, UT 84405

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Kathleen Ann Cunningham
PO Box 1205
Newport, WA 99156-1205

La Plata Transitional Living LLC
22681 Oak Grove Unit 123
Aliso Viejo, CA 92656-6219

Malba Investments
620 Vallombrosa
Pasadena, CA 91107-5423

Morten & Fairchild, P.C.
19200 Von Karman Ave
Ste 880
Irvine, CA 92612-8524

(p)NOTE SERVICING CENTER
3275 E ROBERTSON BLVD STE B
CHOWCHILLA CA 93610-7405

PFM Loan Management Services, Inc.
5446 Thornwood Drive
2nd Floor
San Jose 95123-1224

Pre-Banc Business Credit, Inc.
18818 Teller Ave #101
Irvine, CA 92612-1623

Recovery Services Management LLC
1201 Puerta Del Sol
Suite 209
San Clemente, CA 92673-6310

Recovery Services Management LLC
1201 Puerta Del Sol Suite 222
San Clemente CA 92673-6310

Scion Capital Holdings, LLC
DIERRE L SIBLEY
1442 WILLOWBEND WAY
BEAUMONT, CA 92223-7193

Scion Capital Holdings, LLC
Daryl J. Rutherford
11362 Walnut
Redlands, CA 92374-7611

Scion Capital Holdings, LLC
c/o Agent, 1600 CNB Corp
1375 E 9TH ST, 20TH FL
Cleveland, Ohio 44114-1739

Scott H. Siegel
Levinson Arshonsky & Kurtz
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403-6620

Subaru Finance
PO Box 78232
Phoenix, AZ 85062-8232

Tanisha Mills, CPA
3160 Camino Del Rio S Ste 313
San Diego, CA 92108-3835

Tek Collect
Pob 1269
Columbus, OH 43216-1269

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Visa
PO BOX 84930
Sioux Falls, SD 57118-4930

WCH Law Group
625 The City Drive
Orange, CA 92868-4997

WCH Law Group, P.C.
William Hoggard
625 The City Dr S
Ste 200
Orange, CA 92868-4946

Bert Briones
Red Hill Law Group
15615 Alton Parkway
Suite 210
Irvine, CA 92618-7351

(p)DAVID KEITH GOTTLIEB  TR
ATTN D GOTTLIEB & ASSOCIATES LLC
21650 OXNARD STREET SUITE 500
WOODLAND HILLS CA 91367-4911

Eric Scott Cunningham
PO Box 1205
Newport, WA 99156-1205

Georgia Murphy
G10 Galuppo Law, APLC
2792 Gateway Rd., Suite 102
Carlsbad, CA 92009-1749

Martina A Slocomb
Martina Slocomb, ESQ.
7931 S Broadway
#282
Littleton, CO 80122-2710

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

CarMax Auto Finance
PO Box 3174
Milwaukee, WI 53201

(d)Carmax Auto Finance
225 Chastain Meadows Court
Kennesaw, GA 30144

Fay Servicing Llc
1601 Lbj Freeway
Farmers Branch, TX 75234

Note Servicing Center
3275 E Robertson Blvd # B
Chowchilla, CA 93610

David Keith Gottlieb (TR)
21650 W. Oxnard St. #500
Woodland Hills, CA 91367

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Berkshire Hathaway Home Services          (u)Courtesy NEF                    (u)Pre-Banc Business Credit, Inc.

(u)US Marshall Service                       (u)Christine Thrun                 End of Label Matrix
                                                                               Mailable recipients    50
                                                                               Bypassed recipients     5
                                                                               Total                  55

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A True And Correct Copy Of The Foregoing Document Entitled **Declaration That No Party Requested A Hearing On Motion Lbr 9013-1(O)(3)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 3, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jasleen D Ahuja    KAHUJA@SELLARLAW.COM, jtrost@g10law.com;gschneider@g10law.com
- Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Ori S Blumenfeld    ori.blumenfeld@offitkurman.com, liyah.lewis@offitkurman.com;ik-maurice.ibe@offitkurman.com
- Salvatore Bommarito    sbommarito@sb-legal.com, r40840@notify.bestcase.com
- Bert Briones    bb@redhilllawgroup.com, helpdesk@redhilllawgroup.com;RedHillLawGroup@jubileebk.net
- Casey Z Donoyan    casey.donoyan@offitkurman.com, smcfadden@lakklawyers.com;ncondren@lakklawyers.com
- Aaron B Fairchild    aaron@fairchildlevine.com, admin@morfairlaw.com
- Jeffrey I Golden    jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- David Keith Gottlieb (TR)    dkgtrustee@dkgallc.com, dgottlieb@iq7technology.com,rjohnson@dkgallc.com,akuras@dkgallc.com;ecf.alert+Gottlieb@titlexi.com
- Steven N Kurtz    skurtz@lakklawyers.com, ncondren@lakklawyers.com;smcfadden@lakklawyers.com
- Nancy L Lee    bknotice@mccarthyholthus.com, nlee@ecf.courtdrive.com
- Carmela Pagay    ctp@lnbyg.com
- Kurt Ramlo    RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
- Scott H Siegel    ssiegel@laklawyers.com, smcfadden@laklawyers.com
- Martina A Slocomb    rockymountainlaw@yahoo.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Jennifer C Wong    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- David Wood    dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

**2. SERVED BY UNITED STATES MAIL**: On **April 3, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐Service list attached

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 3, 2026**, I served the following persons and/or entities by personal delivery, overnight mail

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service list attached

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 3, 2026 | Vanina Ivanova | /s/ Vanina Ivanova |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**